1
2
3
4
5
6
7

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:     310.228.3701
jramsey@sheppardmullin.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC,
and FREEDOM DEBT RELIEF, LLC

8

9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

DANIEL BERMAN,

         Plaintiff,

    v.

FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
INC., and LEAD SCIENCE, LLC,

         Defendants.

17
18
19
20
21
22
23

FREEDOM FINANCIAL NETWORK,
LLC and FREEDOM DEBT RELIEF,
LLC,

         Third-Party Plaintiffs,

    v.

DOES 1 through 5,

         Third-Party Defendants.

Case No.: 4:18-CV-01060-DMR

*Hon. Donna M. Ryu*

**FREEDOM FINANCIAL NETWORK,
LLC'S AND FREEDOM DEBT RELIEF,
LLC'S ANSWER TO FIRST AMENDED
CLASS ACTION COMPLAINT,
AFFIRMATIVE DEFENSES, AND
THIRD-PARTY COMPLAINT**

24
25
26
27
28

Defendants Freedom Financial Network, LLC and Freedom Debt Relief, LLC (collectively "Freedom"), by and through their counsel, for their Answer to Plaintiff's First Amended Class Action Complaint (the "FAC"), state as follows:

## I.      INTRODUCTION

1.      Freedom denies the allegations contained in Paragraph 1 of the FAC.

## II.      PARTIES

2.      Freedom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the FAC, and on that basis denies the same.

3.      Freedom admits the allegations contained in Paragraph 3 of the FAC.

4.      Freedom admits the allegations contained in Paragraph 4 of the FAC.

5.      Freedom admits so much of the allegations of Paragraph 5 of the FAC as alleges that Freedom Debt Relief is a wholly owned subsidiary of Freedom Financial Network. The remaining allegations contained in Paragraph 5 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

6.      The allegations contained in Paragraph 6 of the FAC are not directed at Freedom, and Freedom accordingly provides no answer thereto.

7.      The allegations contained in Paragraph 7 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

8.      The allegations contained in Paragraph 8 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

9.      The allegations contained in Paragraph 9 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

10.      The allegations contained in Paragraph 10 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

## III.      JURISDICTION AND VENUE

11.      Freedom admits the allegations contained in Paragraph 11 of the FAC as against Freedom.

12.     Freedom admits so much of the allegations of Paragraph 12 of the FAC as alleges that Freedom is headquartered in California, and expressly denies the remaining allegations.

13.     Freedom admits so much of the allegations of Paragraph 13 of the FAC as alleges that venue is proper, and expressly denies the remaining allegations.

14.     Freedom admits so much of the allegations of Paragraph 14 of the FAC as alleges that assignment to this Division is proper, and expressly denies the remaining allegations.

### IV.     FACTS

15.     The allegations contained in Paragraph 15 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

16.     The allegations contained in Paragraph 16 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

17.     The allegations contained in Paragraph 17 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

18.     The allegations contained in Paragraph 18 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

19.     The allegations contained in Paragraph 19 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

20.     The allegations contained in Paragraph 20 of the FAC are statements of purported law or legal conclusions for which no response is required.

21.     The allegations contained in Paragraph 21 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

22.     The allegations contained in Paragraph 22 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

23.     The allegations contained in Paragraph 23 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

24.     The allegations contained in Paragraph 24 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

25.     The allegations contained in Paragraph 25 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

26.     The allegations contained in Paragraph 26 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

27.     The allegations contained in Paragraph 27 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

28.     Freedom denies the allegations contained in Paragraph 28 of the FAC as stated. Freedom admits that it offers debt services and that it is one of the largest debt settlors in the country.

29.     Freedom denies the allegations contained in Paragraph 29 of the FAC as stated. Freedom avers that they market to prospective customers in many ways, one of which is through telemarketing after prior express written consent is obtained.

30.     Freedom denies the allegations contained in Paragraph 30 of the FAC.

31.     Freedom denies the allegations contained in Paragraph 31 of the FAC.

32.     Freedom denies the allegations contained in Paragraph 32 of the FAC.

33.     The allegations contained in Paragraph 33 of the FAC are legal conclusions for which no response is required.

34.     The allegations contained in Paragraph 34 of the FAC are legal conclusions for which no response is required.

35.     To the extent that the allegations contained in Paragraph 35 of the FAC seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Freedom denies the allegations to the extent that they are inconsistent with the document.

36.     Freedom denies the allegations contained in Paragraph 36 of the FAC.

37.     The allegations contained in Paragraph 37 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

38.     Freedom admits so much of the allegations of Paragraph 38 of the FAC as alleges that Freedom and Fluent entered into a Lead Referral Agreement, a document which speaks for itself, and Freedom denies the allegations to the extent that they are inconsistent with the document.

39.     The allegations contained in Paragraph 39 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

40.     The allegations contained in Paragraph 40 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

41.     The allegations contained in Paragraph 41 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

42.     The allegations contained in Paragraph 42 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

43.     The allegations contained in Paragraph 43 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

44.     The allegations contained in Paragraph 44 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

45.     The allegations contained in Paragraph 45 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

46.     The allegations contained in Paragraph 46 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

47.     Freedom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the FAC.

48.     The allegations contained in Paragraph 48 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto.

49.     The allegations contained in Paragraph 49 of the FAC are not directed at Freedom,

1  and Freedom accordingly provides no response thereto.

2      50.    The allegations contained in Paragraph 50 of the FAC are not directed at Freedom,

3  and Freedom accordingly provides no response thereto.

4      51.    The allegations contained in Paragraph 51 of the FAC are not directed at Freedom,

5  and Freedom accordingly provides no response thereto.

6      52.    The allegations contained in Paragraph 52 of the FAC are not directed at Freedom,

7  and Freedom accordingly provides no response thereto.

8      53.    The allegations contained in Paragraph 53 of the FAC are not directed at Freedom,

9  and Freedom accordingly provides no response thereto.

10      54.    The allegations contained in Paragraph 54 of the FAC are not directed at Freedom,

11  and Freedom accordingly provides no response thereto.

12      55.    The allegations contained in Paragraph 55 of the FAC are not directed at Freedom,

13  and Freedom accordingly provides no response thereto.

14      56.    The allegations contained in Paragraph 56 of the FAC are not directed at Freedom,

15  and Freedom accordingly provides no response thereto.

16      57.    Freedom lacks knowledge or information sufficient to form a belief about the truth

17  of the allegations contained in Paragraph 57 of the FAC, and on that basis denies the same.

18      58.    The allegations contained in Paragraph 58 of the FAC are legal conclusions for which

19  no response is required.

20      59.    Freedom admits so much of the allegations of Paragraph 59 of the FAC as alleges

21  that the subject calls were to a phone number that begins "(510) 326", and Freedom lacks knowledge

22  or information sufficient to form a belief about the truth of the remaining allegations contained in

23  Paragraph 59 of the FAC, and on that basis denies the same.

24      60.    Freedom lacks knowledge or information sufficient to form a belief about the truth

25  of the allegations contained in Paragraph 60 of the FAC, and on that basis denies the same.

26      61.    Freedom lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations contained in Paragraph 61 of the FAC, and on that basis denies the same.

28

62.     Freedom denies the allegations contained in Paragraph 62 of the FAC.

63.     Freedom denies the allegations contained in Paragraph 63 of the FAC.

64.     Freedom denies the allegations contained in Paragraph 64 of the FAC.

65.     Freedom admits so much of the allegations of Paragraph 65 of the FAC as alleges that Plaintiff received a text message, and expressly denies the remaining allegations.

66.     Freedom admits so much of the allegations of Paragraph 66 of the FAC as alleges that Plaintiff received a call from (409) 359-9066. Freedom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 66 of the FAC.

67.     To the extent that the allegations contained in Paragraph 67 of the FAC seek to paraphrase or characterize the contents of a text message, the text message speaks for itself, and Freedom denies the allegations to the extent that they are inconsistent with the text message.

68.     The allegations contained in Paragraph 68 of the FAC are legal conclusions for which no response is required. Freedom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 68 of the FAC, and on that basis denies the same.

69.     Freedom admits so much of the allegations of Paragraph 69 of the FAC as alleges that Plaintiff received a phone call from (409) 359-9066, and expressly denies any implication that the phone call was made by Freedom.

70.     Freedom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the FAC, and on that basis denies the remaining allegations contained in Paragraph 70 of the FAC.

71.     Freedom denies the allegations contained in Paragraph 71 of the FAC as stated.

72.     The allegations contained in Paragraph 72 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

73.     Freedom denies the allegations contained in Paragraph 73 of the FAC as stated.

74.     Freedom admits to the allegations contained in Paragraph 74 of the FAC.

75.     Freedom denies the allegations contained in Paragraph 75 of the FAC as stated.

76.     Freedom denies the allegations contained in Paragraph 76 of the FAC as stated.

77.     The allegations contained in Paragraph 77 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

78.     The allegations contained in Paragraph 78 of the FAC are not directed at Freedom, and Freedom accordingly provides no response thereto. To the extent that a response is required, Freedom denies the same.

79.     Freedom denies the allegations contained in Paragraph 79 of the FAC.

80.     The allegations contained in Paragraph 80 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

81.     The allegations contained in Paragraph 81 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

82.     The allegations contained in Paragraph 82 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

83.     The allegations contained in Paragraph 83 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

84.     The allegations contained in Paragraph 84 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

85.     The allegations contained in Paragraph 85 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

86.     The allegations contained in Paragraph 86 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required,

Freedom denies the same.

87.      The allegations contained in Paragraph 87 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

88.      The allegations contained in Paragraph 88 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

89.      The allegations contained in Paragraph 89 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

90.      The allegations contained in Paragraph 90 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

91.      The allegations contained in Paragraph 90 of the FAC are legal conclusions for which no response is required.

92.      Freedom denies the allegations contained in Paragraph 92 of the FAC.

93.      The allegations contained in Paragraph 93 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

94.      Freedom denies the allegations contained in Paragraph 94 of the FAC.

95.      The allegations contained in Paragraph 95 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

96.      The allegations contained in Paragraph 96 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

97.      The allegations contained in Paragraph 97 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same. To the extent that the allegations contained in Paragraph 97 of the FAC seek to paraphrase or characterize the contents of an agreement to which Freedom is a party, the document speaks for itself, and

Freedom denies the allegations to the extent that they are inconsistent with the document.

98.     Freedom admits so much of the allegations of Paragraph 98 of the FAC as alleges that Freedom submitted an affidavit from Fluent with its motion [Dkt. No. 16], and expressly denies the remaining allegations.

99.     To the extent that the allegations contained in Paragraph 99 of the FAC seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Freedom denies the allegations to the extent that they are inconsistent with the document.

100.     To the extent that the allegations contained in Paragraph 100 of the FAC seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Freedom denies the allegations to the extent that they are inconsistent with the document.

101.     The allegations contained in Paragraph 101 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

102.     The allegations contained in Paragraph 102 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

103.     The allegations contained in Paragraph 103 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

104.     The allegations contained in Paragraph 104 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

105.     The allegations contained in Paragraph 105 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same. To the extent that the allegations contained in Paragraph 105 of the FAC seek to paraphrase or characterize the contents of an agreement between Freedom and Fluent, such a document speaks for itself, and Freedom denies the allegations to the extent that they are inconsistent with the document.

106.     The allegations contained in Paragraph 106 of the FAC are statements of purported

law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

## CLASS ACTION ALLEGATIONS

107.    The allegations contained in Paragraph 107 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

108.    The allegations contained in Paragraph 108 of the FAC are legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

109.    Freedom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109 of the FAC, and on that basis denies the same.

110.    Freedom admits that it is one of the largest debt collectors in the United States. Freedom lacks knowledge or information sufficient to form a belief about the truth of the allegations against any other party contained in Paragraph 110 of the FAC. Freedom denies the remaining allegations contained in Paragraph 110 of the FAC.

111.    Freedom denies the allegations contained in Paragraph 111 of the FAC.

112.    Freedom denies the allegations contained in Paragraph 112 of the FAC.

113.    Freedom denies the allegations contained in Paragraph 113 of the FAC.

114.    Freedom denies the allegations contained in Paragraph 114 of the FAC.

115.    Freedom denies the allegations contained in Paragraph 115 of the FAC.

## FIRST CLAIM FOR RELIEF

116.    In response to paragraph 116 of the FAC, Freedom repeats and realleges each and every response to paragraphs 1 through 115 of the FAC with the same force and effect as if set forth at length herein.

117.    The allegations contained in Paragraph 117 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

118.    Freedom denies the allegations contained in Paragraph 118 of the FAC.

119.    The allegations contained in Paragraph 119 of the FAC are statements of purported

law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

## SECOND CLAIM FOR RELIEF

120.    In response to paragraph 120 of the FAC, Freedom repeats and realleges each and every response to paragraphs 1 through 119 of the FAC with the same force and effect as if set forth at length herein.

121.    The allegations contained in Paragraph 121 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

122.    The allegations contained in Paragraph 122 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

## THIRD CLAIM FOR RELIEF

123.    In response to paragraph 123 of the FAC, Freedom repeats and realleges each and every response to paragraphs 1 through 122 of the FAC with the same force and effect as if set forth at length herein.

124.    The allegations contained in Paragraph 124 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

125.    The allegations contained in Paragraph 125 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

126.    The allegations contained in Paragraph 126 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

## FOURTH CLAIM FOR RELIEF

127.    In response to paragraph 127 of the FAC, Freedom repeats and realleges each and

every response to paragraphs 1 through 126 of the FAC with the same force and effect as if set forth at length herein.

128.   The allegations contained in Paragraph 128 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

129.   The allegations contained in Paragraph 129 of the FAC are statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Freedom denies the same.

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE", including the subparts, Freedom denies each and every allegation contained therein and specifically denies that Plaintiff and the putative class members are entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff lacks standing to bring the claims that he is purportedly asserting.

### SECOND AFFIRMATIVE DEFENSE

2.   The FAC fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

3.   Plaintiff has not suffered a concrete and particularized injury.

### FOURTH AFFIRMATIVE DEFENSE

4.   Prior express consent, as well as prior express written consent, including despite being listed on any Do-Not-Call List, was obtained from Plaintiff, on his behalf, or by a user in possession of his telephone number, and therefore, Plaintiff's claims must fail. To the extent putative class members provided such consent, their claims also fail.

### FIFTH AFFIRMATIVE DEFENSE

5.   Freedom incorporates by reference all provisions set for within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any

safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Freedom expressly denies that the identities of the putative class members are determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, or that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, Freedom asserts that the classes themselves are defined in a way that precludes membership unless liability is established, and Freedom denies that the Plaintiff is a member of the class as alleged and/or is an adequate class representative.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

### EIGHTH AFFIRMATIVE DEFENSES

8.      Plaintiff cannot maintain this action as a class action as Plaintiff, a user on his behalf, or a user in possession of his telephone number explicitly agreed to be bound by a class action waiver provision contemporaneous with the respective provisions of express written consent to be contacted by Freedom.

### NINTH AFFIRMATIVE DEFENSE

9.      Freedom states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

### TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, consent, and other equitable doctrines as a bar to the claims of Plaintiff and the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiff's claims and/or the claims of the putative class members are barred because any alleged acts or omissions of Freedom giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding that Freedom established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. Freedom acted at all times in a reasonable manner in connection with the events at issue in this case.

**TWELTH AFFIRMATIVE DEFENSE**

12.     An automatic telephone dialing system as that term is defined by 47 U.S.C. § 227, the implementing regulations promulgated thereunder, the Federal Communications Commission's rulings and/or decisional law interpreting same was not used to place the subject calls.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands because Plaintiff engaged in fraud and deceit in connection with the transactions forming the basis of his respective claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiff's claims and/or the claims of the putative class members are barred by the statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Freedom neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Freedom.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff's claims are barred by laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Freedom is not liable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has failed to join all necessary and/or indispensable parties to this action.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff has not suffered any damages due to Freedom's alleged actions.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff has failed to mitigate damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff cannot maintain this action as he explicitly agreed to be bound by binding arbitration provisions contemporaneous with his provision of express written consent to be contacted by Freedom.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff cannot maintain this action as he explicitly agreed to be bound to a limitation and/or release of liability provision contemporaneous with his provision of express written consent to be contacted by Freedom.

**WHEREFORE**, Freedom seeks judgment against Plaintiff:

(a)     Denying all relief sought by Plaintiff and dismissing the FAC in its entirety, with prejudice;

(b)     Awarding Freedom its attorneys' fees and costs incurred herein to the maximum extent allowed by law; and

(c)     Granting Freedom such other and further relief as this Court deems just and proper.

**THIRD-PARTY COMPLAINT**

Defendants/Third-Party Plaintiffs Freedom Financial Network, LLC and Freedom Debt Relief, LLC (collectively "Freedom"), by way of its Third-Party Complaint against Third-Party Defendants Does 1 through 5, state, upon information and belief:

**NATURE OF THE ACTION**

1.      Plaintiff Daniel Berman filed the first amended class action complaint ("FAC") in the above-captioned action against Freedom alleging that Freedom called his cellular telephone number ("Phone Number") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and seeks to certify a class of purportedly similarly situated individuals.

2.      Plaintiff was contacted on February 14, 2018 as part of a marketing campaign between Freedom and Defendant Fluent, LLC ("Fluent").

3.      Freedom brings this Third-Party Complaint against Does 1 through 5 for fraud, negligent misrepresentation, equitable indemnity, and contribution.

4.      On or about December 24, 2017, Does 1 through 5 visited a website, http://signup.electronics-sweepstakes.com (the "Survey Site"), and completed a registration with the Phone Number and provided prior express written consent to be contacted at the Phone Number.

5.      The Phone Number was only called because Does 1 through 5 represented that it was the phone number at which they wished to be contacted. Accordingly, to the extent Does 1 through 5 made false representations to Freedom about the Phone Number, then Does 1 through 5 must pay to Freedom as damages all attorneys' fees and costs incurred by Freedom in defending itself against the claims in Plaintiff's FAC and all sums Freedom is ordered to pay Plaintiff, if any.

**JURISDICTION AND JOINDER**

6.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1367 because Freedom's claims against Does 1 through 5 are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Joinder of these claims is proper under Rule 14(a)(1), because Does 1 through 5 are or may be liable to Freedom for all or part of the claims asserted against it by Plaintiff.

8.    Upon information and belief, Does 1 through 5 visited the Survey Site from the Internet Protocol address: 73.252.203.130 located in Hayward, California and upon information and belief are residents of California and thus subject to general personal jurisdiction of this Court.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

10.    Freedom Financial Services, LLC is a limited liability company organized under the laws of Delaware with its principal place of business located at 1875 South Grant Street, Suite 400, San Mateo, California 94402.

11.    Freedom Debt Relief, LLC is a wholly-owned subsidiary of Freedom Financial Services and is a limited liability company organized under the laws of Delaware with its principal place of business located at 1875 South Grant Street, Suite 400, San Mateo, California 94402.

12.    The true name and capacities of the Third-Party Defendants sued herein as Does 1 through 5, inclusive, are unknown to Freedom at this time. Therefore, Freedom sues these Third-Party Defendants by such fictitious names. Freedom will amend this Complaint to allege their true names and capacities when ascertained.

13.    On information and belief, at all times mentioned herein, Does 1 through 5, inclusive, each of them, were the agents, servants, joint venturers, and employees of each of their co-defendants and each other, and were at all times mentioned herein acting without the court and scope of such agency and employment.

**FACTUAL BACKGROUND**

14.    In or around May 2017, Freedom entered into an agreement with Fluent for Fluent to market and generate leads for Freedom's debt relief services (the "Marketing Campaign").

15.    As part of the Marketing Campaign, Fluent obtained users' prior express written consent to be contacted via text message and/or telephone call.

16.     Upon information and belief, after Fluent obtains a user's prior express written consent to be contacted, another entity then placed the call or text to the user.

17.     Upon information and belief, Fluent, through its wholly-owned subsidiary, American Prize Center, LLC ("APC"), owns and operates the Survey Site.

18.     Upon information and belief, APC is a digital marketing company that is used by Fluent to provide advertising and lead generation services for its advertiser customers, such as Freedom.

19.     Upon information and belief, the Survey Site is used to collect first-party data which is stored in a database that is used by Fluent and APC to assist entities such as Freedom to target customers.

20.     Upon information and belief, in order to participate in promotions and reward surveys on APC's website, users are required to register and agree to the Terms and Conditions.

21.     Upon information and belief, users then have the option of consenting to receive texts and telemarketing calls to the telephone numbers provided.

22.     Upon information and belief, unless a user consents to receiving texts and calls, no texts or calls will be sent to the phone number provided by the user.

23.     Plaintiff alleges in the FAC that he received one text message and one telephone call by or on behalf of Freedom on February 14, 2018. [Dkt. No. 30 at ¶¶ 65-69].

24.     About one and a half months before that date, on December 24, 2017 at 8:39:16 PM EST, Does 1 through 5 visited the Survey Site.

25.     Does 1 through 5 supplied the following information when registering on the Survey Site:

- o  Name:                Dunk Loka
- o  Email Address:        Buffola@gmail.com
- o  Telephone Number:     510-326-9945
- o  Mailing Address:      Grand Street
                           Alameda, CA 94501

26.     Upon information and belief, Dunk Loka is a fictitious name.

27.     Does 1 through 5 provided the Phone Number when registering on the Survey Site.

28.     After inputting the Phone Number, Does 1 through 5 provided prior express written consent to be contacted via telemarketing calls and text messages from APC's "Marketing Partners" when Does 1 through 5 checked the unchecked check box stating "I CONFIRM" and then clicked the "Continue" button located below the "I CONFIRM" check box.

29.     The consent language appearing above the "I CONFIRM" check box states as follows:

> By checking the box below I consent to receive phone sales calls and text messages - Msg and data rates may apply - from Verde Energy, CAC and our Marketing Partners on the landline or mobile number I provided even if I am on a federal or State do not call registry. I understand these calls may be generated using an autodialer and may contain pre-recorded messages and that consenting is not required to participate in the offer promoted.
> For SMS message campaigns: Text STOP to stop and HELP for help. Msg & data rates may apply. Periodic messages; max. 30/month.

30.     The date and time when Does 1 through 5 input Plaintiff's telephone number, checked "I CONFIRM" and then clicked the "Continue" button, was December 24, 2017 at 08:41:13 PM EST.

31.     Above the "Continue" button was a hyperlink to "Marketing Partners," which included Freedom Financial.

32.     On February 19, 2018, Plaintiff filed the Complaint against Freedom and on June 14, 2018 Plaintiff filed the FAC against Freedom, Fluent, and Lead Science, LLC (collectively "Defendants"). The FAC alleges that Freedom and/or Defendants called the Phone Number in violation of the TCPA.

33.     The FAC alleges that "Plaintiff never consented to receive phone calls or text messages from Freedom" and that "Plaintiff never gave his phone number to Freedom." [Dkt. No. 30 at ¶¶ 62-63].

34.     The Phone Number was only called because Does 1 through 5 provided that number on the Survey Site and consented to be contacted at the Phone Number.

35.     Had Does 1 through 5 not provided the Phone Number and consented to be contacted, the Phone Number would have never been called.

36.     Accordingly, to the extent Does 1 through 5 made false representations to Freedom and Defendants about the Phone Number, then Does 1 through 5 must pay to Freedom as damages all fees and costs incurred by Freedom in defending itself against the claims in Plaintiff's FAC and all sums Freedom is ordered to pay Plaintiff, if any.

37.     In addition, Does 1 through 5 are liable to Freedom for contribution and equitable indemnity.

**FIRST CAUSE OF ACTION**

**(Fraud)**

38.     Freedom repeats and incorporates by reference the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     When Does 1 through 5 visited the Survey Site and provided prior express written consent by checking an unchecked checkbox in the TCPA consent box causing it to be checked, they represented that the Phone Number was the number at which they could be reached.

40.     As a result of Plaintiff's alleged receipt of a text message and phone call to the Phone Number, Plaintiff alleges in the FAC that he did not consent to be contacted at such number. Accordingly, Does 1 through 5 made a material misrepresentation by providing the Phone Number on the Survey Site.

41.     Does 1 through 5 knew that this misrepresentation was false at the time it was made or made the misrepresentation recklessly and without regard for its truth.

42.     Does 1 through 5 intended that such misrepresentation be relied upon and that a phone call and text message be placed to the Phone Number.

43.     Does 1 through 5 made the misrepresentation with the intent to deceive and defraud the entities to which prior express written consent was provided to contact them at the Phone Number, including Freedom.

44.     The entities involved in the Marketing Campaign, including Freedom, and the entity that placed the call and text message to the Phone Number relied on the misrepresentation by Does 1 through 5 by contacting the Phone Number. The Phone Number would not have been contacted if

Does 1 through 5 had not provided the Phone Number on the Survey Site and consented to be contacted at that number.

45.     The reliance by Freedom, and/or the entity that placed the phone call and text message to the Phone Number as part of the Marketing Campaign, was reasonable and justified.

46.     As a direct and proximate result of the fraudulent representations by Does 1 through 5, Freedom has sustained or will sustain damages in an amount to be determined at trial, including (1) the attorneys' fees and costs incurred by Freedom in defending itself against the claims in Plaintiff's FAC and (2) all sums Freedom may be ordered to pay Plaintiff in connection with the calls pursuant to Plaintiff's FAC, if any.

47.     Does 1 through 5 misled Freedom, and/or the entity that placed the phone call and text message to the Phone Number as part of the Marketing Campaign, with malice, fraud and oppression, and in conscious disregard of Freedom's rights. Accordingly, Freedom is entitled to recover exemplary damages from Does 1 through 5 in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

48.     Freedom repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 47 above as if fully set forth herein.

49.     Does 1 through 5 represented that the Phone Number was their telephone number and provided prior express consent to be contacted at the Phone Number.

50.     At the time this representation was made, Does 1 through 5 knew or should have known that the representation was false.

51.     In making the representation, Does 1 through 5 knew or should have known that the representation would induce the entities to which they provided prior express written consent to contact them at the Phone Number, including Freedom.

52.     The entities involved in the Marketing Campaign, including Freedom, reasonably relied on the representation made by Does 1 through 5 by contacting the Phone Number.

53.   The representation made by Does 1 through 5 caused the Phone Number to be contacted.

54.   As a result of the negligent misrepresentations, Freedom has suffered damages, including the damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against Freedom, as well as Freedom's own attorneys' fees and costs incurred in defending Plaintiff's lawsuit.

## THIRD CAUSE OF ACTION

### (Equitable Indemnity)

55.   Freedom repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 54 above as if fully set forth herein.

56.   The liability, if any, that Freedom may have to any person or entity relating to the subject calls alleged to be in violation of the TCPA is the result, in whole or in part, of the acts or omissions of Does 1 through 5.

57.   Freedom is without fault in causing Plaintiff's alleged damages.

58.   The alleged unlawful calls to the Phone Number, which Plaintiff alleges is his phone number, is primarily the direct and proximate result of the actions, omissions, or conduct of Does 1 through 5.

59.   Upon discovering the identity of Does 1 through 5, Freedom will make a formal demand for indemnity.

60.   Should Plaintiff be awarded any sums, including any damages, costs, or attorneys' fees against Freedom, any such liability on the part of Freedom results from the acts, omissions, or conduct of Does 1 through 5.

61.   Accordingly, Does 1 through 5 should be held to indemnify Freedom for all amounts for which Freedom may be liable to Plaintiff, including any damages, costs, attorneys' fees, or any other sums Freedom is assessed as well as to pay for the costs and fees incurred by Freedom in defending Plaintiff's lawsuit and costs and fees incurred in pursuing indemnification from Does 1 through 5, pursuant to California Civil Procedure § 1021.6.

**FOURTH CAUSE OF ACTION**

**(Contribution)**

62.     Freedom repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 61 above as if fully set forth herein.

63.     Section 1432 of the California Civil Code of Procedure provides in pertinent part: "[A] party to a joint, or joint and several obligation, who satisfied more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."

64.     Freedom is informed and believes, and based on such information and belief, hereby alleges that Does 1 through 5 were the active participants in the alleged unlawful calls to the Phone Number and that Does 1 through 5 are responsible, in whole or in part, for the costs and damages, if any, recoverable therein.

65.     In the event that Freedom is found liable to Plaintiff in any amount whatsoever, Freedom is entitled to contribution from Does 1 through 5 according to common law principles of comparative fault and equitable allocation of loss, as well as under applicable statutory law.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiffs pray for judgment against Third-Party Defendants, Does 1 through 5, as follows:

1.      Damages in an amount to be proved at trial;

2.      For equitable indemnity and contribution;

3.      For Third-Party Plaintiffs' costs of suit incurred, as permitted by law, to defend against Plaintiff's claims and in this third-party action;

4.      For an award of attorneys' fees on Third-Party Plaintiffs claims, as may be allowed by statute or otherwise; and

5.      For such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Third-Party Plaintiffs hereby demand a trial by jury on all issues so triable in this Third-Party Complaint.

1

2    Dated:  June 28, 2018                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3                                      By_____/s/ Jay T. Ramsey_____
                                                            JAY T. RAMSEY
4
                                                      Attorneys for Defendants
5                                          FREEDOM FINANCIAL NETWORK, LLC,
                                             and FREEDOM DEBT RELIEF, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28