SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
BRIAN P. ASTRUP (*admitted pro hac vice*)
450 Seventh Avenue
New York, New York 10123
Telephone:  212-246-0900
Facsimile:   212-216-9559
bastrup@kleinmoynihan.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN and PATRICK BONANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>Defendants. | Case No. 4:18-cv-01060-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL STANDARD ...................................................................................................................2

ARGUMENT .................................................................................................................................3

    A.    Leave to Amend is Futile Because This Court Has No Jurisdiction Over Fluent or Drips as to Bonano's Claims ...................................................................................3

        1.    The Court Lacks General Jurisdiction Over Fluent and Drips .......................4

        2.    The Court Lacks Specific Jurisdiction Over Fluent and Drips .....................4

            a.    The Court Should Find *Bristol-Myers* Applicable in TCPA Lawsuits ..............................................................................................6

        3.    The Court Lacks Pendent Personal Jurisdiction Over Fluent and Drips ........8

            a.    The Court Should Not Consider the *Sloan* Ruling ...........................10

        4.    The Exercise of Pendent Personal Jurisdiction Does Not Comport With Fair Play and Substantial Justice .......................................................................11

    B.    The Proposed SAC Should Be Denied Because It is Prejudicial ..............................12

CONCLUSION ............................................................................................................................13

{00131439;1}  -i-  Case No. 4:18-cv-01060-YGR
DEFENDANTS' OPP. TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

i

# TABLE OF AUTHORITIES

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004) ............... passim

*Alvarez v. NBTY, Inc.*, 2017 U.S. Dist. LEXIS 201159 (S.D. Cal., Dec. 6, 2017) ........................... 5

*Amiri v. Bay Harbour Care Home*, 2018 U.S. Dist. LEXIS 20407 (N.D. Cal. Feb. 7, 2018) ........ 12

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) ............................................... 2

*Avago Techs. U.S. Inc. v. IPtronics Inc.*, 2014 U.S. Dist. LEXIS 200075
  (N.D. Cal. Dec. 10, 2014) ............................................................................................................ 12

*BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017) .............................................................................. 4

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773 (2017) ............... passim

*Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876 (9th Cir. 2010) .............................................. 2

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) ...................................................... 8

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 U.S. Dist. LEXIS 155654
  (N.D. Cal. Sep. 22, 2017) ............................................................................................................ 4, 7

*Foman v. Davis*, 371 U.S. 178 (1962) .............................................................................................. 2

*Gaines v. GM, LLC*, 2018 U.S. Dist. LEXIS 133019 (S.D. Cal. Aug. 6, 2018) ...................... passim

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ...................................... 4

*Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) ........................................................................ 4

*In re Packaged Seafood Prods. Antitrust Litig.*, 2018 U.S. Dist. LEXIS 151394
  (S.D. Cal. Sep. 5, 2018) ............................................................................................................ 8, 9

*Jackson v. Bank of Am.,* 2018 U.S. Dist. LEXIS 88333 (W.D.N.Y. May 25, 2018) ............... 3, 5, 7

*Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) ....................................................... 2, 13

*Keyes v. Ocwen Loan Servicing*, 2018 U.S. Dist. LEXIS 138445 (E.D. Mich. Aug. 16, 2018) ....... 3

*Lord v. Kisling, Nestico & Redick, LLC*, 2018 U.S. Dist. LEXIS 116288

    (N.D. Ohio July 12, 2018) ................................................................................................... 3

*Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.,* 2015 U.S. Dist. LEXIS 106292

    (N.D. Cal. Aug. 11, 2015) .................................................................................................... 5

*M/V American Queen v. San Diego Marine Construction Corp*., 708 F.2d 1483 (9th Cir. 1983) .. 13

*Maclin v. Reliable Reports of Tex., Inc.*, 2018 U.S. Dist. LEXIS 49511

    (N.D. Ohio Mar. 26, 2018) ................................................................................................... 5

*Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883 (9th Cir. Sept. 20, 2018) ........... 3

*Muir v. Nature's Bounty (De), Inc.*, 2018 U.S. Dist. LEXIS 128738 (N.D. Ill. Aug. 1, 2018) ........ 7

*Neur v. Dental Res. Sys.*, 2015 U.S. Dist. LEXIS 97368 (D. Kan. July 27, 2015) ........................... 6

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987) ....................................................... 6

*Pagano v. Quicken Loans, Inc.*, 2018 U.S. Dist. LEXIS 120933 (M.D. Fla. July 18, 2018) ........... 9

*Pinker v. Roche Holdings Ltd.*, 292 (3d Cir. 2002) .......................................................................... 9

*Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018)  6, 8

*Roy v. FedEx Ground Package Sys.*, 2018 U.S. Dist. LEXIS 85288

    (D. Mass. May 22, 2018) ..................................................................................................... 6

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...................................... 4

*Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018) ............................................. 8

*Sloan v. GM, LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018) ........................................................ passim

*Stricker v. Shor*, 2018 U.S. Dist. LEXIS 61699 (N.D. Cal. Apr. 11, 2018) ...................................... 6

*Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056 (N.D. Cal. 2018) ......................... 2

*Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668 (E.D. Va. 2000) .................................... 6, 7

**Statutes**

Rule 15(a)(2) ..................................................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiff Daniel Berman ("Plaintiff") seeks leave to amend his complaint to improperly include an additional named plaintiff, inasmuch as the federal statute upon which Plaintiff bases his claims, the Telephone Consumer Protection Act ("TCPA"), does not authorize nationwide service of process (in other words, the vehicle by which a court obtains personal jurisdiction over defendants). The proposed Second Amended Complaint ("SAC") (Dkt. No. 66-5) seeks to add one new party, Patrick Bonano ("Bonano"), asserting different claims against defendants Fluent, Inc. ("Fluent") and/or Lead Science, LLC ("Drips") and having no connection to the State of California or arising out of the same operative facts of Plaintiff's claims. The request is futile and prejudicial and should be denied.

As a threshold matter, this Court has no jurisdiction over Bonano's claims. Plaintiff seems to labor under the misapprehension that as long as this Court has personal jurisdiction over his claims, that the Court need not concern itself with personal jurisdictional requirements for any other plaintiff. This is wrong. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1781 (2017) (holding that "[t]he mere fact that other plaintiffs" had a connection to the forum does not permit specific jurisdiction over "nonresidents," and that "[t]his remains true even when [other] parties . . . can bring claims similar to those brought by the nonresidents").

The facts giving rise to Plaintiff's claims are also vastly different than the facts giving rise to Bonano's claims:

***Plaintiff's claims.*** Plaintiff was contacted by Fluent to advertise a service offered by Freedom. The consent obtained for that call was obtained by Fluent on a Fluent owned website. And Fluent used Drip's software to make such contacts. It was thus a Fluent generated lead, Fluent's contacts (using Drip's software), advertising Freedom's services.

***Bonano's claims.*** By contrast, Bonano was not a Fluent generated lead, he was not contacted by Fluent, and Freedom's services were not advertised to him. Instead, Bonano was contacted by an unnamed third-party publisher to advertise both Fluent's services and services offered by other third-parties. The consent obtained for that call was obtained by the unnamed third-party who contacted Bonano.

1     Permitting the proposed SAC would interject a new plaintiff, new defendants (third-party publisher, a new lead generator, carrier), factually distinct claims, new defenses, and completely different discovery into a case that has been pending for eight months—for no purpose other than to prejudice Defendants with undue burdens and delays. Under these circumstances, the motion for leave should be denied. If Bonano wants to pursue his claims, he should do so in a separate lawsuit in a court which has jurisdiction over his claims. This is not that court.

## LEGAL STANDARD

Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave to amend "is not to be granted automatically." *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1067-68 (N.D. Cal. 2018) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). A court can exercise its discretion and deny leave to amend if the amendment (1) is futile, (2) causes prejudice, (3) results in undue delay, (4) lacks good faith, or (5) where a plaintiff has previously amended his complaint. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court should deny leave to amend to add Bonano because the SAC is futile and prejudicial to Defendants. Futility turns on whether the amended claim could survive dismissal. *Gaines v. GM, LLC*, No. 17cv1351-LAB (JLB), 2018 U.S. Dist. LEXIS 133019, at *7 (S.D. Cal. Aug. 6, 2018) (denying leave to amend to add new named plaintiffs because the court found that it could not "exercise personal jurisdiction over the proposed out-of-state named plaintiffs' claims against [defendant] arising entirely from out-of-state activities"); *Jackson v. Bank of Am., N.A.*, No. 16-CV-787G, 2018 U.S. Dist. LEXIS 88333 (W.D.N.Y. May 25, 2018) (denying leave to amend to include additional named plaintiffs where the court found that the defendant had no interactions with the new plaintiffs in the forum state).

An amendment is prejudicial if it would result in significant additional discovery or delay in resolving the dispute. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) ("To put Mobil 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice.") (citation omitted).

# ARGUMENT

## A. Leave to Amend is Futile Because This Court Has No Jurisdiction Over Fluent or Drips as to Bonano's Claims

The Court does not have general jurisdiction or specific jurisdiction over Fluent or Drips with respect to Bonano's claims. The Court exercised personal jurisdiction over Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, and Drips (collectively "Defendants") with respect to Plaintiff's claims because he is a resident of California and was contacted in California. Bonano, however, lives in Ohio and does not describe any events occurring in California. (SAC ¶ 2). Accordingly, there is no asserted basis for this Court to exercise jurisdiction over his claims.

Plaintiff's SAC fails to allege a jurisdictional connection between California and Bonano's claims. *See* SAC ¶ 11. Nor can Bonano's claims be saved under the doctrine of pendent personal jurisdiction because the TCPA does not authorize nationwide service of process. Furthermore, even if the TCPA authorized nationwide service of process, Bonano's claims do not arise out of the same operative facts as Plaintiff's claims. Pendent jurisdiction is not a vehicle for forum shopping, especially when it comes to separate plaintiffs whose claims are factually distinct and unrelated.

Finally, to the extent the Court even considers (which it should not) the doctrine of pendent personal jurisdiction, it would be patently unfair for Fluent and Drips to litigate the claims of an Ohio resident who was contacted in Ohio in federal court in California where the law is much more favorable to plaintiffs. *Compare Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *25 (9th Cir. Sept. 20, 2018) (finding that the definition of ATDS includes "devices with the capacity to dial stored numbers automatically") *with Keyes v. Ocwen Loan Servicing*, No. 17-cv-11492, 2018 U.S. Dist. LEXIS 138445, at *15 (E.D. Mich. Aug. 16, 2018) (dialing from a list "is not the same as dialing numbers using a random or sequential number generator") (appeal filed); *Lord v. Kisling, Nestico & Redick, LLC*, No. 1:17-CV-01739, 2018 U.S. Dist. LEXIS 116288, at *6 (N.D. Ohio July 12, 2018) (dismissing ATDS claim where plaintiff failed to allege that defendant's "system has the ability to store or produce telephone numbers

using a random or sequential number generator"); *and Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sep. 22, 2017) (declining to apply *Bristol-Myers* to unnamed out-of-state class members) *with Maclin v. Reliable Reports of Tex., Inc.*, Case No. 1:17 CV 2612, 2018 U.S. Dist. LEXIS 49511, at *4 (N.D. Ohio Mar. 26, 2018) (rejecting the position that *Bristol-Myers* did not apply in a putative nationwide FLSA action and dismissing the FLSA claims of non-Ohio plaintiffs for lack of personal jurisdiction). Accordingly, leave to amend to include Bonano would be futile.

### 1. The Court Lacks General Jurisdiction Over Fluent and Drips

The Court does not have general jurisdiction over Fluent or Drips with respect to Bonano's claims. General jurisdiction is lacking because neither Fluent nor Drips is "at home" in California. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction."). Fluent is not incorporated in California and does not maintain its principal place of business in California. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Rather, Fluent is incorporated in Delaware with its principal place of business in New York (*See* Dkt. No. 46 at ¶ 6). Similarly, Drips is not incorporated in California and does not maintain its principal place of business in California. Rather, Drips is an Ohio limited liability company with its principal place of business in Ohio. (*See* Dkt. No. 47 at ¶ 8). Accordingly, the Court does not possess general jurisdiction over Fluent or Drips.

### 2. The Court Lacks Specific Jurisdiction Over Fluent and Drips

Specific jurisdiction is also lacking over Fluent and Drips with respect to Bonano's claims because "courts cannot claim specific jurisdiction" where "the conduct giving rise to the nonresidents' claims occurred elsewhere." *Bristol-Myers*, 137 S. Ct. at 1781. Specific jurisdiction exists over a non-resident defendant if: (1) the non-resident defendant purposefully directs his activities at the forum or avails itself of the laws of the forum; (2) the plaintiff's claims arise out of the non-resident defendant's forum-related activities; and (3) the exercise of jurisdiction over the non-resident defendant is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,

802 (9th Cir. 2004). Meanwhile, "[p]urposeful direction requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Los Gatos Mercantile, Inc. v. E.I. Dupont De Nemours & Co.*, No. 13-cv-01180-BLF, 2015 U.S. Dist. LEXIS 106292, at *35 (N.D. Cal. Aug. 11, 2015) (citation omitted).

While Plaintiff can plead specific jurisdiction based on his residence in California and receiving calls in California, Bonano, an Ohio resident, cannot do the same. Specific jurisdiction must exist independently for each named plaintiff's claims. *See Alvarez v. NBTY, Inc.*, 2017 U.S. Dist. LEXIS 201159, *12 (S.D. Cal., Dec. 6, 2017) ("[I]t is well settled law that a defendant can challenge personal jurisdiction relating to each named plaintiff in a class action."); *see also Bristol-Myers*, 137 S. Ct. at 1781 (holding that "[t]he mere fact that other plaintiffs" had a connection to the forum does not permit specific jurisdiction over "nonresidents," and that "[t]his remains true even when [other] parties . . . can bring claims similar to those brought by the nonresidents"); *compare Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 U.S. Dist. LEXIS 155654, *13 (N.D. Cal. Sept. 22, 2017) (finding that *Bristol-Myers* did not authorize a defendant to challenge personal jurisdiction over claims by *unnamed* members of a nationwide class). Here, Fluent and Drips properly challenge personal jurisdiction over Bonano, a *named* class member.[1]

The claims against Fluent and Drips that Bonano seeks to add do not arise out of Fluent's and/or Drips' forum-related activities. Bonano alleges that he lives in Ohio and was contacted in Ohio in violation of the TCPA. Nothing that Fluent and/or Drips did or could have done in California caused Bonano to be contacted in Ohio. Accordingly, the Court lacks specific jurisdiction over out-of-state defendants Fluent and Drips. *See Jackson v. Bank of Am., N.A.*, No. 16-CV-787G, 2018 U.S. Dist. LEXIS 88333 (W.D.N.Y. May 25, 2018) (the court, having

---

[1] Fluent and Drips also intend to challenge personal jurisdiction over unnamed members of Plaintiff's putative class at the appropriate time, and reserve their right to do so.

jurisdiction based on federal a question, denied leave to amend to include out-of-state plaintiffs where there was no evidence that the defendant had any interaction with them in the forum state).

### a. The Court Should Find *Bristol-Myers* Applicable in TCPA Lawsuits

Where a statute, such as the TCPA, does not authorize nationwide service of process, the court must look to state law for the exercise of personal jurisdiction. *See Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668, 671 (E.D. Va. 2000) ("[W]hen there is no provision authorizing nationwide service, federal courts must also follow Rule 4(k) of the Federal Rules of Civil Procedure, which, *inter alia*, limits a court's exercise of personal jurisdiction to persons who can be reached by the forum state's long-arm statute.") (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 102-03, 108 (1987)); *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 862 (N.D. Ill. 2018) ("Because the TCPA does not authorize nationwide service of process, the court . . . look[s] to Illinois law for the limitation on the exercise of personal jurisdiction."); *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2018 U.S. Dist. LEXIS 85288, at *7 (D. Mass. May 22, 2018) ("Accordingly, this court can only exercise jurisdiction over FedEx Ground if it would be subject to the jurisdiction of Massachusetts courts or if the federal statute conferring subject matter jurisdiction provides for nationwide service of process."); *Neur v. Dental Res. Sys.*, Case No. 14-2319, 2015 U.S. Dist. LEXIS 97368, at *4-5 (D. Kan. July 27, 2015) (finding that the "court's personal jurisdiction over defendants depends on the law of the forum state" where the federal statute in question, the TCPA, "does not authorize nationwide service of process in private actions"); *see also Gaines*, 2018 U.S. Dist. LEXIS 133019 at *7.

While California's long-arm statute is consistent with due process, (*see Stricker v. Shor*, No. 17-cv-03491-HSG, 2018 U.S. Dist. LEXIS 61699, at *4 (N.D. Cal. Apr. 11, 2018)), it must be compatible "with the Fourteenth Amendment's Due Process Clause," which "limits the power of a state court to render a valid personal judgment against a nonresident defendant." *Bristol-Myers*, 137 S. Ct. at 1779 (citations omitted).

A recent decision in the Northern District of California erred in finding that *Bristol-Myers* was not applicable simply because the court was sitting in federal question jurisdiction. *Sloan v.*

1  *GM, LLC*, 287 F. Supp. 3d 840, 859 (N.D. Cal. 2018) ("[W]here a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers*."). However, the federal statute in *Sloan*—the Magnuson-Moss Act—only allowed the court to exercise subject matter jurisdiction, and did not authorize nationwide service of process. *See Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668, 671 (E.D. Va. 2000) (finding that "the Magnuson-Moss Act does not authorize nationwide service"). Therefore, the *Sloan* court erred and should have analyzed the personal jurisdiction issue with respect to California's long-arm statute, thus, directly implicating *Bristol-Myers*.

In the instant matter, without a federal basis to exercise personal jurisdiction over Fluent and/or Drips, the Court must look to California's long-arm statute which is consistent with the Fourteenth Amendment's Due Process Clause. In this context, pendent personal jurisdiction is inapplicable. *See Bristol-Myers*, 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.") (emphasis included).

The only purported basis for this Court to exercise personal jurisdiction over Fluent and/or Drips as to Bonano's claims is specific personal jurisdiction. *Id.* at 1779-80. But, as stated above, Bonano's claims fail to give rise to specific jurisdiction over Fluent and Drips in California. Indeed, Bonano was contacted in Ohio, lives in Ohio, and has not alleged that any conduct relevant to his claims occurred in California. *See id.* at 1782; *Gaines*, 2018 U.S. Dist. LEXIS 133019 at *5 (denying leave to amend because the additional named plaintiffs' claims had nothing to do with the defendant's actions in the forum state); *Jackson*, 2018 U.S. Dist. LEXIS 88333 at *17-18 (same); *Muir v. Nature's Bounty (De), Inc.*, No. 15 C 9835, 2018 U.S. Dist. LEXIS 128738, at *14 (N.D. Ill. Aug. 1, 2018) (dismissing non-Illinois plaintiffs' claims because their claims did "not arise from or relate to Defendants' contacts with Illinois, and because *Bristol-Myers* bars Illinois courts from exercising pendent personal jurisdiction based on the alleged existence of a common nucleus of operative fact between those claims and the claims of the

Illinois Plaintiffs"). Accordingly, the Court should deny Plaintiff's request for leave to amend the complaint to include Bonano because it would be futile.

### 3. The Court Lacks Pendent Personal Jurisdiction Over Fluent and Drips

The Court also lacks pendent jurisdiction over Fluent and Drips. The Supreme Court instructs that "pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (citation omitted).

The doctrine of pendent personal jurisdiction is a concept derived out of federal common law. The policy supporting the doctrine of pendent personal jurisdiction is based on "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). However, unlike the TCPA—which does not provide for nationwide service of process[2]—courts have typically applied pendent personal jurisdiction where there are "federal claims for which there is *nationwide personal jurisdiction* [] combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Id.* at 1180-81 (emphasis added); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2018 U.S. Dist. LEXIS 151394, at *149 (S.D. Cal. Sep. 5, 2018) ("The Court has before it federal question claims arising out of the Clayton and Sherman Antitrust Acts, which provide for nationwide personal jurisdiction."); *see also Gaines*, 2018 U.S. Dist. LEXIS 133019 at *7 (questioning whether personal jurisdiction can exist in the absence of a federal statute authorizing nationwide service of process).

In order to exercise pendent personal jurisdiction where (unlike here) a federal statute authorizes nationwide service of process, a court examines whether the "claims in the same suit aris[e] out of a common nucleus of operative facts." *Action Embroidery*, 368 F.3d at 1181.

---

[2] *See Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 862 (N.D. Ill. 2018) (the TCPA "does not provide for nationwide service of process"); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods.*, No. 17-2161, 2018 U.S. Dist. LEXIS 43974, at *9 (E.D. La. Mar. 19, 2018) (same).

Moreover, the doctrine is typically applied to claims involving the same party—not to different parties who independently lack a basis for personal jurisdiction over a defendant. *See id.* Neither factor is present here.

In the instant case, Plaintiff brought a lawsuit under the TCPA against Defendants. Bonano now seeks to join, even though he plainly lacks an independent basis for personal jurisdiction over Fluent and Drips in California. The TCPA does not provide for nationwide personal jurisdiction over Defendants, therefore, the doctrine of pendent personal jurisdiction cannot be applied to Bonano's claims. *See Gaines*, 2018 U.S. Dist. LEXIS 133019 at *7 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002); *Pagano v. Quicken Loans, Inc.*, No. 3:18-cv-117-J-20JBT, 2018 U.S. Dist. LEXIS 120933, at *7-8 (M.D. Fla. July 18, 2018) (declining to exercise pendent personal jurisdiction in a TCPA case brought in Florida where plaintiff who received calls in Florida sought to include an additional named plaintiff who received calls in California and defendant was located in Michigan).

In any event, Bonano's claims do not arise out of the same common nucleus of facts as Plaintiff's claims on this basis as well. *Cf. In re Packaged Seafood Prods.*, 2018 U.S. Dist. LEXIS 151394 at *150 (finding pendent personal jurisdiction appropriate where the common nucleus of operative facts involved the defendants purchase of Bumble Bee in 2010 and knowing participation in a price-fixing conspiracy regarding the canned tuna product); *Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 862 (N.D. Cal. 2018) (finding that state and federal warranty claims arising out of the same defective engine manufactured by defendant "overlap substantially").

Unlike Bonano, Plaintiff claims that he was contacted by Fluent on behalf of Freedom and other debt relief advertisers through the use of Drips' proprietary software (SAC ¶¶ 198-201, 210). In essence, Plaintiff is alleging a violation of the TCPA as against Fluent as the publisher/lead generator. In sharp contrast to the operative facts comprising Plaintiff's claims against Fluent as a publisher, Bonano claims that he was contacted on behalf of Fluent as an advertiser. Bonano alleges that he received a text message and that the URL provided in that text message advertised a website owned or operated by Fluent. (SAC ¶¶ 166-69, 174). Generating leads as a publisher is distinctly different than paying a third-party publisher to advertise goods and services on Fluent's

behalf. The claims are not the same under the TCPA. All of the facts surrounding Bonano's claims will require different proof (e.g., how the third-party publisher obtained consent), additional parties (e.g., the publisher and the sender), and different legal theories (e.g., Fluent does not authorize publishers to send text messages on its behalf). Accordingly, the Court should find that the operative facts are different and decline to exercise jurisdiction over Fluent and Drips.

Because this Court lacks personal jurisdiction to adjudicate the claims of Bonano against Fluent and Drips, leave to amend to add him as a party to this case should be denied on the ground of futility.

> a. The Court Should Not Consider the *Sloan* Ruling

In the recent decision rendered in *Sloan*, the court misapplied the holding of *Action Embroidery* by: (1) applying pendent personal jurisdiction to a case where the federal statute did not authorize nationwide service of process; and (2) applying pendent personal jurisdiction to claims as opposed to parties. *See Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 859 (N.D. Cal. 2018).

In *Action Embroidery*, the Ninth Circuit was clear that pendent personal jurisdiction exists where a federal statute authorizes nationwide service of process. *Action Embroidery*, 368 F.3d at 1180-81. In addition, the court in *Action Embroidery* applied pendent personal jurisdiction to claims made by the same plaintiffs, not by different plaintiffs. *Id.* at 1181. While *Sloan* attempts to broaden the application based on the language used by the Ninth Circuit, that court did not extend the doctrine of pendent personal jurisdiction to different parties. Even *Sloan* recognized this fact. *See Sloan*, 287 F. Supp. 3d at 861 ("Applying pendent personal jurisdiction to such a plaintiff's claims therefore constitutes a factual extension of *Action Embroidery*; the calculus may differ, particularly in light of *Bristol-Myers'* holding that a common nucleus of operative facts was not in and of itself sufficient to justify the exercise of a state court's sovereign power over an out-of-state defendant.").

Importantly, the court in *Sloan* cautioned that "it is by no means clear whether . . . [the] pendent personal jurisdiction doctrine extends categorically to claims brought by different plaintiffs." *Id.* at 861. Based on the *Sloan* court's express limitation, its application should be limited to its facts.

In *Sloan*, the plaintiff's claims involved federal and state warranty claims based on a defective engine manufactured by the defendant. The court found that "several case-specific factors . . . weigh[ed] in favor of finding a requisite nexus and hence personal jurisdiction." *Id.* at 861. For one, the court noted that it would have jurisdiction over absent class members and that the new plaintiffs would be part of the putative class. *Id.* In contrast, here, Bonano will never be part of the same class as Plaintiff as their claims are very different.

Second, the defendant in *Sloan* waived personal jurisdiction defenses with respect to 27 non-California plaintiffs that were previously named in the lawsuit. *Id.* at 861-62. Thus, the court found that the burden of including "only 5 additional Plaintiffs asserting claims under the laws of 2 additional states to this litigation" was de minimis. *Id.* at 862. Here, Defendants have not waived the defense of personal jurisdiction and included that defense in each of their respective answers to the First Amended Complaint.

Finally, the court in *Sloan* found that the defendant would face piecemeal litigation defending itself in different courts, on "nearly identical issues," arising out of the same operative facts (and that the plaintiffs could file in various states and seek to consolidate under the MDL). *Id.* at 862, 863 n.6. Here, the operative facts as to Plaintiff's claims and Bonano's claims differ substantially. In addition, the laws of the federal courts in Ohio and the Sixth Circuit differ in material respects from the law in the Ninth Circuit. There is no chance that Bonano's claims would be joined in an MDL with Plaintiff's claims.

Accordingly, the case specific factors emphasized in *Sloan* are notably absent here and the Court should not apply its reasoning and extend *Action Embroidery* beyond its own holding.

### 4. The Exercise of Pendent Personal Jurisdiction Does Not Comport with Fair Play and Substantial Justice

The exercise of pendent personal jurisdiction by Bonano over Fluent and Drips does not comport with fair play and substantial justice. *Bristol-Myers*, 137 S. Ct. at 1776 ("The 'primary concern' in assessing personal jurisdiction is 'the burden on the defendant.'"). (citation omitted). Similarly, the principles of pendent personal jurisdiction—"judicial economy, avoidance of

piecemeal litigation, and overall convenience of the parties"—is not served by exercising pendent personal jurisdiction over Fluent and Drips. *See Action Embroidery*, 368 F.3d at 1181.

Here, there are significant factual and legal burdens of litigating Bonano's claims in this Court. Bonano's claims involve distinct factual issues from Plaintiff's and involve different parties (including the publisher and the sender of the texts to Bonano) as well as different roles of Fluent (as advertiser compared to as a publisher). In addition, the definition of ATDS is applied differently by the federal district courts in the Sixth Circuit compared to federal courts in the Ninth Circuit. Moreover, the application of *Bristol-Myers* to unnamed class members is also applied differently in federal courts in Ohio compared to federal courts in California.

The discovery burdens also establish that judicial economy will not be served by interjecting new and different facts and claims into this lawsuit. Thus, there should be no concern with respect to piecemeal litigation as Plaintiff's claims will never be joined with Bonano's. Accordingly, it would not be fair for this Court to exercise personal jurisdiction over Fluent and Drips with respect to Bonano's claims.

**B.    The Proposed SAC Should Be Denied Because It is Prejudicial**

As stated above, leave to amend should be denied as prejudicial because Bonano's claims would introduce new issues for discovery. "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Amiri v. Bay Harbour Care Home*, No. 15-cv-03994-JSC, 2018 U.S. Dist. LEXIS 20407, at *15-16 (N.D. Cal. Feb. 7, 2018) (citation omitted).

Here, Bonano's claims have literally zero overlap with Plaintiff's claims. *Cf. Avago Techs. U.S. Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2014 U.S. Dist. LEXIS 200075, at *12 (N.D. Cal. Dec. 10, 2014) ("In this case, any discovery related to the facts for the false advertising and unfair competition claims would be identical to the claim for interference with prospective economic advantage."). As such, Bonano's claims would naturally introduce new issues for discovery—issues concerning a different marketing campaign, with a different publisher, and a

different sender. *See generally M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (finding that leave to amend would be prejudicial to defendants because "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (affirming denial of leave to add claims based on different legal theories and requiring proof of different facts).

Accordingly, the Court should deny leave to amend to include Bonano because it would be prejudicial.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file the Second Amended Complaint because it would be futile and prejudicial to add Bonano.

Dated: October 2, 2018              KLEIN MOYNIHAN TURCO LLP

                                    */s/ Brian P. Astrup*
                                    Brian P. Astrup (*admitted pro hac vice*)
                                    Attorneys for Defendants Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, Inc., and Lead Science, LLC

I hereby attest that I have been authorized by Brian P. Astrup to insert his electronic signature above and to file this document with that signature.

                                    */s/ Jay T. Ramsey*
                                    Jay T. Ramsey