# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL BERMAN,**<br>Plaintiff,<br>vs.<br>**FREEDOM FINANCIAL NETWORK, LLC, ET AL.,**<br>Defendants. | CASE NO. 18-cv-01060-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 68 |

The motion for leave to file Second Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. The motion to amend to add additional allegations regarding text messages received by plaintiff Daniel Berman is **GRANTED**.

The motion to amend to add allegations regarding an additional plaintiff, Patrick Bonano, is **DENIED**. Amendment would be futile due to the lack of allegations to establish this Court has personal jurisdiction over defendants Fluent, Inc. and Lead Science, LLC as to Bonano's claims. Bonano lives in Ohio and does not describe any events occurring in California. His claims against Fluent, Inc. and Lead Science, LLC allege no connection to the State of California. He alleges no contacts to establish general or specific jurisdiction. Instead he relies on pendent personal jurisdiction, based upon Berman's allegations of personal jurisdiction.

Plaintiff does not offer persuasive authority that the doctrine of pendent jurisdiction would apply here. Unlike *Action Embroidery*, the claims at issue here are not "federal claims for which there is nationwide personal jurisdiction [] combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). Further, unlike *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 859–60 (N.D. Cal. 2018), the federal TCPA claims at issue here do not include a statutory expansion of personal jurisdiction broader than California's long arm statute would permit. The cases cited by Berman on reply, indicating that *unnamed* class members need not establish personal jurisdiction against defendants, only serve to underline the point that *named* plaintiffs must do so.

Although the Supreme Court in *Bristol-Myers* did not reach the issue of due process limitations on personal jurisdiction in the context of federal statutory claims, Berman offers no authority to suggest that those due process concerns would be different where a non-resident named plaintiff asserts personal jurisdiction over a non-resident defendant and the federal statute at issue does not provide for extraterritorial service of process. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1781 (2017) (a defendant's relationship with another party, standing alone, is an insufficient basis for jurisdiction as to a non-resident plaintiff, even when the resident plaintiff can bring claims similar to the non-resident).[1]

Moreover, plaintiff Berman's claim is subject to a significant standing challenge and factually distinguishable from the allegations giving rise to Bonano's claim. While arising under the same statute and thus alleging similar facts, Bonano's claims do not arise out of the same operative facts as Berman's. Even if pendent personal jurisdiction were applicable, plaintiff is unable to demonstrate that the factors of judicial economy, avoidance of piecemeal litigation, and convenience would warrant the Court's exercise of discretion to maintain jurisdiction over Bonano's claims in a California federal court.

Consequently, leave to amend to add Bonano's claims would be futile due to lack of personal jurisdiction or a persuasive legal and factual basis for pendent jurisdiction.

Plaintiff shall file an amended complaint consistent with this Order no later than **October 30, 2018**.

This terminates Docket No. 68.

**IT IS SO ORDERED.**

Dated: October 23, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Where no federal statute specifies personal jurisdiction, a California district court applies California's long-arm statute, the limits of which are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d 1088 (S.D. Cal. 2018) (quoting *Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir. 1974).