UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN, <br><br> Plaintiff, <br><br> v. <br><br> FREEDOM FINANCIAL NETWORK, LLC, et al., <br><br> Defendants. | Case No.18-cv-01060-YGR (JSC) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT LETTER** <br><br> Dkt. No. 89 |

Plaintiff brings a putative class action against Defendants for violation of the Telephone Communications Privacy Act. Now pending before the Court is a discovery dispute joint letter from the parties regarding whether Plaintiff can contact consumers identified on the call logs produced by or to be produced by Defendants. (Dkt. No. 89.) After considering the parties' joint discovery letter brief, the Court concludes that there is no good reason to bar Plaintiff from contacting consumers on the call logs, consumers who are potential percipient witnesses with information directly relevant to the issues in this case, including class certification issues. The cases cited by Defendants do not persuade the Court otherwise. First, all recognize the appropriateness of producing the call log information. Second, the two cases that included a non-contact order did not contain any reasoning as to why a complete bar was warranted. Further, Defendants' argument assumes they win the case, an assumption not yet borne out by the evidence.

Nonetheless, the Court is mindful that the only reason Plaintiff can contact these consumers is because Plaintiff filed a lawsuit. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (putative class members have a privacy interest in their contact information); *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at *3 (N.D. Cal.

Apr. 1, 2010) ("the potential putative class members in this controversy have a legally protected interest in the privacy of their phone numbers and a reasonable expectation of privacy"). In other words, these potential class members did not consent to being contacted by telephone by Plaintiff's counsel and thus their privacy rights are implicated. *See Willner v. Manpower, Inc.*, No. C 11-2846 JST (MEJ), 2013 WL 12324002, at *2 (N.D. Cal. Mar. 27, 2013) ("Contact by telephone constitutes a more serious invasion of privacy because the putative class members cannot ignore a telephone call the same way they can ignore a solicitation that arrives by mail.") Accordingly, to ensure that the harm which Plaintiff is attempting to redress through this lawsuit is not exacerbated by Plaintiff's efforts to contact consumers, the Court orders Plaintiff to submit to the Court a proposed protective order that includes a detailed plan for how he is going to contact these consumers and other proposed limitations on the use of this information. *See, e.g., Khalilpour*, 2010 WL 1267749, at *4. Unless and until the Court approves Plaintiff's proposed protective order, Plaintiff shall refrain from directly contacting consumers identified on the call logs. This Order does not prohibit Plaintiff from communicating with consumers who initiate any communication.

This Order disposes of Docket No. 89.

**IT IS SO ORDERED.**

Dated: November 1, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge