1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6
7

**DANIEL BERMAN,**

CASE NO. 18-cv-01060-YGR

8

Plaintiff**,**

**ORDER DENYING MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) AND TO STRIKE ALLEGATIONS OR DENY CLASS CERTIFICATION; DENYING MOTION FOR LEAVE TO FILE SUR-REPLY**

9

vs.

10

**FREEDOM FINANCIAL NETWORK, LLC, ET AL.,**

11

Defendants**.**

Re: Dkt. No. 94, 120

12
13

The motion of defendant Freedom Debt Relief LLC *et al.* (Dkt. No. 94) to dismiss for lack

of standing, and to strike class allegations or deny class certification is **DENIED**.

14
15

With respect to the motion to dismiss for lack of jurisdiction based upon plaintiff's failure

to establish standing, there are factual issues in dispute that cannot be determined based upon the

16

record here. The issue of whether plaintiff has standing to assert claims for violation of the

17

Telephone Consumer Protection Act ("TCPA") is not appropriate for resolution in the context of

18

this motion. Defendants contend that there is no injury fairly traceable to their conduct since

19

plaintiff's phone number was registered on Fluent's website, providing consent to be called.

20

However, defendants concede that plaintiff has stated under oath that he never gave the purported

21

consent upon which defendants rely. Further, plaintiff alleges in the SAC, and offers evidence to

22

suggest, that defendants knew the consents obtained from plaintiff and others were not valid.

23

Although Fluent contends that some third party, yet to be identified, must have entered false

24

registrations on its website, and that it properly relied on those registrations to establish consent to

25

be called, that position has not been supported by undisputed evidence. Thus, the Court defers the

26

standing issue for determination on a more fulsome record.

27

With respect to the motion to strike the class allegations or to deny class certification, the

28

motion is premature. Motions to strike are generally disfavored unless it is clear the matter sought

to be stricken could have no possible bearing on the subject matter of the litigation. *See*, *e.g.*, *Shaterian v. Wells Fargo Bank, N.A.,* 829 F.Supp.2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank,* 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)); *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000). The decision whether to strike portions of a pleading is committed to the sound discretion of the district court. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). As plaintiff has filed his motion for class certification, the Court will resolve the class certification issues in that context.

The motion for leave to file a sur-reply (Dkt. No. 120) is **DENIED**.

This terminates Docket Nos. 94 and 120.

**IT IS SO ORDERED.**

Dated: February 15, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**