SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
BRIAN P. ASTRUP (admitted *pro hac vice*)
450 Seventh Avenue, 40th Floor
New York, New York 10123
Telephone:    212-246-0900
Facsimile:    212-216-9559
bastrup@kleinmoynihan.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
INC., and LEAD SCIENCE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DANIEL BERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>    Defendants.<br><br>FREEDOM FINANCIAL NETWORK, LLC and FREEDOM DEBT RELIEF, LLC,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>DOES 1 through 5,<br><br>    Third-Party Defendants. | Case No.: 4:18-CV-01060-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 9, 2019<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor |

{00132261;1}                                                                     Case No. 4:18-cv-01060-YGR
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 9, 2019 at 2:00 p.m. or as soon thereafter as counsel may be heard by the above-captioned Court, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 1, 4th Floor in the Courtroom of Judge Yvonne Gonzalez Rogers, Defendants Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, Inc., and Lead Science, LLC (collectively, "Defendants") will and hereby do move the Court for an order granting their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations submitted by Defendants (Dkt. Nos. 16-1, 152-1, 152-2, 152-3, 152-4, 152-5, and 152-6) and exhibits thereto, the Declaration of Plaintiff Daniel Berman (Dkt. No. 17-1), and the Declaration of Jay T. Ramsey filed concurrently herewith, the pleadings and papers on file herein, and upon such matters as may be presented to the Court at the time of the hearing.

**CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED**

Whether the Court should dismiss Plaintiff's Second Amended Complaint ("SAC") based on summary judgment because it is undisputed that Defendants acted reasonably and in good faith in contacting Plaintiff's telephone number.

In the alternative, whether the Court should dismiss the SAC based on summary judgment because: (i) Plaintiff's injury was caused by a third party not before this Court; (ii) Plaintiff's claim for injunctive relief is moot; (iii) Plaintiff lacks standing to challenge Fluent's TCPA consent or compliance with the E-Sign Act; or (iv) Plaintiff failed to establish his entitlement to treble damages under the TCPA.

Dated: March 5, 2019         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                             By       */s/ Jay T. Ramsey*
                                      JAY T. RAMSEY

                             KLEIN MOYNIHAN TURCO LLP
                             Brian P. Astrup (admitted *pro hac vice*)

                             Attorneys for Defendants Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, Inc., and Lead Science, LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF UNDISPUTED FACTS .........................................................................2

    A. Fluent's Business.................................................................................................................2

    B. The Freedom Campaign At Issue ......................................................................................2

    C. Plaintiff's Phone Number Was Called Because Some Individual Used It To Register On a Fluent Website......................................................................................................3

III. SUMMARY JUDGMENT STANDARD .............................................................................4

    A. Defendants Acted Reasonably And In Good Faith When They Contacted Plaintiff's Phone Number..........................................................................................................5

    B. Plaintiff Lacks Standing To Pursue His Claim ................................................................7

    C. Plaintiff's Claim for Treble Damages Fails As A Matter of Law ...................................7

    D. Plaintiff's Request for Injunctive Relief is Moot .............................................................8

    E. Plaintiff Does Not Have Standing to Challenge Fluent's TCPA Disclosures and Compliance with the E-Sign Act ...............................................................................................9

IV. CONCLUSION ......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayer v. Neiman Marcus Grp.*
    861 F.3d 853 (9th Cir. 2017)..................................................................................................9

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) ...............................................................................................................4

*Chyba v. First Fin. Asset Mgmt.*
    2013 U.S. Dist. LEXIS 165276 (S.D. Cal. Nov. 20, 2013).................................................5, 6

*Danehy v. Time Warner Cable Enters.*
    2015 U.S. Dist. LEXIS 125325 (E.D.N.C. Aug. 6, 2015) ..................................................5, 6

*Harris v. World Fin. Network Nat'l Bank*
    867 F. Supp. 2d 888 (E.D. Mich. 2012)..................................................................................8

*Haysbert v. Navient Solutions, Inc.*
    2016 U.S. Dist. LEXIS 30720 (C.D. Cal. Mar. 8, 2016) ........................................................8

*Labau v. Cellco P'ship*
    2014 U.S. Dist. LEXIS 89602 (E.D. Cal. June 30, 2014)...............................................5, 6, 7

*Lary v. Trinity Physician Fin. & Ins. Servs.*
    780 F.3d 1101 (11th Cir. 2015)...............................................................................................8

*Leonhart v. Nature's Path Foods, Inc.*
    2014 U.S. Dist. LEXIS 46413 (N.D. Cal. Mar. 31, 2014) ......................................................9

*McBeth v. Credit Prot. Ass'n, L.P.*
    2015 U.S. Dist. LEXIS 94016 (M.D. Fla. July 20, 2015).......................................................8

*Meyer v. Portfolio Recovery Assocs., LLC*
    707 F.3d 1036 (9th Cir. 2012).................................................................................................5

*Roark v. Credit One Bank, N.A.*
    2018 U.S. Dist. LEXIS 193252 (D. Minn. Nov. 13, 2018).....................................................5

*Sapan v. Home Star Capital, Inc.*
    2016 U.S. Dist. LEXIS 144381 (C.D. Cal. Oct. 17, 2016) .....................................................8

*T. K. v. Adobe Sys.*
    2018 U.S. Dist. LEXIS 65557 (N.D. Cal. Apr. 17, 2018).......................................................9

*Twitter, Inc. v. Holder*
    183 F. Supp. 3d 1007 (N.D. Cal. 2016) ..................................................................................7

*Walsh v. Nevada Dep't of Human Res.*
    471 F.3d 1033 (9th Cir. 2006) ................................................................................................. 9

**Statutes**

15 U.S.C. § 7006(1) ........................................................................................................................ 9

47 U.S.C. § 227 ........................................................................................................................ 5, 7

## I. INTRODUCTION

On December 24, 2017, some individual using the name Dunk Loka visited a website owned and operated by Fluent, Inc. ("Fluent"), registered on the website, and provided TCPA consent to be contacted by Fluent and its Marketing Partners. Based on that registration, Fluent or its Marketing Partners attempted to contact Mr. Loka on various occasions between December 26, 2017 and February 14, 2018 at the phone number that he provided during the registration. Unbeknownst to Defendants, during that entire period, the phone number they were contacting actually belonged to Plaintiff Daniel Berman. Mr. Berman never opted-out of receiving the contacts (despite having the opportunity to do so), never complained, never indicated that Defendants had the wrong number, and never even asked why he was receiving messages trying to contact Dunk Loka. On February 14, 2018, Mr. Berman answered the telephone call and, during the call, identified himself as Dan Johnson. He did not complain about receiving the call, did not ask why Defendants were attempting to contact Dunk Loka, did not ask not to be contacted again, and even stated that he was interested in receiving debt relief services offered by Defendants Freedom Financial Network, LLC and Freedom Debt Relief, LLC (collectively, "Freedom"). Five days later, Plaintiff filed this lawsuit. Plaintiff has not been contacted again and will not be contacted again.

Based on these facts, summary judgment should be granted in Defendants' favor and Plaintiff's Second Amended Complaint ("SAC") should be dismissed. The undisputed facts establish that Defendants obtained TCPA consent and contacted Plaintiff's phone number in the good faith, believing that they were contacting Dunk Loka, who was interested in debt relief services. Based on the same facts—namely, that Plaintiff's injury, if any, was caused by third-party, Dunk Loka—Plaintiff lacks standing to sue. In the alternative, for the reasons explained below, the Court should (at the very least) grant Defendants' Motion and enter judgment in Defendants' favor on the SAC insofar as it: (i) seeks injunctive relief; (ii) seeks to challenge Fluent's TCPA consent or compliance with the E-Sign Act; or (iii) seeks treble damages under the TCPA.

## II. STATEMENT OF UNDISPUTED FACTS

### A. Fluent's Business

Fluent is a digital marketing company that generates leads for its customers. (Declaration of Daniel Barsky, Dkt. No. 152-1 ("Barsky Decl.") at ¶ 5.) Fluent's customers are generally companies that offer one or more services to consumers. (*Id.*) Fluent provides these companies with contact information for consumers who Fluent identifies as individuals who may be interested in the companies' respective products or services. (*Id.*)

Fluent operates a number of consumer-facing websites on which consumers can register, in exchange for which the consumers are offered the opportunity to obtain rewards, enter into sweepstakes, receive job listings, receive product samples, or receive other content (each a "Website" and collectively, "Websites"). (*Id.* at ¶ 5.) In order to be eligible for these opportunities, consumers provide certain personal information and answer a series of survey questions. (*Id.* at ¶¶ 14, 17.) If the consumer also provides consent to be contacted by text message or autodialed phone call (which is not required to obtain the rewards or other content), Fluent may then contact that consumer's phone number on behalf of one or more of its customers. (*Id.* at ¶¶ 18-19.)

### B. The Freedom Campaign At Issue

Freedom provides debt relief services to consumers. (*See* Declaration of Dharma Naik, Dkt. No. 152-5 ("Naik Decl.") at ¶ 4.) Freedom engaged Fluent in a marketing campaign to locate potential customers (leads) who had a certain amount of debt. (Barsky Decl. at ¶¶ 7, 32.) A certain number of the leads were then contacted, either by phone call or text. The platform used to send the text messages and telephone calls was provided by Defendant Lead Science, LLC. (Barsky Decl. ¶ 8.) The official marketing campaign ran from about September 2017 to April 2018.

Fluent provided Freedom with potential leads only if those consumers answered survey questions in a manner that identified them as potential Freedom customers and ***only if they provided TCPA consent***. (*Id.* at ¶ 32.) These individuals also agreed to the Terms & Conditions, including the arbitration clause that contains a class action waiver. (*Id.*)

C. **Plaintiff's Phone Number Was Called Because Some Individual Used It To Register On a Fluent Website**

Plaintiff's claim ***does not*** arise out of a visit to a Fluent Website, in which he completed a registration, reviewed Fluent's Terms & Conditions, agreed to mandatory arbitration, responded to survey questions, and then was presented with Fluent's TCPA disclosures. In fact, Plaintiff states that prior to this lawsuit, he had never visited a Fluent Website. (Declaration of Daniel Berman, Dkt. No. 17-1 at ¶¶ 6-8.)

Instead, on December 24, 2017, some individual with Plaintiff's phone number visited a Fluent Website, registered with his phone number, agreed to the Terms & Conditions, responded to survey questions in a manner that identified the individual as a potential Freedom customer, and provided TCPA consent. (*See* Declaration of Mitenkumar Bhadania, Dkt. No. 152-3 ("Bhadania Decl."), Ex. 1.) The information inputted as part of the registration included, among other things, Plaintiff's phone number, the name Dunk Loka, and the email address buffola@gmail.com. (*Id.*)

Specifically, Fluent's records reflect that the registration occurred on December 24, 2017 at 5:39:16 PM Pacific time, and was completed by an individual using a Samsung Galaxy J3 mobile phone. (Bhadania Decl., Ex. 1; Declaration of Brian P. Astrup, Dkt. No. 152-4 ("Astrup Decl."), Ex. 2.) Fluent's records also reflect the IP address used to complete the registration. (Bhadania Decl., Ex. 1.) Based on information obtained via subpoena to Comcast, the IP address is for the wireless Internet at Wescafe, a coffee shop in Alameda, California. (Astrup Decl., Ex. 3.) Further, based on a subpoena to Google, Defendants learned that the email address used on the registration is an email account that has been active since 2007. (Astrup Decl., Ex. 4.)

On December 26, 2017, Plaintiff's phone number began receiving calls marketing debt relief services addressed to the name "Dunk." (*See* Declaration of Jay Ramsey ("Ramsey Decl."), Ex. 3; Dkt. No. 144-3.) In total, Plaintiff received 18 text messages and three phone calls between December 26, 2017 and February 14, 2018. All of these contacts arose from the registration received by Fluent concerning Dunk Loka. (Barsky Decl. at ¶ 38.) The texts advised that Plaintiff could opt-out by responding "No" or "Stop." (Ramsey Decl., Ex. 3; Dkt. No. 144-3.) Plaintiff saw that the

texts provided an option to opt-out, but claims that by actually opting-out he would be confirming his phone number to "criminals." (Ramsey Decl., Ex. 1, Deposition of Plaintiff Daniel Berman ("Berman Dep.") at 58:13-25, 60:5-15) Plaintiff never tried to opt-out. (*Id.* at 60:25-61:21, 63:9-14.)

On February 14, 2018, Plaintiff received one text message and one phone call on behalf of Freedom at his cellular phone number (SAC ¶¶ 136-39). Plaintiff answered the phone call. The person he spoke with identified himself as Cody Longfield and identified Freedom as the company he was calling on behalf of. (*See* FREEDOM_000514.)[1] During the phone call, Plaintiff identified himself as "Dan Johnson" and claimed to be interested in Freedom's debt relief services. (*Id.*) He did not complain about the call or ask why Defendants were trying to contact Dunk Loka at his telephone number. (*Id.*) Plaintiff did not ask not to be contacted again. (*Id.*)

During this call, Plaintiff claims that he provided a fake name because he thought the call was some kind of identity theft scam. (Berman Dep. at 63:25-64:15.) Despite the caller identifying himself as Cody Longfield from Freedom Financial, Plaintiff "didn't know who [he] was talking to – or who they were or – or anything about these people." (*Id.* at 64:7-9, 64:16-22.)

Nevertheless, <u>five days later</u>, Plaintiff filed suit. Once Defendants learned that Plaintiff was not Dunk Loka, his phone number was never contacted again and it will not ever be contacted again. (Dkt. No. 152-5 at ¶ 7; 152-1 at ¶ 39.)

### III.  SUMMARY JUDGMENT STANDARD

The "[s]ummary judgment procedure is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Defendants are entitled to summary judgment as a matter of law because "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56.

---

[1] Defendants can provide the Court with a copy of the recorded conversation between Plaintiff and Freedom, which has been produced in discovery.

The Ninth Circuit has stated that "[t]he three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1). "The statute specifically exempts from liability a caller who has consent to call the cellular telephone number." *Chyba v. First Fin. Asset Mgmt.*, 2013 U.S. Dist. LEXIS 165276, at *28 (S.D. Cal. Nov. 20, 2013) (citing 47 U.S.C. § 227(b)(1)(A).

Here, there is no genuine dispute concerning the following material facts: (a) based on Dunk Loka's registration and provision of TCPA consent, Defendants acted reasonably and in good faith in contacting Plaintiff's phone number; (b) Plaintiff's injury, if any, was caused by the third-party individual who registered Plaintiff's phone number Fluent's website; (c) Defendants' conduct was not knowing or willful; (d) Plaintiff's request for injunctive relief is moot; and (e) Plaintiff cannot assert claims challenging Fluent's website disclosures. As such, the Court should grant Defendants' motion for summary judgment.

### A. Defendants Acted Reasonably And In Good Faith When They Contacted Plaintiff's Phone Number

There are at least four courts that have found no liability where the defendants reasonably relied in good faith on the consent provided to call a phone number and immediately stopped calling upon discovering that the person who provided consent could not be reached at that phone number. *Labau v. Cellco P'ship*, 2014 U.S. Dist. LEXIS 89602, at *7-8 (E.D. Cal. June 30, 2014); *Chyba*, 2013 U.S. Dist. LEXIS 165276 at *28; *Danehy v. Time Warner Cable Enters.*, 2015 U.S. Dist. LEXIS 125325, at *15 (E.D.N.C. Aug. 6, 2015); *see also Roark v. Credit One Bank, N.A.*, 2018 U.S. Dist. LEXIS 193252, at *2, 8 (D. Minn. Nov. 13, 2018) (granting summary judgment by finding no TCPA liability for 140 calls made to plaintiff where the defendant reasonably relied upon the consent provided by the previous owner of the phone number and stopped calling after learning the phone number had been reassigned).

Here, like in the cases above, Defendants' reasonable, good faith reliance on the consent provided by the individual who registered with Plaintiff's phone number defeats Plaintiff's claim.

Not only did Fluent obtain prior express consent to contact Plaintiff's phone number, but Defendants believed in good faith that: (i) they were contacting Dunk Loka; (ii) who was interested in debt relief services. *See Danehy*, 2015 U.S. Dist. LEXIS 125325 at *15 ("Even assuming that the prior express consent of TWC's Customer did not operate as consent by plaintiff, it is undisputed that defendant believed in good faith not only that it did have consent to call the [phone] number, but also that the calls were being made for a service TWC's Customer had requested.").

Moreover, Defendants stopped calling as soon as they learned that Plaintiff was not Dunk Loka. *See id.* As such, the imposition of liability here would be unjust. *Id.*; *Chyba*, 2013 U.S. Dist. LEXIS 165276 at *33 ("Even if Plaintiff is correct in stating that she never gave Defendant or Enterprise consent to call, and there was no actual prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it.").

Similarly, in *Labau*, the court recognized the good faith defense on facts similar to this case. *Labau*, 2014 U.S. Dist. LEXIS 89602, at *7-8. The court found that plaintiff's brother-in-law provided consent to be called at plaintiff's phone number. *Id.* at *7. Defendants began to call the number it had on file to collect an overdue bill in "reasonable, good faith pursuit of what they were owed." *Id.* And, after learning that the phone number provided was not the phone number of their customer, they stopped calling. *Id.* Here, as noted above, Defendants contacted the phone number provided and immediately stopped upon learning that they were not contacting the person who registered on a Fluent Website. In denying leave to amend the complaint in *Labau*, the court recognized:

> The purpose of the Telephone Consumer Protection Act is to protect citizens from "invasion of privacy." S. REP. 102-178, 5, 1991 U.S.C.C.A.N. 1968, 1973. Assuming that any invasion of Plaintiff's privacy occurred here, the culprit is not Defendants, but Plaintiff's former brother-in-law. As such, no amendment can save Plaintiff's complaint against Verizon from summary judgment, and therefore any amendment would necessarily be futile.

*Labau*, 2014 U.S. Dist. LEXIS 89602 at *7-8; *Chyba*, 2015 U.S. Dist. LEXIS 165276 at *32 (finding that the defendant who received plaintiff's number from a third-party and called her to collect a debt believing that the third-party had obtained consent, "[t]here appears to have been little that

[d]efendant could have done to further ascertain whether there was consent, except to call [p]laintiff at her home").

Here, Defendants could not have done more to comply with the law. They obtained TCPA compliant consent and stopped calling after learning that Plaintiff was not Dunk Loka. Accordingly, the Court should grant summary judgment in favor of Defendants.

### B. Plaintiff Lacks Standing To Pursue His Claim

Plaintiff's SAC should be dismissed under FRCP 12(b)(1) for lack of subject matter jurisdiction because Plaintiff cannot establish the elements of standing. *See Twitter, Inc. v. Holder*, 183 F. Supp. 3d 1007, 1010 (N.D. Cal. 2016) (Gonzalez Rogers, J.). The Court deferred this issue to be determined upon a more fulsome record. (Dkt. No. 147.) Here, the undisputed facts establish that some individual not yet before this Court used Wescafe's Wi-fi, on a Samsung Galaxy J3 phone, and registered with Plaintiff's phone number using the name Dunk Loka and providing an email address that has been active since 2007. This individual is responsible for causing Plaintiff to be contacted.

Indeed, the undisputed evidence reveals that: (i) the messages sent to Plaintiff's phone were addressed to Dunk; (ii) Plaintiff never opted-out to receive text messages addressed to Dunk; (iii) Plaintiff never advised Defendants that he was not Dunk; and (iv) Plaintiff was never contacted after Defendants learned that he was not Dunk. *See Labau*, 2014 U.S. Dist. LEXIS 89602, at *7-8 (finding that the plaintiff's brother-in-law caused her to be contacted). Accordingly, Plaintiff's injury was not caused by Defendants.

### C. Plaintiff's Claim for Treble Damages Fails As A Matter of Law

There is no material fact to support any contention that Defendants acted willfully or knowingly, which might entitle Plaintiff to treble damages under the TCPA. 47 U.S.C. § 227(b)(3) ("If the court finds that the defendant willfully or knowingly violated this subsection . . . the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.").

Plaintiff has not (and cannot) proven that Defendants knew they were "performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015). Indeed, Plaintiff must establish that Defendants "knew . . . that it was calling a cellular telephone, and that the person whom it was calling did not consent to being called." *McBeth v. Credit Prot. Ass'n, L.P.*, 2015 U.S. Dist. LEXIS 94016, at *10 (M.D. Fla. July 20, 2015). Here, Defendants did not "willfully or knowingly" violate the TCPA, and indeed, had no knowledge that someone other than Dunk Loka was receiving calls placed to the phone number used to register and consent on Fluent's Website. *See e.g., Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012) (finding that plaintiff must prove that "Defendants knew that plaintiff did not consent to the phone calls"). Moreover, once Defendants became aware that the phone number belonged to Plaintiff, they stopped calling.

Simply knowing that a call may have been placed is insufficient to support the drastic award of trebled damages. *Sapan v. Home Star Capital, Inc.*, 2016 U.S. Dist. LEXIS 144381, at *16 (C.D. Cal. Oct. 17, 2016) (finding the reasoning that a defendant knowing it was making a call to support the "'willfully or knowingly' standard is puzzling: if simple knowledge that one was making a call were sufficient to access enhanced damages, they would be available in nearly every case"); *Lary*, 780 F.3d at 1107 ("If we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are not 'willful[] or knowing[].'"); *Haysbert v. Navient Solutions, Inc.*, 2016 U.S. Dist. LEXIS 30720, at *29 (C.D. Cal. Mar. 8, 2016) ("The Court agrees with those that have held the statute requires a defendant to intend or know that it was performing each of the elements of a TCPA claim (i.e., that it was making a call, to a person who did not provide prior express consent, using an automated system."). The undisputed facts here demonstrate that Defendants did not have knowledge of any purported TCPA violation.

### D.     Plaintiff's Request for Injunctive Relief is Moot

There are no facts to support Plaintiff's claim for injunctive relief. "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman*

*Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502, 312 U.S. App. D.C. 427 (D.C. Cir. 1995)). Moreover, "[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *T. K. v. Adobe Sys.*, 2018 U.S. Dist. LEXIS 65557, at *40 (N.D. Cal. Apr. 17, 2018) (citation omitted). In the instant case, the Freedom-Fluent marketing campaign ended in April 2018. In addition, Plaintiff's phone number has not (and will not) be contacted again by any Defendant. (*See* Barsky Decl. at ¶ 39; Naik Decl. at ¶¶ 7-8; Declaration of Tom Martindale, Dkt. No. 152-6 at ¶¶ 5-7.) There is no factual basis to support Plaintiff's claim that he will be contacted again. Accordingly, Court should dismiss Plaintiff's injunctive relief claim.

### E. Plaintiff Does Not Have Standing to Challenge Fluent's TCPA Disclosures and Compliance with the E-Sign Act

The Court should grant Defendants' motion for summary judgment because Plaintiff, despite purporting to challenge Fluent's TCPA disclosures and E-Sign Act compliance, does not have standing to do so. *See e.g., Leonhart v. Nature's Path Foods, Inc.*, 2014 U.S. Dist. LEXIS 46413, at *14-15 (N.D. Cal. Mar. 31, 2014) ("Plaintiff asserts claims regarding statements she never saw and products she did not buy. . . . Accordingly, Plaintiff lacks standing to bring claims as to unpurchased products and the claims are dismissed."); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036-37 (9th Cir. 2006) (concluding a plaintiff requesting an injunction requiring her former employer to adopt and enforce lawful policies "lacked standing to sue for injunctive relief from which she would not likely benefit"). Plaintiff admits that he did not visit a Fluent Website prior to this lawsuit. (Berman Dep. at 34:8-17.) Therefore, Plaintiff never reviewed Fluent's Terms and Conditions and did not review Fluent's TCPA disclosures.[2] There is no genuine dispute concerning

---

[2] In addition, Plaintiff cannot challenge Fluent's compliance with the E-Sign Act because he is not a consumer for purposes of the E-Sign Act. The E-Sign Act defines a consumer as "an individual who obtains, through a transaction, products or services which are used primarily for personal, family, or household purposes, and also means the legal representative of such an individual." 15 U.S.C. § 7006(1). Accordingly, Plaintiff cannot say that Section 7001(c), which is only applicable to consumers, applies to him.

these facts. Accordingly, summary judgment must be granted in favor of Defendants insofar as Plaintiffs' claims are based on a challenge to Fluent's website disclosures.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' motion for summary judgment.

Dated: March 5, 2019            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By            /s/ Jay T. Ramsey
                   JAY T. RAMSEY

KLEIN MOYNIHAN TURCO LLP
Brian P. Astrup (admitted *pro hac vice*)

Attorneys for Defendants Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, Inc., and Lead Science, LLC