UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01060-YGR (JSC)<br><br>**ORDER REGRDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 158 |

Now pending before the Court is the parties' joint discovery dispute letter. (Dkt. No. 158.) The Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

1. The Court is not certain as to what the dispute, if any, under "posture" is about as there is no particular discovery request at issue.

2. **RFP 19**: Plaintiffs request ESI regarding Fluent's correction of an error in lead generation. Plaintiffs do not contend that such evidence is relevant to a claim in this action, but instead imply that Fluent might offer evidence of its correction as a defense. It should go without saying that Fluent cannot rely on evidence that it refuses to produce; in other words, the Court understands Fluent's objection to production to mean that it does not intend to offer evidence that it corrected the identified error in defense of this action. If it does intend to argue that it corrected the error, then some (and not necessarily "all") ESI is warranted: Plaintiffs are not required to merely accept Fluent's word.

3. RFP 22: Plaintiff seeks deposition transcripts of Fluent or its affiliates or employees (but not experts) in which Fluent's lead generation was discussed. Fluent's description

of its practices and how it obtains consent is relevant to this action and Fluent has not identified any burden in production. Fluent's objection that Plaintiffs have subpoenaed the transcripts from counsel involved in those other litigations turns Rule 45 on its head; a party is supposed to first seek discovery from an opposing party before burdening non-parties. Plaintiffs' narrowed request is GRANTED. The transcripts shall be produced within 30 days of this Order.

4. RPF Nos. 27 & 28: Complaints regarding campaigns other than the Freedom campaign are relevant to Defendants' knowledge of the accuracy of the purported consents to telemarketing. Such relevance has to be weighed against the burden of production; yet, Defendants offer no evidence of the burden involved. Accordingly, on or before March 29, 2019, Defendants must specifically respond to Plaintiffs' narrowed request and identify what, if anything it is willing to produce and, if not willing to produce something, offer a declaration that supports an assertion of burden. Such evidence should have been submitted with the letter brief and should have been part of the meet and confer process. The Court will nonetheless give Defendants an additional opportunity to meet their obligations.

**IT IS SO ORDERED.**

Dated: March 13, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge