# Ex. A

# Plaintiff's Discovery Requests to Fluent

Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

Anthony I. Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (508) 221-1510
Facsimile:  (617) 830-0327

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL BERMAN,

           Plaintiff,

    v.

FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
Inc., and LEAD SCIENCE, LLC

           Defendants.

Case No. 4:18-cv-01060-DMR

PLAINTIFF'S FIRST SET OF
DISCOVERY

JURY TRIAL DEMAND

Complaint Filed:  February 19, 2018

TO:    FLUENT, INC.; and

TO:    ITS ATTORNEYS OF RECORD:

       Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's First

Set of Interrogatories and Plaintiff's First Set of Requests for Production (collectively,

"Plaintiff's First Set of Discovery") are hereby propounded to Fluent, Inc. ("Fluent" or

"Defendant") and its attorneys of record.  This discovery is intended to draw upon the combined

knowledge of you, your agents and your attorneys.

1

### I.    INSTRUCTIONS

2      Pursuant to Fed. R. Civ. P. 33, submit your answers to the interrogatories herein in

3  writing and under oath to the undersigned counsel within thirty (30) days from the date of service

4  on you.  If any of these interrogatories cannot be answered in full, then you should answer to the

5  fullest extent possible, specifying the reasons for your inability to answer the remainder, and

6  stating whatever information or knowledge you have concerning the unanswered portion or

7  portions. In answering these interrogatories, furnish such information as is available to you,

8  regardless of whether this information is obtained directly by you, through your agents or

9  representatives, or by any of your attorneys.  For each interrogatory, please identify all persons

10  who provided information used in answering it.

11      These interrogatories are continuing in nature.  In accordance with Fed. R. Civ. P. 26,

12  you are required to supplement your answers to the interrogatories in the event new or additional

13  information becomes known to you.

14      With respect to the requests pursuant to Fed. R. Civ. P. 34:

15      1.      If Defendant withholds the production of any document that is responsive to the

16  following requests on the grounds that the document is privileged or otherwise protected,

17  Defendant shall state in a privilege log the nature of the claim of privilege or protection and

18  describe generally the type and nature of the document; the date of the document; the identity of

19  the author(s), the addressees, and any recipients of the document; the document's present

20  location; and any other information that will enable PLAINTIFF and the Court to assess the

21  applicability of the privilege or protection.

22      2.      Unless otherwise indicated, these requests shall pertain to the time period four

23  years before the filing of the Complaint through the present and shall include all documents and

24  information that relate in whole or in part to such period, or to events or circumstances during

25  such period, even though dated, prepared, generated, or received before or after that period.

26      3.      All requests for computerized data are to be produced in a computer-readable

27  format.

28

4.     Defendant is required to produce all the requested documents that are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of Defendant or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other PERSON acting on Defendant's behalf.

5.     If a DOCUMENT responsive to these requests was at any time in Defendant's possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

a.     Whether the DOCUMENT is missing or lost;

b.     Whether the DOCUMENT has been destroyed;

c.     Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

d.     Whether the DOCUMENT has been otherwise disposed of; and

e.     The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

6.     Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

7.     These Requests shall be deemed continuing so as to require seasonable supplemental responses as the Defendant or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

## II.     DEFINITIONS

The following terms shall have the following meanings:

8.     The term "DOCUMENT" or "DOCUMENTS" as used herein shall refer to all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced, reproduced, archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or previously had access, including all ELECTRONICALLY STORED INFORMATION.

9.     "ELECTRONICALLY STORED INFORMATION" ("ESI") as used herein means any electronic DOCUMENT or WRITTEN COMMUNICATION and includes, without limitation, the following:

      a.     Activity listings of electronic mail receipts and/or transmittals;

      b.     Output resulting from the use of any software program (whether such program is hosted locally, on a dedicated server, in the cloud, or otherwise), including without limitation word processing DOCUMENTS, notes, task lists, calendar entries, slideshows, spreadsheets, DATABASE files, charts, graphs and outlines, electronic mail, text or multi-media messages, social media (including, but not limited to, Facebook, LinkedIn, Twitter and Snapchat), instant messaging (including, but not limited to, Google Hangouts, Slack and Yammer), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, archived file, deleted file, or file fragment; and

      c.     Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device. PLAINTIFF requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.

10.     "DATABASE" or "DATABASES" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer or distributed across a set of computers; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

PLAINTIFF'S FIRST SET OF DISCOVERY - 4
CASE NO. 4:18-cv-01060-DMR

11.     "IDENTITY OF DOCUMENT."  The term "IDENTIFY," when used in reference to a DOCUMENT, means to state the date of preparation of the DOCUMENT, its author, the sender, the recipient (if any), the nature of the DOCUMENT (e.g., letter, memorandum, tape) and other means of identification sufficient to IDENTIFY the DOCUMENT for purposes of a request for production, and to further state its present location and custodian.  If any such DOCUMENT was, but no longer is, in YOUR possession or custody or subject to YOUR control, DESCRIBE what disposition was made of it, and give the name, address and telephone number of the PERSON presently having possession, custody or control of the DOCUMENT.

12.     "IDENTITY OF INDIVIDUALS AND/OR ENTITIES."  Unless otherwise indicated, where the name or identity of an individual PERSON or entity is requested, or where the term "IDENTIFY" is used in reference to an individual PERSON or entity, please state that PERSON'S full name, title, business address and telephone number, email address, occupation, and employer and state the entity's full name, address, telephone number and web address. Unless it otherwise appears from the context, a request for the identity of a PERSON relates to all PERSONS in such classification or category, and the request for the identity of an entity relates to all affiliated entities.

13.     "DESCRIBE" means to IDENTIFY and explain fully the characteristics, nature, and substance of a given thing, action, communication, or event, to set forth all details, physical properties, and dimensions of a physical thing inquired about, and to IDENTIFY all pertinent dates, locations, causes, purposes, effects, and results of the thing, action, communication, or event inquired about.

14.     "FREEDOM FINANCIAL" means Defendant Freedom Financial and includes, without limitation, any offices and locations of Freedom Financial, as well as any of its divisions, affiliates (including, without limitation, Freedom Debt Relief, LLC), subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives.

15.     "PLAINTIFF" means Daniel Berman.

16.     "PERSON" or "PERSONS" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

17.     "POLICY" or "POLICIES" means any instruction(s), practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, that were or have been recognized, adopted, issued or followed by YOU.

18.     "THIRD PARTY" or "THIRD PARTIES" or "OTHER PARTY" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by YOU, or any PERSON that does not receive an annual salary from YOU, including but not limited to affiliates, agents, and subsidiaries of YOU.

19.     "VENDOR" or "VENDORS" is a subset of THIRD PARTY and when used in these interrogatories means any THIRD PARTY under contract with, hired by, employed by, paid by, or working for YOU for purposes of telemarketing activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound calls, or tracking or aggregating data related to any of those activities.

20.     "YOU" or "YOUR" means Fluent, Inc. and any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, employees or other representatives of Fluent, Inc. This includes, but is not limited to, its registered DBA of DebtHelp, as identified in Mitenkumar Bhadania's Feburary 27, 2018 affidavit.

21.     "LEAD SCIENCE" means Lead Science, LLC, a company YOU hired and any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, employees or other representatives of Lead Science, LLC.

22.     "FREEDOM DEBT" means Freedom Debt Relief, LLC, and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, employees or other representatives. This includes, but is not limited to, Freedom Financial, Inc.

23.     All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

# III.   INTERROGATORIES

**INTERROGATORY NO. 1:**         IDENTIFY each and every PERSON who provided the information to answer these interrogatories and specify each interrogatory or interrogatories about which each such PERSON had information.

**ANSWER:**

**INTERROGATORY NO. 2:**         IDENTIFY any DATABASES, lists, or other computer systems or equipment YOU, or any THIRD PARTY, use to maintain records of a PERSON'S purported consent to receive calls from YOU on a cellular telephone.

**ANSWER:**

**INTERROGATORY NO. 3:**         IDENTIFY all THIRD PARTIES or VENDORS whose work relates to telemarketing and DESCRIBE the services each such THIRD PARTY or VENDOR performs for YOU.

**ANSWER:**

**INTERROGATORY NO. 4:**         DESCRIBE any and all POLICIES related to telemarketing, including, but not limited to, generating leads for purposes of telemarketing, that were provided by YOU to any THIRD PARTIES or VENDORS identified in Interrogatory No. 3.

**ANSWER:**

**INTERROGATORY NO. 5:**         DESCRIBE any and all POLICIES related to telemarketing, including, but not limited to, generating leads for purposes of telemarketing.

**ANSWER:**

1

2    **INTERROGATORY NO. 6:**     IDENTIFY all PERSONS who have made requests

3  to stop being called by YOU or any VENDOR.

4    **ANSWER**:

5

6    **INTERROGATORY NO. 7:**     IDENTIFY and provide all contact information

7  YOU have for the individuals or entities that physically dialed the calls to the PLAINTIFF

8  alleged in his Complaint and identify their job responsibilities.

9    **ANSWER**:

10

11    **INTERROGATORY NO. 8:**     State whether any documents responsive to the

12  Request for Production (served contemporaneously herewith) have been destroyed or lost, or

13  cannot be accounted for.  If your answer to the preceding is anything other than an unqualified

14  negative, please:

15

16    (a) identify each and every document that was destroyed or lost, or is unaccounted for;

17    (b) state when you believe the document(s) was destroyed or lost, or became unaccounted

18        for;

19    (c) state what reason or explanation you have, if any, for the destruction or loss of or

20        inability to account for the document(s) identified in sub-part (a); and

21    (d) identify the persons who are most knowledgeable about the information in sub-parts

22        (a) through (c) of this Interrogatory.

23

24    **ANSWER**:

25

26    **INTERROGATORY NO. 9:**     IDENTIFY each dialing system YOU or any

27  THIRD PARTIES or VENDORS you use, make telemarketing calls with.

28    **ANSWER**:

1

2    **INTERROGATORY NO. 10:**          IDENTIFY all revenue for YOU generated from

3    telemarketing by year from 2014 forward.

4        **ANSWER**:

5

6        **INTERROGATORY NO. 11:**        Identify all job responsibilities of FLUENT as it

7    pertains to customer retention or customer acquisition for FREEDOM FINANCIAL.

8        **ANSWER**:

9

10       **INTERROGATORY NO. 12:**        For any telephone or call detail records produced in

11   response to any of the Plaintiff's interrogatories or document requests, provide:

12           a.   Identifying information for the person you were trying to reach (e.g., name,

13                business name, address, email, fax number, all phone numbers);

14           b.   The source(s) where you obtained the telephone number called, including the

15                nature of such relationship and the facts and circumstances surrounding such; and

16           c.   Identification of the equipment, third party, and/or software used to make the call

17                (e.g., Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location

18                of the call origination/dialer.

19       **ANSWER**:

20

21                    **IV.    REQUESTS FOR PRODUCTION**

22       **REQUEST FOR PRODUCTION NO. 1:**   Please produce all non-attorney-client-

23   privileged DOCUMENTS and/or ESI identified in, related to or used to research or draft

24   responses to Plaintiff's First Set of Interrogatories Propounded to YOU.

25       **RESPONSE:**

26

27

28

**REQUEST FOR PRODUCTION NO. 2:**  Please produce all DOCUMENTS or ESI related to PLAINTIFF, including, but not limited to, all DOCUMENTS evidencing YOUR relationship with PLAINTIFF or YOUR investigation into calls made to PLAINTIFF.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  Please produce any and all DOCUMENTS or ESI related to the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to make telemarketing calls promoting YOUR products or services, or to store data about telemarketing calls promoting YOUR products or services or leads used for such telemarketing purposes.  This Request specifically includes, but is not limited to, any and all manuals or guides for such system(s), platform(s), and/or equipment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  Please produce any and all DOCUMENTS or ESI related to any DATABASES, lists, or other computer systems or equipment YOU use to maintain records of a PERSON'S purported consent to receive calls promoting YOUR products or services on a cellular telephone.  This Request specifically includes, but is not limited to, any and all manuals or guides for such computer systems or equipment as well as all DOCUMENTS or ESI YOU relied on to formulate YOUR Answer to Interrogatory No. 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Please produce any and all DATABASES or lists identified in YOUR Answer to Interrogatory No. 3.

**RESPONSE:**

PLAINTIFF'S FIRST SET OF DISCOVERY - 10
CASE NO. 4:18-cv-01060-DMR

1

2

3 **REQUEST FOR PRODUCTION NO. 6:**   Please produce any and all data dictionaries

4 or keys to data tables for:

5          a.      Each system, platform, and/or equipment used by YOU, or any VENDOR,

6 to make telemarketing calls promoting YOUR products or services, or to store data about

7 telemarketing calls promoting YOUR products or services or leads used for such telemarketing

8 purposes;

9          b.      Each DATABASE, list, or other computer system or equipment YOU use

10 to maintain records of a PERSON'S purported consent to receive calls promoting YOUR

11 products or services on a cellular telephone; and

12          c.      Each DATABASE, list, or other computer system or equipment YOU use

13 to record a PERSON'S revocation of consent to receive calls promoting YOUR goods or

14 services on a cellular telephone.

15 **RESPONSE:**

16

17 **REQUEST FOR PRODUCTION NO. 7:**   Please produce all DOCUMENTS or ESI

18 related to YOUR records of any telemarketing calls made by YOU, or on YOUR behalf, during

19 the RELEVANT TIME PERIOD, including, but not limited to, the following:

20          a.      The date and time each call was made;

21          b.      The number of calls made;

22          c.      The telephone numbers and area codes of each call;

23          d.      The result of each call (i.e., live answer, answering machine, voicemail,

24 hang up, etc.);

25          e.      The duration of each call;

26          f.      Identifying information for the PERSON(S) called (e.g., name, address,

27 email address, etc.) and, if different, identifying information for the PERSON(S) to whom the

28 calls were intended to be made;

g.     The dialing mode each call was made in (e.g., predictive mode, preview mode, manually, etc.);

h.     The telephone numbers for all outgoing telephone lines that were used in making the calls;

i.     The identity of the telephone companies or carriers that were used to make the calls; and

j.     Any other information regarding the calls (e.g., reports, data compilations, verifications, opt-in or opt-out records, transmission reports, recordings, etc.).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**    Please produce all DOCUMENTS or ESI provided to YOU by any THIRD PARTY or VENDOR related to records of telemarketing calls made for purposes of generating leads and/or acquiring or identifying prospective customers for YOU during the RELEVANT TIME PERIOD, including, but not limited to, the following:

a.     The date and time each call was made;

b.     The number of calls made;

c.     The telephone numbers and area codes of each call;

d.     The result of each call (i.e., live answer, answering machine, voicemail, hang up, etc.);

e.     The duration of each call;

f.     The dialing mode each call was made in (e.g., predictive mode, preview mode, manually, etc.);

g.     The telephone numbers for all outgoing telephone lines that were used in making the calls;

h.     The identity of the telephone companies or carriers that were used to make the calls;

1          i.     Identifying information for the PERSON(S) or lead(s) called (e.g., name,

2    address, email address, etc.) and, if different, identifying information for the PERSON(S) to

3    whom the calls were intended to be made;

4          j.     Data regarding the source of each lead called, including, but not limited to,

5    the company name, web page visited, or keyword searched;

6          k.     Any data received from the lead source, including, but not limited to,

7    consent records;

8          l.     Hot/warm transfer data;

9          m.     Call routing data; and

10         n.     Any other information regarding the calls (e.g., call data records, reports,

11   data compilations, verifications, opt-in or opt-out records, transmission reports, recordings, etc.).

12   **RESPONSE:**

13

14

15   **REQUEST FOR PRODUCTION NO. 9:**     Please produce all DOCUMENTS or ESI

16   related to YOUR records of any leads generated for or provided to YOU for telemarketing

17   purposes during the RELEVANT TIME PERIOD, including, but not limited to, the dates the

18   leads were generated, the number of leads, and their source.

19   **RESPONSE:**

20

21

22   **REQUEST FOR PRODUCTION NO. 10:** Produce any written script(s) used by YOU

23   or provided by YOU to any THIRD PARTY or VENDOR, for telemarketing purposes including,

24   but not limited to, generating leads, during the RELEVANT TIME PERIOD.

25   **RESPONSE:**

26

27   **REQUEST FOR PRODUCTION NO. 11:** Please produce any and all DOCUMENTS

28   or ESI relating to the written script(s) used by YOU, or any THIRD PARTY or VENDOR, for

1 telemarketing purposes including, but not limited to, generating leads, during the RELEVANT

2 TIME PERIOD, including, but not limited to, any draft or proposed language.

3 **RESPONSE:**

4

5

6 **REQUEST FOR PRODUCTION NO. 12:** Please produce any and all DOCUMENTS,

7 DATABASES, list(s), or ESI relating to any and all THIRD PARTIES or VENDORS whose

8 work relates to telemarketing, including, but not limited to, generating leads for telemarketing

9 purposes, which DOCUMENTS or ESI also relate to such activities.

10 **RESPONSE:**

11

12

13 **REQUEST FOR PRODUCTION NO. 13:** Please produce all DOCUMENTS or ESI in

14 YOUR possession demonstrating that any PERSON, including PLAINTIFF, gave prior express

15 consent to receive calls promoting YOUR products or services on their cellular telephones.

16 **RESPONSE:**

17

18

19 **REQUEST FOR PRODUCTION NO. 14:**   Please produce all DOCUMENTS or ESI

20 evidencing any and all POLICIES related to telemarketing, and a timeline indicating the periods

21 during which each such POLICY was in effect.  This request specifically includes, but is not

22 limited to, POLICIES related to compliance with the Telephone Consumer Protection Act, 47

23 U.S.C. § 227, including, but not limited to, the rules, regulations, opinions, advisories,

24 comments, or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227

25 and 47 C.F.R. § 64.1200(c)(2) & (d) as well as obtaining or verifying prior express consent; and

26 the handling of do-not-call requests.

27 **RESPONSE:**

28

PLAINTIFF'S FIRST SET OF DISCOVERY - 14
CASE NO. 4:18-cv-01060-DMR

1

2    **REQUEST FOR PRODUCTION NO. 15:** Please produce all DOCUMENTS or ESI

3    that relate to the failure, alleged failure, or possible failure of YOUR THIRD PARTIES or

4    VENDORS to comply with the parameters of any agreements, contracts, scopes of work, or

5    other instruction(s) imposed by YOU regarding telemarketing.

6        **RESPONSE:**

7

8

9        **REQUEST FOR PRODUCTION NO. 16:**  Please produce all DOCUMENTS and

10   communications that relate to the failure, alleged failure, or possible failure of YOUR THIRD

11   PARTIES or VENDORS to comply with YOUR POLICIES related to making telemarketing

12   calls promoting YOUR products or services, including, but not limited to, DOCUMENTS and

13   communications related to the failure, alleged failure, or possible failure of YOUR THIRD

14   PARTIES or VENDORS to honor do-not-call requests.

15       **RESPONSE:**

16

17

18       **REQUEST FOR PRODUCTION NO. 17:**  Please produce all DOCUMENTS and

19   communications that relate to YOUR failure, alleged failure, or possible failure to comply with

20   YOUR POLICIES related to making telemarketing calls, including, but not limited to,

21   DOCUMENTS and communications related to YOUR failure, alleged failure, or possible failure

22   to honor do-not-call requests.

23       **RESPONSE:**

24

25

26       **REQUEST FOR PRODUCTION NO. 18:** Please produce all DOCUMENTS or ESI

27   relating to any and all POLICIES regarding the generation of leads, including, but not limited to,

28   POLICIES related to confirming the validity of all leads.

1    **RESPONSE:**

2

3

4    **REQUEST FOR PRODUCTION NO. 19:** Please produce all DOCUMENTS or ESI

5    that relate to the failure, alleged failure, or possible failure of YOUR THIRD PARTIES or

6    VENDORS to comply with the parameters of any agreements, contracts, scopes of work, or

7    other instruction(s) imposed by YOU regarding the generation of leads.

8    **RESPONSE:**

9

10

11    **REQUEST FOR PRODUCTION NO. 20:**   Please produce all DOCUMENTS and

12    communications that relate to the failure, alleged failure, or possible failure of YOUR THIRD

13    PARTIES or VENDORS to comply with YOUR POLICIES related to the generation of leads,

14    including, but not limited to, DOCUMENTS and communications related to the failure, alleged

15    failure, or possible failure of YOUR THIRD PARTIES or VENDORS to validate any lead(s).

16    **RESPONSE:**

17

18

19    **REQUEST FOR PRODUCTION NO. 21:**   Please produce all DOCUMENTS and

20    communications that relate to YOUR failure, alleged failure, or possible failure to comply with

21    YOUR POLICIES related to the generation of leads, including, but not limited to,

22    DOCUMENTS and communications related to YOUR failure, alleged failure, or possible failure

23    to validate any lead(s).

24    **RESPONSE:**

25

26

27    **REQUEST FOR PRODUCTION NO. 22:** Please produce copies of all materials,

28    business plans, memoranda, minutes, or other DOCUMENTS or ESI that reference

PLAINTIFF'S FIRST SET OF DISCOVERY - 16
CASE NO. 4:18-cv-01060-DMR

1   telemarketing and/or generating leads, including any such materials directed to THIRD

2   PARTIES.

3        **RESPONSE:**

4

5

6        **REQUEST FOR PRODUCTION NO. 23:**   Please produce copies of all contracts or

7   other DOCUMENTS or ESI relating to any and all agreements between YOU and any THIRD

8   PARTIES or VENDORS.  This Request specifically seeks drafts of such DOCUMENTS and

9   correspondence regarding same.

10       **RESPONSE:**

11

12

13       **REQUEST FOR PRODUCTION NO. 24:**   Please produce all DOCUMENTS or ESI

14  relating to the training YOU, or any PERSON acting on YOUR behalf, provided to any THIRD

15  PARTIES or VENDORS regarding techniques, methods, systems, or procedures for making

16  telemarketing calls and/or generating leads.

17       **RESPONSE:**

18

19

20       **REQUEST FOR PRODUCTION NO. 25:**   Please produce copies of all letters, emails,

21  and other communication between YOU and any THIRD PARTY or VENDOR that relate to

22  telemarketing and/or generating leads (including, but not limited to, all affidavits from FLUENT

23  and correspondence related thereto).

24       **RESPONSE:**

25

26

27       **REQUEST FOR PRODUCTION NO. 26:**   Please produce all DOCUMENTS relating

28  to or comprising any payments made by YOU to any THIRD PARTY or VENDOR.

PLAINTIFF'S FIRST SET OF DISCOVERY - 17
CASE NO. 4:18-cv-01060-DMR

1  **RESPONSE:**

2

3

4  **REQUEST FOR PRODUCTION NO. 27:**   Please produce any and all complaints

5  made to YOU concerning telemarketing and or lead generation by YOU, or any VENDOR

6  promoting YOUR products or services, including, but not limited to, lists or DATABASE(S)

7  containing complaints, the content of complaints, and the names, addresses, telephone numbers,

8  and email addresses of all PERSONS known to have made complaints.  This Request

9  specifically includes any complaints to YOU by mail, email, or telephone; submitted through

10  online forms (including, but not limited to, forums dedicated to the reporting of unwanted calls)

11  or social media; submitted to any government agency; submitted to any other organization such

12  as the Better Business Bureau, Chamber of Commerce, or other consumer advice or protection

13  organization; or any other organization of any kind.  (Note:  This request is limited to requests

14  and complaints that were either made directly to YOU or that YOU were notified about.)

15  **RESPONSE:**

16

17  **REQUEST FOR PRODUCTION NO. 28:**   Please produce all DOCUMENTS or ESI

18  constituting or referring to audits, investigations, inquiries, or studies, by YOU or any THIRD

19  PARTY, including, but not limited to, any independent auditor, law firm, or governmental

20  agency, regarding the compliance by YOU, or any THIRD PARTY or VENDOR acting on

21  YOUR behalf, with any state or federal laws or regulations involving telemarketing activities,

22  including generating leads or making telemarketing calls.

23  **RESPONSE:**

24

25

26  **REQUEST FOR PRODUCTION NO. 29:**   Please produce copies of all pleadings in

27  each lawsuit in state and/or federal court, including small claims court, in which YOU currently

28

1  are or were a named party and in which the plaintiff's claims arose under any state or federal

2  laws regulating telemarketing.

3      **RESPONSE:**

4

5

6      **REQUEST FOR PRODUCTION NO. 30:**   Please produce all DOCUMENTS or ESI

7  relating to insurance coverage of the acts alleged by PLAINTIFF, including, but not limited to,

8  all policies issued by any insurer and all communications with any insurers, including, but not

9  limited to, reservation of rights letters, regardless of whether or not such coverage purports to

10  exclude the acts alleged in this matter and regardless of whether or not such insurers have

11  declined coverage in this matter.

12      **RESPONSE:**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRODERICK & PARONICH, P.C.

By: _/s/ *Anthony I. Paronich*
   Anthony I. Paronich, *Admitted Pro Hac Vice*
   Email:  anthony@broderick-law.com
   99 High Street, Suite 304
   Boston, Massachusetts 02110
   Telephone:  (617) 738-7080
   Facsimile:  (617) 830-0327


*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Anthony I. Paronich, hereby certify that on June 29, 2018, I sent the foregoing to counsel of record for the Defendant.

BRODERICK & PARONICH, P.C.

By: _/s/ *Anthony I. Paronich*
   Anthony I. Paronich, *Admitted Pro Hac Vice*
   Email:  anthony@broderick-law.com
   99 High Street, Suite 304
   Boston, Massachusetts 02110
   Telephone:  (617) 738-7080
   Facsimile:  (617) 830-0327

*Attorney for Plaintiff*

PLAINTIFF'S FIRST SET OF DISCOVERY - 20
CASE NO. 4:18-cv-01060-DMR