SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
BRIAN P. ASTRUP (admitted *pro hac vice*)
450 Seventh Avenue, 40th Floor
New York, New York 10123
Telephone:    212-246-0900
Facsimile:    212-216-9559
bastrup@kleinmoynihan.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
INC., and LEAD SCIENCE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DANIEL BERMAN, | Case No.: 4:18-CV-01060-YGR |
| Plaintiff, | *Hon. Yvonne Gonzalez Rogers* |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE STATEMENT OF RECENT DECISION** |
| FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC, | |
| Defendants. | |
| FREEDOM FINANCIAL NETWORK, LLC and FREEDOM DEBT RELIEF, LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| DOES 1 through 5, | |
| Third-Party Defendants. | |

{00132983;1}

SMRH:4812-4067-2667.1

Case No. 4:18-cv-01060-YGR

RESPONSE TO ADMIT MOTION TO FILE RECENT DECISION

1    Defendants submit this brief response in opposition to Plaintiff's Administrative Motion for
2 Leave to File Statement of Recent Decision (Dkt. No. 194) in *Anand v. John C. Heath, Attorney at*
3 *Law PLLC*, No. 19-cv-00016 (N.D. Ill. June 28, 2019).  The Court should disregard *Anand* because
4 it is an out-of-circuit decision that does not support any argument made by Plaintiff in his motion
5 for class certification. (Dkt. No. 138-4.)  To the extent the Court is inclined to review *Anand* and
6 consider Plaintiff's new argument, Defendants should be permitted an opportunity to respond.

### *Anand* Is Not Relevant To Any Argument Asserted By Plaintiff

In *Anand*, the court found that the sentence: "I understand and agree to the Terms & Conditions which includes mandatory arbitration and Privacy Policy," which sat above the "Continue" button on the registration page, was insufficient to create a contractual agreement to the Terms & Conditions because it did not start with the preface: "By clicking continue . . . ."  The decision in *Anand* improperly limited itself to an analysis of a clickwrap-browsewrap hybrid agreement, without analyzing all forms of online contracting, including whether there was an enforceable browsewrap agreement.  Here, as set forth in Defendants' Opposition to the Motion for Class Certification, registrants not only agree to Fluent's terms and conditions, but also, on a separate page, provide TCPA consent.

In his Motion for Class Certification, Plaintiff never argued that Fluent's Terms and Conditions were somehow unenforceable because of the language used in the registration flow process.  That is not surprising given that Plaintiff claims he never visited the Fluent website.  Because Plaintiff never raised this argument, *Anand* is irrelevant and the Court should reject it.  At the very least, if the Court is inclined to consider it, Defendants should be given an opportunity to respond.

### *Anand* Was Wrongly Decided And Misapplies Ninth Circuit Law

*Anand* is an out-of-circuit decision that was wrongly decided and misapplied Ninth Circuit precedent. That is because *Anand* conflated the analysis as to a clickwrap-browsewrap hybrid agreement (i.e., where the user is presented with language stating, for example, "By clicking the 'Continue' button I agree to the terms and conditions") and a pure browsewrap agreement where only notice (i.e., actual, constructive, or inquiry) is required. *Anand v. John C. Heath, Attorney at*

1  *Law PLLC*, 2019 U.S. Dist. LEXIS 109076, *12-13 (N.D. Ill. June 28, 2019). Worse yet, *Anand*
2  quotes the Ninth Circuit's decision in Nguyen completely out of context. *Id.* at *13.

3  In *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177-79 (9th Cir. 2014), the Ninth Circuit
4  discussed at length the law applicable to online agreements. In the case, the defendant merely placed
5  a hyperlink to its terms and conditions on the bottom of the webpage. *Id.* The Ninth Circuit held
6  that this was insufficient notice of the terms and conditions and refused to enforce an arbitration
7  clause. The Ninth Circuit, however, made clear that the factors contributing "to whether a reasonably
8  prudent user would have inquiry notice of a browsewrap agreement" include: "[1] the
9  conspicuousness and placement of the 'Terms of Use' hyperlink, [2] other notices given to users of
10 the terms of use, and [3] the website's general design." *Id.* at 1177.

11 Here, Fluent's notice of its terms and conditions and mandatory arbitration, at a minimum,
12 put consumers on inquiry notice. Rather than bury a hyperlink to the terms and conditions, Fluent's
13 notice is on one page, within the consumer's field of vision, and includes the phrase, "I understand
14 and agree to the <u>Terms & Conditions</u> which includes mandatory arbitration and <u>Privacy Policy</u>."
15 (*See* Dkt. No. 152-3 at p. 13.) As such, Fluent's notice of its terms and conditions complies with
16 Ninth Circuit precedent, which *Anand* flatly ignores.

17 In fact, a case out of the Northern District of California, following *Nguyen*, enforced a set of
18 terms and conditions under a set of fact that are indistinguishable. In *Garcia v. Enterprise Holdings,*
19 *Inc.*, 78 F. Supp. 3d 1125, 1129-31, 1137 (N.D. Cal. 2015), the website simply provided a link near
20 the "Okay" button stating "App Terms – Privacy Policy." There was no language stating that "by
21 pressing Okay" a registrant was agreeing to the "App Terms – Privacy Policy." Nevertheless,
22 following *Nguyen*, the court noted that the registrant was bound by the terms and conditions.
23 Fluent's process is even better. It not only has a link to the applicable terms and conditions near the
24 button to continue registration, but states "I understand and agree to the <u>Terms & Conditions</u> which
25 includes mandatory arbitration and <u>Privacy Policy</u>." Fluent did not cite this case in its Opposition
26 to class certification because Plaintiff had not made any argument that would have required its
27 citation.

28

A recent case from the Northern District is also contrary to *Anand*. In that case, the court enforced a set of terms and conditions where notice of them was far less conspicuous than the notice provided by Fluent. In that case, the plaintiff made a purchase over the phone and during the phone call the defendant's account executive told plaintiff that she "would be receiving written confirmation of her order and that it would contain 'all of the details and important information about [her] purchase and agreement with [defendant].'" *Silverman v. Move Inc.*, Case No. 18-cv-05919-BLF, 2019 WL 2579343 105365, at *6-7 (N.D. Cal. June 24, 2019). The court found that the phone call put the plaintiff on sufficient inquiry notice as to the hyperlinked terms and conditions provided thereafter in an email from the defendant. *Id.*. The court found that "[d]espite having this notice, [plaintiff] continued to use the service and did not cancel within three days, which constitutes her acceptance of the [terms and conditions]." *Id.* at 12. *See also Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004) ("[R]egardless whether [a user] did or did not say, 'I agree' . . . [the user's] choice was either to accept the offer of contract, taking the information subject to the terms of the offer, or, if the terms were not acceptable, to decline to take the benefits.") (*quoted in Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79-80 (2d Cir. 2017)).

Accordingly, Plaintiff's Administrative Motion to file *Anand* should be disregarded by the Court.

Dated: July 3, 2019                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                By          */s/ Jay T. Ramsey*
                                                JAY T. RAMSEY

                                            KLEIN MOYNIHAN TURCO LLP
                                            Brian P. Astrup (admitted *pro hac vice*)

                                            Attorneys for Defendants Freedom Financial Network, LLC, Freedom Debt Relief, LLC, Fluent, Inc., and Lead Science, LLC