SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
E mail        jramsey@sheppardmullin.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
INC., and LEAD SCIENCE, LLC,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN, STEPHANIE HERNANDEZ, and ERICA RUSSELL,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM FINANCIAL NETWORK LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>Defendants. | Case No. 4:18-cv-01060-YGR<br><br>**DECLARATION OF JAY T. RAMSEY IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF THE CLAIMS ASSERTED BY STEPHANIE HERNANDEZ AND ERICA RUSSELL** |
| FREEDOM FINANCIAL NETWORK, LLC and FREEDOM DEBT RELIEF, LLC,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>DOES 1 through 5 ,<br><br>Third Party Defendants. | *Hearing Vacated Per Court Order* |

# DECLARATION OF JAY T. RAMSEY

I, Jay T. Ramsey, hereby declare as follows:

1. I am a partner at Sheppard, Mullin, Richter & Hampton LLP, counsel of record herein for Defendants Freedom Financial Network LLC and Freedom Debt Relief, LLC ("Freedom"), Defendant Fluent, Inc. ("Fluent"), and Defendant Lead Science, LLC ("Lead Science") (collectively, "Defendants"). I make this declaration based on facts known by me to be true and correct, as set forth below.

**Exhibits 7 to 10**

2. Attached hereto as Exhibit 7 is a true and correct copy of Dkt. No. 10-4 from the trial court docket of the case that resulted in the Ninth Circuit decision, *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171. The trial court case number was 8:12-cv-00812-JLS-DFM (C.D. Cal.). Exhibit 7 is an exhibit to the motion to compel arbitration filed in that case, and it sets forth the design and content of the website at issue in that case. I downloaded the exhibit from PACER.

3. Attached hereto as Exhibit 8 is a true and correct copy of Dkt. No. 24-2 from the trial court docket of the case that resulted in the Central District of California's decision in *Rodriguez v. Experian Servs. Corp.*, 2015 WL 12656919 (C.D. Cal. Oct. 5, 2015). The trial court case number was 2:15-cv-03553-R-MRW (C.D. Cal.). Exhibit 8 is an exhibit to the motion to compel arbitration filed in that case, and it sets forth the design and content of the website at issue in that case. I downloaded the exhibit from PACER.

4. Attached hereto as Exhibit 9 is a true and correct copy of Dkt. No. 12-2 from the trial court docket of the case that resulted in the Central District of California decision in *Graf v. Match.com, LLC*, 2015 WL 4263957 (C.D. Cal. July 10, 2015). The trial court case number was 2:15-cv-03911-PA-MRW (C.D. Cal.). Exhibit 9 is an exhibit to the motion to compel arbitration filed in that case, and it sets forth the design and content of the website at issue in that case. I downloaded the exhibit from PACER.

5. Attached hereto as Exhibit 10 is a true and correct copy of Dkt. No. 15-5 from the trial court docket of the case that resulted in the Southern District of California decision in *Crawford v. Beachbody, LLC*, 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014). The trial court case

1  number was 3:14-cv-01583-GPC-KSC (S.D. Cal.).  Exhibit 10 is an exhibit to the motion to
2  compel arbitration filed in that case, and it sets forth the design and content of the website at issue
3  in that case.  I downloaded the exhibit from PACER.

4  **WayBack Machine**

5  6. In the declaration of Jodi Nuss Schexnaydre ("Nuss Declaration"), submitted by
6  Plaintiffs with their Opposition to the Motion to Compel, Ms. Nuss attaches as Exhibits captures
7  or snapshots from the WayBack Machine of the website addresses of the websites that Plaintiffs
8  visited.

9  7. As set forth in the Declaration of Miten Bhadania, on Fluent's websites, unless
10 users have visited before (in which case the registration process may be truncated), a user typically
11 sees several screens asking for identifying information or other preliminary questions.  (*See*
12 Bhadania Declaration ¶¶ 3-5, 7-9, 12-15, Exs. 1, 3-4.)  It is the last screen in this preliminary
13 process that has the relevant language about the Terms & Conditions and mandatory arbitration.
14 (*Id.*)  The flow for Russell is a good example (*id.* Ex. 3-4); the Hernandez flow, by contrast, was
15 truncated because she had visited the website before (*id.* Ex. 1).

16 8. I reviewed the WayBack Machine in the same manner as Ms. Nuss.  The WayBack
17 Machine does not, in any circumstance, include any screenshots or snapshots of a truncated flow.
18 That is not surprising given that the WayBack Machine is not itself a user that would have visited
19 Fluent's websites and entered personal identifying information previously.  As for the full flow,
20 the WayBack Machine archives do allow a user to experience a partial flow if the user of the
21 WayBack Machine enters information and then clicks to the next page on the flow.  I did this for
22 each of the websites at issue.  However, as to each website, the WayBack Machine did not have an
23 archive or screenshot of the last page of the flow, which is the screen that includes the references
24 to the Terms & Conditions and mandatory arbitration.  Instead, in each instance, after entering the
25 last piece of preliminary information and pressing the button to continue, I get the following
26 message (with the last line with the website address the only thing changing):
27
28

> Hrm.
>
> The Wayback Machine has not archived that URL.
>
> **This page is available on the web!**
>
> Help make the Wayback Machine more complete!
> **Save this url in the Wayback Machine**
>
> Click here to search for all archived pages under
> http://retailproductzone.com/.

9. Based on my review, the WayBack Machine does not have a screen capture of the relevant page at any point in time. This is true even though, when I went to the websites at issue on March 30, 2020 at or about 1 p.m. pacific time (*i.e.*, on the day this declaration was executed and filed), after entering the preliminary information, a page appears on the website with language referencing the Terms & Conditions. That page today is now slightly different than when Plaintiffs visited, but the page still appears. It is my understanding that the relevant page has not been captured by the WayBack Machine because of limitations in the way that the archiving functions work (it generally cannot archive sites that can be reached only after interacting with the website).

I declare under penalty of perjury under the laws of the United States of California that the foregoing is true and correct. Executed on March 30, 2020 in Los Angeles, California.

                                                            */s/ Jay T. Ramsey*
                                                            JAY T. RAMSEY