- Exhibit 30 -

1

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   THOMAS H. KRAKAUER,           Civil Action
     on behalf of a class          No. 1:14CV333
 4   of persons,

 5        Plaintiff,

 6   vs.                           Greensboro, North Carolina
                                   December 12, 2016
 7   DISH NETWORK, L.L.C.,         10:00 a.m.

 8        Defendant.

 9   _____/

10
           TRANSCRIPT OF PRETRIAL MOTIONS PROCEEDINGS
11         BEFORE THE HONORABLE CATHERINE C. EAGLES
                 UNITED STATES DISTRICT JUDGE
12

13

14   APPEARANCES:

15   For the Plaintiff:      JOHN W. BARRETT, ESQUIRE
                             BRIAN A. GLASSER, ESQUIRE
16                           Bailey & Glasser, LLP
                             209 Capitol Street
17                           Charleston, West Virginia 25301

18                           JACOB MATTHEW NORRIS, ESQUIRE
                             1033 Bullard Court, Suite 207
19                           Raleigh, North Carolina 27615

20                           MATTHEW McCUE, ESQUIRE
                             1 South Avenue, Third Floor
21                           Natick, MA  01760

22

23

24       Proceedings reported by stenotype reporter.
     Transcript produced by computer-aided transcription
25
```

1     THE COURT: I'm getting a little hesitation over
2 here.
3     MS. ECHTMAN: No, we did. Plaintiff agreed to carve
4 them out of the class. That was our second stipulation that we
5 submitted, carving things out. I believe we're going to have
6 yet another carve-out coming. So we do have agreement on that.
7     THE COURT: I thought that was the case. I hadn't
8 signed the second stipulation just because I wanted to be sure
9 I understood it and that it resolved all of the EBR problems.
10 We can take it off the verdict sheet and that is in fact why I
11 had not put the burden of proof in the impanelment
12 instructions, because I think juries find it confusing when
13 more -- I mean, it happens all the time in state court, and
14 they always look at you like, what, when you get to that.
15     At the end of the case they understand it, because
16 you are talking about specific issues and you can do it in the
17 context of, here is the verdict sheet, here is your issues, but
18 the beginning, I think they find it confusing. If all the
19 issues remaining are the plaintiffs, then we can put it in
20 preliminary instructions.
21     So, basically, everybody is with those edits that
22 we've talked about and, you know, a number of things left not
23 quite decided, we're good to go.
24     ==One other thing.  Let me see.  I think DISH was==
25 ==concerned about the facts that I had all of these buckets, as==

1  we're calling them, laid out in two and in three?
2          Did you --
3          MS. ECHTMAN: We do have a concern about inconsistent
4  adjudications. You hope that if the jury were going to say for
5  the NDNC claims, that they don't find for the plaintiff with
6  respect to those calls that LexisNexis always identifies the
7  phone numbers as unknown, that they would find the same thing
8  for the IDNC class, which is why we had just done -- we've kind
9  of collapsed the two and just did the list once, so we got
10 complete consistency. We wanted to flag that.
11         THE COURT: I kind of had a hard time with that when
12 I started thinking about instructing the jury on the law. I
13 couldn't really figure out how to do it, because I've already
14 started, you know, seriously working on those. I appreciate
15 what you're saying.
16         After the evidence is all in, if in fact the evidence
17 is identical and there is no reason to treat it any
18 differently, you know, we can just tell the jury that when I
19 get to issue three, I can just say, look, you know, if you
20 reach these subcategories on issue two, the evidence is the
21 same and the parties agree the answer should be the same. I
22 can just tell them if everybody is in agreement on that, but if
23 there is some factual reason that maybe the answer should be
24 different, which I don't know, it could be, I guess, then you
25 wouldn't have inconsistent verdicts. You would just have

1  different verdicts based on different facts.
2          Is the plaintiff anticipating different evidence on
3  that?
4          MR. BARRETT:  We do not, Your Honor.
5          THE COURT:  Well, then, good.  It sounds like we
6  should be able to take care of that in the instructions.
7          MS. ECHTMAN:  With the caveat that the Court now
8  added in an additional one that is distinct to IDNC claims
9  about the retailer portion of DISH's list.
10         THE COURT:  Right.  Anything else anybody else wants
11 to talk about as to the verdict sheet, the draft, the now
12 slightly less rough draft of the verdict?
13         I appreciate you all's cooperation in working through
14 that with me.  I think it is helpful for everybody to kind of
15 know generally what we're going to be talking about with the
16 jury.  I want to emphasize, this is a draft, and in your
17 opening statements I really don't want -- I do not want you to
18 refer to it, because it's always subject to change based on the
19 evidence.  So you can talk to them generally about what you
20 expect the issues to be, but you shouldn't say, the verdict
21 sheet will say.  You can do that in your closing arguments
22 because we will have finalized it by then, but not in your
23 opening statements.
24         MS. ECHTMAN:  Just for clarification on that, Your
25 Honor, the near final stipulation that we submitted referred

```
 1  back to the categories that the Court put on the verdict sheet.
 2  We can refer to the categories without referring to the verdict
 3  sheet on that and we'll put in the numbers?
 4          THE COURT:  I think that might be better, if you can
 5  figure out a way to do it, because -- I mean, we will all know.
 6  I don't really expect those categories to change.  I'm less
 7  concerned about the categories than I am about the way maybe
 8  some of the other issues -- the main issues are worded.  You
 9  can always change a word here or there.
10          So clearly, those are the issues they are going to
11  have to decide.  I just don't want anybody quoting on one, two
12  and three, primarily, or the exact wording on what is on here
13  is five, but will become four, about the damages.
14          I guess I'm really less concerned about the
15  subcategories.
16          Okay.  So that is the verdict sheet.  Let me get that
17  stuff out of the way.
18          We got the jury instructions.
19          MR. BARRETT:  Your Honor, Ms. Echtman made reference
20  to an additional category proposed for carve-out that we had
21  discussed this week, and we are in agreement on that.  That is
22  a category of numbers that we did not obtain LexisNexis data
23  for and did not produce it to DISH, so we would propose that
24  those numbers be carved out.
25          THE COURT:  Thank you for reminding me of that.  You
```

1  are expecting a third motion?
2           MR. BARRETT:  Yes, Your Honor.
3           THE COURT:  Thank you.
4           MR. BARRETT:  Actually, if it is all right, maybe we
5  can submit one final third global stipulation.  It will be just
6  like the second stipulation, the one that Your Honor has and
7  has not entered yet, but it will include those final categories
8  and we have one stipulation that applies to all the numbers.
9           THE COURT:  You are close on that one?
10          MR. BARRETT:  Yes.
11          MS. ECHTMAN:  Yes.  They sent us the numbers.  We
12 have to check the listings, and we're in agreement that we will
13 carve them out.
14          THE COURT:  All right.  I will not sign the one you
15 already sent, and I will await a new one.
16          MR. BARRETT:  Related to that, Your Honor, there is a
17 provision in that stipulation that says -- actually, in the
18 first stipulation that Your Honor signed, that said that notice
19 needed to go to the affected class members, within 30 days of
20 entry of that stipulation.  That 30 days is up on the 15th, and
21 in our proposed second stipulation, we again proposed a 30 day
22 period, so that we can do all notices at once.  That would be
23 most cost-effective.
24          THE COURT:  You are asking me for an extension on the
25 one I already entered?