SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
E mail    jramsey@sheppardmullin.com

Attorneys for Defendants
FREEDOM FINANCIAL NETWORK, LLC,
FREEDOM DEBT RELIEF, LLC, FLUENT,
INC., and LEAD SCIENCE, LLC,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN, STEPHANIE HERNANDEZ, and ERICA RUSSELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>FREEDOM FINANCIAL NETWORK LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>    Defendants. | Case No. 4:18-cv-01060-YGR<br><br>**DEFENDANTS' OBJECTION TO NEW EVIDENCE SUBMITTED ON REPLY OR, IN THE ALTERNATIVE, REQUEST FOR A THREE-PAGE SUR-REPLY**<br><br>*Honorable Yvonne Gonzalez Rogers* |
| FREEDOM FINANCIAL NETWORK, LLC and FREEDOM DEBT RELIEF, LLC,<br><br>    Third Party Plaintiffs,<br><br>  v.<br><br>DOES 1 through 5 ,<br><br>    Third Party Defendants. | Hearing TBD per Court Order (Dkt. No. 252) |

# OBJECTIONS TO EVIDENCE

Pursuant to Local Rule 7-3(d), Defendants object to the following evidence submitted by Plaintiffs in their Reply on their renewed motion for class certification.

**Objection 1 (Verkhovskaya Reply Declaration, Dkt. 263)**. Defendants object to the Reply declaration of Anya Verkhovskaya and the exhibits thereto (Dkt. 263), which Plaintiffs cited in their reply (Dkt. 261 at 4:7-20). Ms. Verkhovskaya's declaration constitutes belated expert testimony that should have been submitted before, either by the Court-ordered deadlines for the designation of such testimony in advance of the briefing on the renewed motion for class certification (May 22 or June 5, 2020, *see* Dkt. No. 252) or, at the very latest, with Plaintiffs' opening brief on their renewed motion for class certification. That would have given Defendants an opportunity to respond. The testimony should not have been submitted on reply. This is particularly true because Ms. Verkhovskaya's reply declaration addresses information included in expert opinions submitted by Defendants' expert, David Kalat, in his original report, submitted on January 4, **_2019_** (Dkt. No. 260-6, Ex. 16), and his first supplemental expert report, submitted on March 1, **_2019_** (Dkt. No. 260-6, Ex. 17). In addition, the arguments that Verkhovskaya's reply touches upon were first included in Defendants opposition to the first motion for class certification, filed on March 1, **_2019_**. (Dkt. No. Dkt. No. 152 at 13:14-23; 14:16-15:2.) Put simply, Plaintiffs had ample time and opportunity to respond to this evidence long ago, but chose to wait until their reply brief on the renewed motion for class certification.

Specifically, in their Opposition to the renewed motion for class certification, Defendants made the following arguments (Dkt. 260 23:21-24:4):

> **(1)** "Reverse append" does not always identify a purported owner for the phone number. One example is a registrant that identified herself as Kelsey Forsch and entered the phone number ending in 2068. Third-party records tied Ms. Forsch to the physical and email addresses submitted with her registration, **but those records were unable to connect Ms. Forsch to the phone number. In fact, those records could not connect the phone number to anyone. (Ex, 17, Kalat Supp. at ¶ 62.)** The phone number almost certainly belongs to Ms. Forsch (unless she was lying during her registration),

> but no one can say for certain without asking her. There are other examples. (Ex. 17, Kalat Suppl. ¶ 79.) **(2)** Assuming "reverse append" identifies someone as the owner of the phone, it is not always accurate. **For example, the "reverse append" process does not connect Berman's phone number to him. Instead, a "reverse append" connects Plaintiff's phone number to a person named Ronald Berman.** (Ex, 16, Kalat Report at ¶¶ 74-78; Ex. 19, Kostyun Report at ¶¶ 63, 75.)

The bolded statements are what Ms. Verkhovskaya's reply declaration and the arguments in the Reply address. As reflected in the above excerpt, the information relied on by Defendants was submitted with Kalat's original report (Ex. 16) and first supplemental report (Ex. 17), submitted on January 4, 2019 and March 1, 2019, respectively. Defendants also made these same arguments in their opposition to the original motion for class certification. (*See* Dkt. No. 152 at 13:14-23; 14:16-15:2.) To the extent that Plaintiffs wanted to address these issues, they should have done so by the Court-ordered deadlines for expert testimony in advance of the renewed motion for class certification – either by May 22, 2020 or June 5, 2020. (*See* Dkt. No. 252.) At the very latest, they should have submitted this evidence with their moving papers. Having failed to do so, the evidence is belated and should be disregarded.

**Objection 2 (Unsupported Statements in Reply).** In their reply brief, Plaintiffs state as follows (Dkt. 261 at 4:7-13):

> Defendants point to a lead associated with "Kelsey Forsch" to highlight the purported unreliability of the reverse append process to identify the Non-Visitor Class. See Opp. at 23. Data from data processors show that the number belongs to Robert Hayes. See Declaration of Anya Verkhovskaya in Support of Plaintiffs' Class Certification Reply. **When Plaintiffs' counsel called the telephone number, Levi Hayes answered the phone and confirmed that his father was Robert Hayes, that he had used the telephone number since 2016, that he did not know a person named Kelsey Forsch, and that, to his knowledge, he had never visited a Fluent website.**

Defendants object to the bolded section. First, this statement is not supported by a declaration or any other admissible evidence from counsel describing the phone call. Second, even if the statement were included in a declaration from counsel, the underlying information (what Levi Hayes allegedly said on the phone call) is inadmissible hearsay – it is an out-of-court statement (purportedly from Mr. Hayes) and is submitted for the purpose of proving the information therein. *See* Fed. R. Evid. 801-802.

## **ALTERNATIVE REQUEST FOR SUR-REPLY**

To the extent the Court is inclined to consider the above evidence, Defendants request an opportunity to submit a response. The response would be no more than three pages and would likely include a short supplemental declaration from David Kalat addressing Ms. Verkhovskaya's declaration.

Dated: August 28, 2020              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By            */s/ Jay T. Ramsey*
                  JAY T. RAMSEY
                  Attorneys for Defendants