1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

8

9

10

11

12

13

14

| | |
|---|---|
| **DANIEL BERMAN, ET AL.,** | CASE NO.  18-cv-01060-YGR |
| Plaintiffs, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | Re: Dkt. No. 268 |
| **FREEDOM FINANCIAL NETWORK, LLC, ET AL.,** | |
| Defendants**.** | |

15       Defendants Fluent, Inc., Freedom Debt Relief, LLC, Freedom Financial Network, LLC,

16   and Lead Science, LLC filed their motion (Dkt. No. 268) for leave to file a motion for

17   reconsideration of this Court's September 1, 2020 Order Denying Motion to Compel Arbitration

18   as to plaintiffs Stephanie Hernandez and Erica Russell (Dkt. No. 266, hereinafter "Order").  The

19   Court directed additional briefing on the motion for reconsideration.  Plaintiffs filed their

20   opposition on September 29, 2020, and defendants filed their reply on October 6, 2020.

21       Having carefully considered the papers submitted, the admissible evidence,[1] and the

22   pleadings in this action, and for the reasons set forth below, the Court **DENIES** the motion for leave

23   and for reconsideration.

24

25       [1] In their opposition, plaintiffs request that the Court strike two exhibits to the Ramsey
Declaration which purport to show the full "flow" of the web page interactions with Russell and
26   Hernandez, since that evidence was available to defendants at the time of the motion but they
made the strategic choice to not include it.  (Dkt. No. 268-2, Exh. 3, 4.)  The Court agrees that
27   defendants should not be permitted to submit this evidence in support of their bid for
reconsideration of its decision on the motion.  The evidence is **STRICKEN** and the Court has not
28   considered it in connection with this motion.

United States District Court
Northern District of California

1    Under Rule 54(b), a court may revise any interlocutory order in its discretion.  However,

2    reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly in the interests

3    of finality and conservation of judicial resources."  *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d

4    877, 890 (9th Cir.2000).  "Reconsideration is appropriate if the district court (1) is presented with

5    newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

6    or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5

7    F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration cannot be used to raise arguments

8    or present evidence for the first time that reasonably could have been raised in connection with the

9    ruling at issue.  *Kona Enters.,* 229 F.3d at 890.

10    Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration

11    show reasonable diligence in making the motion and one of the following:

12    (1) That at the time of the motion for leave, a material difference in fact or law
     exists from that which was presented to the Court before entry of the
13    interlocutory order for which reconsideration is sought.  The party also must
     show that in the exercise of reasonable diligence the party applying for
14    reconsideration did not know such fact or law at the time of the interlocutory
     order; or
15
     (2) The emergence of new material facts or a change of law occurring after the
16    time of such order; or

17    (3) A manifest failure by the Court to consider material facts or dispositive legal
     arguments which were presented to the Court before such interlocutory order.
18

19    Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may

20    repeat any oral or written argument made by the applying party in support of or in opposition to

21    the interlocutory order which the party now seeks to have reconsidered."

22    Here, defendants argue that there is a material difference in fact that it did not, or could not

23    with reasonable diligence, have known at the time of the Court's September 1, 2020 Order

24    Denying the Motion to Compel Arbitration as to plaintiffs Hernandez and Russell.  Namely, they

25    contend the deposition testimony of Hernandez and Russell shows that they had actual notice of

26    the arbitration provision and admitted they understood they were entering into a binding

27    agreement.  Looking at the circumstances surrounding that motion and the deposition testimony

28    defendants now seek to offer, the Court finds defendants could have presented the new evidence

2

1  had they acted with reasonable diligence prior to the Court's decision.  Further, the Court finds

2  that the evidence proffered does not establish a material difference in the facts underpinning its

3  Order.

4  **I.     RELEVANT PROCEDURAL HISTORY**

5          The key issue in this TCPA case concerns whether the putative class members who

6  defendants contacted in their texting campaigns consented to receive such texts by virtue of

7  assenting to agreements through defendants' websites.  Defendants contend those same websites

8  and same click-through agreements also created a binding agreement to arbitration as to those

9  putative class members' claims.

10         Defendants previously moved unsuccessfully to compel plaintiff Berman to arbitration due

11  to disputed issues of fact concerning Berman's purported registration on defendants' website using

12  the name "Dunk Loka" and consent to binding arbitration.  (Dkt. No. 24 at 5, 7.)  Subsequently,

13  the Court denied Berman's bid for class certification without prejudice, finding that, as the then-

14  sole plaintiff, Berman could not represent members of a putative class who defendants alleged

15  would be subject to the arbitration provision due to their interactions with defendants' website.

16  (Dkt. No. 198.)

17         Thereafter, in the parties' joint case management statement of October 18, 2019, plaintiffs

18  indicated they intended to seek leave to amend to add two new named plaintiffs who had visited

19  defendants' websites and move again for class certification.  The parties requested that discovery

20  be reopened for the limited purpose of preparing for the renewed class certification motion and

21  proposed competing schedules for those activities.  (Dkt. No. 210.)  The Court ordered that a

22  stipulation or motion for leave to amend the complaint to name the additional plaintiffs must be

23  filed by December 9, 2019, and that discovery was reopened discovery for purposes of that motion

24  for the period between October 25, 2019, and March 25, 2020.  (Dkt. No. 211.)  On December 9,

25  2019, plaintiffs moved for leave to amend the complaint to add plaintiffs Russell and Hernandez

26  and file a renewed class certification motion.  On December 23, 2019, defendants filed a statement

27  of non-opposition to that motion, and the Third Amended Complaint was filed on January 5, 2020.

28  All the foregoing events put defendants on notice that the applicability of the arbitration provision

United States District Court
Northern District of California

3

1    to these two new plaintiffs would be at issue.

2         On January 21, 2020, defendants filed their motion to compel arbitration of Hernandez and

3    Russell's claims, initially setting it for hearing on February 25, 2020.  (Dkt. Nos. 223, 224.)  On

4    February 1, 2020, the parties stipulated to an extension of time on the remaining briefing to

5    "enable them to conduct" certain "limited discovery" concerning the motion to compel.  (Dkt. No.

6    232 at 2.)  The parties stipulated, in part, as follows:

> (1) Defendants' deadline to complete discovery propounded on Plaintiffs
> Hernandez and Russell, including depositions, will be continued until April 20,
> 2020; and (2) *by Friday, February 7, Plaintiffs will provide Defendants with
> declarations from Plaintiffs Hernandez and Russell concerning their current
> knowledge and memory, if any, of what the websites looked like when they visited
> them.*
> * * *
> [and (3)] Plaintiffs' deadline to respond to the motion is extended to Tuesday,
> February 25, 2020.  Defendants' deadline to reply is extended to Tuesday, March
> 3, 2020.

13   (*Id.*, emphasis supplied.)  A little over two weeks later, on February 19, 2020, the parties

14   again stipulated to extend the schedule on the motion to compel based on their ongoing

15   arbitration-related discovery needs.  (Dkt. No. 238.)[2]  The Court granted that second

16   extension, giving plaintiffs until March 16, 2020 to file an opposition, and defendants

17   until March 24, 2020 to reply, as well as extending the deadline to take discovery from

18   Hernandez and Russell to May 8, 2020.  (Dkt. No. 241.)

19        With their March 16, 2020 opposition, plaintiffs filed the declarations of Erica Russell and

20   Stephanie Hernandez, both signed and dated *February 6, 2020*.  (Dkt. No. 246, 247.)  Those

21   declarations stated that plaintiffs did not remember seeing any agreement to arbitrate and the

22   webpages offered by defendants did not look like the websites they visited.  (Hernandez Decl. at ¶

23   4; Russell Decl. at ¶¶ 4, 5.)  Presumably, those declarations were produced to defendants by

24   February 7, 2020, as required by the parties' February 1, 2020 stipulation.  (Dkt. No. 232.)

25        Finally, on March 19, 2020, the parties submitted a third stipulation to extend the briefing

26

27
          _____
28        [2] The parties submitted discovery disputes regarding arbitration-related discovery to
     Magistrate Judge Corley.  (*See, e.g.,* Dkt. No. 237.)

United States District Court
Northern District of California

on the motion to compel arbitration.  The stipulation, also granted by the Court, extended

defendants' deadline to file their reply to March 30, 2020.  (Dkt. No. 249.)

**II.     ANALYSIS**

> **A.     The New Evidence Could, With Diligence, Have Been Presented Prior to the Court's Ruling**

Defendants have not established that the two new plaintiffs' deposition testimony could

not, with diligence, have been presented in connection with their motion.  At the time of filing the

motion on January 21, despite having three months' notice that two new plaintiffs would be added

and six weeks' notice of who those new plaintiffs were, defendants did not depose Russell or

Hernandez regarding their experience visiting defendants' websites at that time.  Despite knowing

Russell and Hernandez would be added as plaintiffs by December 9; seeing their allegations in the

January 5 Third Amended Complaint; and obtaining a copy of their declarations in opposition to

the motion by February 7, defendants elected not to depose Russell and Hernandez at any time

during the extended briefing schedule in connection with the motion to compel arbitration.

Defendants had their declarations more than *seven* weeks prior to the filing of their reply and

approximately *five* weeks prior to travel stoppages and office closures forced by the COVID-19

pandemic.  Moreover, the Court had been exceedingly accommodating with granting extensions

of time had defendants requested one to take those depositions.  Had defendants believed that

deposing Russell and Hernandez to test the assertions in their February 6 declarations was

necessary to provide material evidence, they had ample time to take such discovery before they

filed their reply.

Further, once defendants finally took Russell's and Hernandez's depositions on June 29

and July 2, 2020 respectively, they did not seek leave to supplement their filing with that

evidence.  Rather, as before, they rested on the evidence they previously submitted.  Only after

the Court issued its decision denying the motion to compel, on September 1, 2020, did defendants

come forward with the evidence they now contend shows that Hernandez and Russell individually

and affirmatively consented to arbitration when they used defendants' websites.

If defendants truly believed that the evidence was material to the motion, they might have

sought leave to supplement their evidentiary submission on the motion to compel.  They did not. Instead, they made the tactical decision not to submit the deposition testimony until after their motion was denied.  While they offer various excuses for their delay, none of them justifies their apparent lack of diligence.  Reconsideration is not properly granted based on such a tactical decision.

### B.  Defendants Do Not Establish the New Evidence Would Be Material

Moreover, the Court finds that the evidence offered after the Order would not be material to the decision therein.[3]  The Court's Order found both that an "evidentiary dispute exist[ed]"[4] as to whether plaintiffs saw the "regenerated images" of a portion of the website "flow" offered by defendants, and *further* that:

> Even if there were no dispute that the proffered webpages caused these plaintiffs' phone numbers to be recorded as leads for Fluent, the webpages do not conspicuously indicate to users that they are agreeing to the Terms and Conditions, including an agreement to mandatory arbitration.

(Order at 5.)  As defendants themselves concede, they based their motion "on the 'reasonably prudent user' and 'inquiry notice' test under *Nguyen* and their belief that the website alone is sufficient to satisfy that test."  (*See* Reply to Recon., Dkt. No. 175 at 5:12-17.)  "It was only after the Court held otherwise that the consequence, import, and relevance of" plaintiffs' depositions occurred to defendants. (*Id.*)  In other words, defendants' failure to prevail on one theory led them to seek to seek reconsideration to argue a different one, and to offer evidence they previously

---

[3] While the Court need not reach the materiality question where reasonable diligence has not been shown, the Court nevertheless considers it for the sake of completeness.  *See Daghlian v. Devry Univ., Inc.*, 582 F. Supp. 2d 1231, 1254 (C.D. Cal. 2008) (explaining that a failure to show due diligence obviates the need to analyze the effect on the court's decision).

[4] Defendants now contend that they have presented "uncontroverted" evidence as to how the webpages at issue appeared, and that plaintiffs' sworn statements denying they appeared this way are "irrelevant."  Defendants misunderstand the rules of evidence and the summary judgment-like standard applicable to a motion to compel arbitration.  The Order found that an "evidentiary dispute exists" as to whether the webpages Hernandez and Russell viewed included notice of the arbitration provision.  In so finding, the Court noted that: (1) the webpage screenshots offered by defendants included "regenerated images" of a portion of the website "flow" plaintiffs would have seen but "failed to provide complete information to authenticate the exhibits;" and (2) "plaintiffs each submit declarations disputing seeing elements of these pages." (Order at 4-5.)

1    elected not to provide.  Plainly, seeking to argue a different legal theory known to defendants at

2    the time of their prior motion provides no ground for reconsideration.

3          The Order explained, in detail, why the webpage images on which defendants relied in the

4    motion did not meet the standard set forth by the Ninth Circuit in *Nguyen.*  (Order at 5-6, citing

5    *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) [in the absence of evidence

6    that a website user "had actual knowledge of the agreement, the validity of the browsewrap

7    agreement turns on whether the website puts a reasonably prudent user on inquiry notice of the

8    terms of the contract."].)  Defendants have failed to establish that the deposition testimony they

9    now offer would be material to the Court's decision on their "reasonably prudent user" theory.

10   Further, offering such evidence for the first time in support of a different theory than previously

11   argued does not warrant the "extraordinary remedy" of reconsideration.[5]  Defendants' failure to

12   act diligently and argue persuasively does not entitle them to a second bite at the apple.

13         In light of the foregoing, the motion for leave and motion for reconsideration are **DENIED**.[6]

14   This terminates Docket No. 268.

15         **IT IS SO ORDERED.**

16   Dated: November 12, 2020

17                                                           **YVONNE GONZALEZ ROGERS**
                                                         **UNITED STATES DISTRICT COURT JUDGE**

18

19         [5] The deposition testimony submitted does not contradict plaintiffs' declarations in

20   opposition to the motion to compel.  Rather, their testimony indicates that the pages defendants
     presented during the deposition looked different from the sites they visited, they did not recall

21   seeing any arbitration provision or specific terms and conditions on the webpages they visited, and
     they would have read any terms and conditions if they had seen a link to them.  (Declaration of

22   Beth Terrell, Dkt. No. 271 at Exh. 1 [Russell Depo.] 37:15-41:6, 59:3-61:20 and Exh. 2
     [Hernandez Depo.] 55:6-58:20, 68:1-17, 76:12-24, 81:7-83:1.)

23         [6] In reply, for the first time, defendants argue that the Court nevertheless should consider

24   the late-offered deposition testimony for the further reason that denial of a motion to compel
     arbitration would require that they be given an opportunity to conduct an evidentiary hearing

25   regarding the making of the arbitration agreement at issue.  *See* 9 U.S.C. § 4 ("If the making of the
     arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court

26   shall proceed summarily to the trial thereof.")  It is not clear how, if at all, this provision applies
     where the Court has found the purported agreement does not put a reasonably prudent user on

27   notice of its terms.  Further, the Order is the subject of defendants' appeal currently pending
     before the Ninth Circuit but stayed to permit the Court to decide the merits of this request for

28   reconsideration.  (Dkt. No. 278.)  Given this posture, the Court believes it would be without
     jurisdiction to conduct such an evidentiary hearing, even if appropriate, at this juncture.