- Exhibit 11 -

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
jramsey@sheppardmullin.com

Attorneys for Defendant
LEAD SCIENCE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BERMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>        Defendants. | Case No.: 4:18-CV-01060-DMR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**LEAD SCIENCE, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY** |

**INTERROGATORY NO. 3:** IDENTIFY all THIRD PARTIES or VENDORS whose work relates to telemarketing and DESCRIBE the services each such THIRD PARTY or VENDOR performs for YOU.

**ANSWER:** Drips objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, is not limited in scope to any of the claims raised by Plaintiff in this action, in particular the calls made to Plaintiff as part of the Fluent/APC marketing campaign for Freedom, and therefore is not proportional to the needs of the case. Drips further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and therefore is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Drips responds that as it relates to Plaintiff's claims, Drips' system made one phone call to Plaintiff and sent one text message to Plaintiff via its carrier, Ytel. Upon information and belief, Plaintiff or the user who entered Plaintiff's telephone number provided prior express written consent to be contacted.

**INTERROGATORY NO. 4:** DESCRIBE any and all POLICIES related to telemarketing, including, but not limited to, generating leads for purposes of telemarketing, that were provided by YOU to any THIRD PARTIES or VENDORS identified in Interrogatory No. 3.

**ANSWER:** Drips objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, is not limited in scope to any of the claims raised by Plaintiff in this action, in particular the calls made to Plaintiff as part of the Fluent/APC marketing campaign for Freedom, and therefore is not proportional to the needs of the case. Drips further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and therefore is not proportional to the needs of the case. Drips objects to this Interrogatory to the extent that it requires Drips to search for third-party and non-party documents and information that are not within Drips' possession, custody, or control.  Subject to and without waiving the foregoing objections, Drips responds that its agreement with Fluent requires Fluent to obtain prior express written consent from individuals prior to using Drips' system to contact said individuals.

**ANSWER**: Upon information and belief, Plaintiff or a user on Plaintiff's behalf and/or in possession of Plaintiff's phone number, manually input Plaintiff's telephone number on a website owned and operated by Fluent/APC and provided prior express written consent to be contacted to Fluent. Plaintiff's telephone number was then provided by Fluent to Drips via an application program interface ("API") and Drips' system made one phone call and sent one text message initiated by Drips through its carrier, Ytel.

**INTERROGATORY NO. 8:** State whether any documents responsive to the Request for Production (served contemporaneously herewith) have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document that was destroyed or lost, or is unaccounted for;

(b) state when you believe the document(s) was destroyed or lost, or became unaccounted for;

(c) state what reason or explanation you have, if any, for the destruction or loss of or inability to account for the document(s) identified in sub-part (a); and

(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

**ANSWER**: None.

**INTERROGATORY NO. 9:** IDENTIFY each dialing system YOU or any THIRD PARTIES or VENDORS you use, make telemarketing calls with.

**ANSWER**: Drips objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, is not limited in scope to any of the claims raised by Plaintiff in this action, in particular the calls made to Plaintiff as part of the Fluent/APC marketing campaign for Freedom, and therefore is not proportional to the needs of the case. Drips further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and therefore is not

proportional to the needs of the case. Subject to and without waiving the foregoing objections, Drips responds that the text message and call to the Plaintiff, pursuant to prior express written consent, were made using Drips' carrier, Ytel.

**INTERROGATORY NO. 10:** IDENTIFY all revenue for YOU generated from telemarketing by year from 2014 forward.

**ANSWER**: Drips objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, is not limited in scope to any of the claims raised by Plaintiff in this action, in particular the calls made to Plaintiff as part of the Fluent/APC marketing campaign for Freedom, and therefore is not proportional to the needs of the case. Drips further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and therefore is not proportional to the needs of the case.

**INTERROGATORY NO. 11:** Identify all job responsibilities of LEAD SCIENCE as it pertains to customer retention or customer acquisition for FREEDOM FINANCIAL or FLUENT.

**ANSWER**: Drips objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, is not limited in scope to any of the claims raised by Plaintiff in this action, in particular the calls made to Plaintiff as part of the Fluent/APC marketing campaign for Freedom, and therefore is not proportional to the needs of the case. Drips further objects to this Interrogatory on the basis that it seeks information that is not relevant to any party's claim or defense and therefore is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Drips responds that its customers use its system to contact individuals, and that Drips requires its customers to obtain prior express written consent to contact individuals before using its system.

**INTERROGATORY NO. 12:** For any telephone or call detail records produced in response to any of the Plaintiff's interrogatories or document requests, provide:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, fax number, all phone numbers);

1  seeks information that is not relevant to any party's claim or defense and therefore is not proportional
2  to the needs of the case. Subject to and without waiving the foregoing objections, Drips responds
3  that it will produce non-privileged documents relating to insurance coverage, if any, as to Plaintiff's
4  claims that are in its possession, custody or control at a time and place convenient to the parties.

Dated: August 13, 2018    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Jay T. Ramsey*
JAY T. RAMSEY

Attorneys for Defendants
LEAD SCIENCE, LLC