Matthew P. McCue, *Pro Hac Vice*
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DANIEL BERMAN, STEPHANIE HERNANDEZ, and ERICA RUSSELL,<br><br>Plaintiffs,<br>v.<br><br>FREEDOM FINANCIAL NETWORK, LLC, FREEDOM DEBT RELIEF, LLC, FLUENT, INC., and LEAD SCIENCE, LLC,<br><br>Defendants. | NO. 4:18-cv-01060-YGR<br><br>**DECLARATION OF MATTHEW P. MCCUE IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION**<br><br><u>JURY TRIAL DEMAND</u><br><br>Honorable Yvonne Gonzalez Rogers<br><br>DATE:         September 6, 2022<br>TIME:          September 6, 2022<br>LOCATION: Oakland Courthouse<br>                       Courtroom 1 - 4th Floor |

I, Matthew P. McCue, declare under penalty of perjury:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge. I make this declaration in support of Plaintiffs' Second Motion for Class Certification. In this declaration I will describe the work that I and my co-counsel have done in identifying and investigating potential claims in the action, set forth my qualifications to serve as class counsel, and describe my experience in representing plaintiff classes in class actions, and cases brought under the 47 U.S.C. § 227, the Telephone Consumer Protection Act. ("TCPA"). If appointed class counsel, I

DECLARATION OF MATTHEW P. MCCUE IN SUPPORT OF SECOND MOTION FOR CLASS CERTIFICATION
*Berman, et al v. Freedom Fin. Network, LLC*, Case No. 4:18-cv-01060-YGR

will faithfully, effectively and zealously represent the interests of the class in this action. My firm possesses the resources required to litigate this case to a successful conclusion.

2. I was involved in every stage of representing Plaintiffs in this case, from pre-trial investigation, analysis of Plaintiffs' potential claims, and review of documents and discovery responses, deposition preparation and settlement negotiations. My firm.

### Qualifications of Counsel

3. I am a 1993 honors graduate of Suffolk Law School in Boston, Massachusetts. Following graduation from law school, I served as a law clerk to the Justices of the Massachusetts Superior Court. I then served a second year as a law clerk for the Hon. F. Owen Eagan, United States Magistrate Judge for the USDC District of Connecticut.

4. In 1994, I was admitted to the Bar in Massachusetts. Since then, I have been admitted to practice before the United States District Court for the District of Massachusetts, the First Circuit Court of Appeals, the United States District Court for the District of Colorado, the Sixth Circuit Court of Appeals and the United States Supreme Court.

5. Following my clerkships, I was employed as a litigation associate with the Boston law firm of Hanify & King. In 1997, I joined the law firm of Mirick O'Connell as a litigation associate where I focused my trial and appellate practice on plaintiff's personal injury and consumer protection law.

6. In the summer of 2002, I was recognized by the legal publication Massachusetts Lawyers Weekly as one of five "Up and Coming Attorneys" for my work on behalf of consumers and accident victims.

7. In November of 2004, I started my own law firm focusing exclusively on the litigation of consumer class actions and serious personal injury cases.

8. I am in good standing in every court to which I am admitted to practice.

9. Over the course of this litigation, I spent 75.5 hours on this litigation. At my customary rate of $700 per hour this yields a lodestar of $52,850.

10. I am familiar with the rates nationally, and in Boston, charged by attorneys with similar level of experience and expertise, and believe my rate of $700 per hour is comparable to

DECLARATION OF MATTHEW P. MCCUE IN SUPPORT OF SECOND MOTION FOR CLASS CERTIFICATION
*Berman, et al v. Freedom Fin. Network, LLC*, Case No. 4:18-cv-01060-YGR

those rates. Courts have previously approved these rates in my other TCPA cases. *See Charvat, et. al. v. National Guardian Life Insurance Company, et. al.*, 3:15-cv-00043, USDC, W.D. Wi. (August 3, 2016); *Mey v. Interstate National Dealer Services, Inc.,* Civil Action No. 14-cv-01846-ELR, USDC, N.D. Ga. (June 8, 2016); *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, Civil Action No. 13-cv-00662, USDC, D. MD (April 15, 2015); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, USDC, D. MD, Civil Action No. 11-CV-02467 (October 28, 2014).

11. A sampling of other class actions in which I have represented classes of consumers follows:

    i. <u>Mey v. Herbalife International, Inc.</u>, USDC, D. W. Va., Civil Action No. 01-C-263M. Co-lead counsel with Attorney Broderick and additional co-counsel, prosecuting consumer class action pursuant to TCPA on behalf of nationwide class of junk fax and prerecorded telephone solicitation recipients. $7,000,000 class action settlement preliminarily approved on July 6, 2007 and granted final approval on February 5, 2008.

    ii. <u>Mulhern v. MacLeod d/b/a ABC Mortgage Company</u>, Norfolk Superior Court, 2005-01619 (Donovan, J.). Representing class of Massachusetts consumers who received unsolicited facsimile advertisements in violation of the TCPA and G.L. c. 93A. Case certified as a class action, and I was appointed co-lead counsel with Attorney Edward Broderick by the Court on February 17, 2006, settlement for $475,000 granted final approval by the Court on July 25, 2007.

    iii. <u>Evan Fray-Witzer, v. Metropolitan Antiques</u>, LLC, NO. 02-5827 Business Session, (Van Gestel, J.). In this case, the defendant filed two Motions to Dismiss challenging the plaintiff's right to pursue a private right of action and challenging the statute at issue as violative of the telemarketer's First Amendment rights. Both Motions to Dismiss were denied. Class certification was then granted and I was appointed co-lead class counsel. Companion to this litigation, my co-counsel and I successfully litigated the issue of whether commercial general liability insurance provided coverage for the alleged illegal telemarketing at issue. We ultimately appealed this issue to the Massachusetts Supreme Judicial Court which issued a decision reversing the contrary decision of the trial court and finding coverage. <u>See Terra Nova Insurance v. Fray-Witzer et al.</u>, 449 Mass. 206 (2007). This case resolved for $1,800,000.

    iv. <u>Shonk Land Company, LLC v. SG Sales Company</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No. 07-C-1800 (multi-state class action on behalf of recipients of faxes in violation of TCPA, settlement for $2,450,000, final approval granted in September of 2009.

v.     Mann & Company, P.C. v. C-Tech Industries, Inc., USDC, D. Mass., C.A. 1:08CV11312-RGS, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,000,000, final approval granted in January of 2010.

vi.    Evan Fray Witzer v. Olde Stone Land Survey Company, Inc., Massachusetts Superior Court, Civil Action No. 08-04165 (February 3, 2011) (final approval granted for TCPA class settlement). This matter settled for $1,300,000.

vii.   Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC, USDC, D. Mass. C. A. 1:09-cv-11261-DPW, class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,800,000, final approval granted August 17, 2011 (Woodlock, J.).

viii.  Collins v. Locks & Keys of Woburn Inc.., Massachusetts Superior Court, Civil Action No. 07-4207-BLS2 (December 14, 2011) (final approval granted for TCPA class settlement). This matter settled for $2,000,000.

ix.    Brey Corp t/a Hobby Works v. Life Time Pavers, Inc., Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V. This matter settled for $1,575,000.

x.     Collins, et al v. ACS, Inc. et al, USDC, District of Massachusetts, Civil Action No. 10-CV-11912 a TCPA case for illegal fax advertising, which settled for $1,875,000.

xi.    Desai and Charvat v. ADT Security Services, Inc., USDC, Northern District of Illinois, Civil Action No. 11-CV-1925, settlement of $15,000,000, approved, awarding fees of one third of common fund.

xii.   Benzion v. Vivint, 0:12cv61826, USDC S.D.Fla., settlement of $6,000,000 granted final approval in February of 2015.

xiii.  Kensington Physical Therapy v. Jackson Physical Therapy Partners, USDC, District of Maryland, 8:11cv02467, settlement of $4,500,000 granted final approval in February of 2015.

xiv.  Jay Clogg Realty v. Burger King Corp., USDC, District of Maryland, 8:13cv00662, settlement of $8.5 million granted final approval in May of 2015.

xv.   Charvat v. AEP Energy, 1:14cv03121 ND Ill, class settlement of $6 million granted final approval on September 28, 2015.

xvi.  Mey v. Interstate National Dealer Services, Inc., USDC, ND. Ga., 1:14-cv-01846-ELR, TCPA class settlement of $4,200,000 granted final approval on June 8, 2016.

xvii. Philip Charvat and Ken Johansen v. National Guardian Life Insurance

DECLARATION OF MATTHEW P. MCCUE IN SUPPORT OF SECOND MOTION FOR CLASS CERTIFICATION
*Berman, et al v. Freedom Fin. Network, LLC*, Case No. 4:18-cv-01060-YGR

       Company, USDC, WD. WI., 15-cv-43-JDP, TCPA class settlement for $1,500,000 granted final approval on August 4, 2016.

xviii. Thomas Krakauer v. Dish Network, L.L.C., USDC, MDNC, Civil Action No. 1:14-CV-333 on September 9, 2015. I was co-trial counsel in the case which resulted in a jury verdict in favor of plaintiff and the class of $20,446,400 on January 19, 2017. (Dkt. 292). On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338). Affirmed on appeal, *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. May 20, 2019), *cert. denied. Dish Network, L.L.C. v. Krakauer,* 140 S.Ct. 676 (December 16, 2019).

xix. Dr. Charles Shulruff, D.D.S. v. Inter-med, Inc., 1:16-cv-00999, ND Ill, class settlement of $400,000 granted final approval on November 22, 2016.

xx. Toney v, Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, 13-cv-00042, in which a TCPA class settlement was granted final approval on December 1, 2016 with TCPA settlement in the amount of $2,150,00 with one of three defendants an assignment of rights against defendant's insurance carrier. Second settlement of $3,300,000 granted final approval on September 25, 2018.

xxi. Bull v. US Coachways, Inc., 1:14-cv-05789, settlement distributing $3,250,000 approved on May 18, 2019.

xxii. Smith v. State Farm Mut. Auto. Ins. Co. , et. al., USDC, ND. Ill., 1:13-cv-02018, TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

xxiii. Mey v. Frontier Communications Corporation, USDC, D. Ct., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

xxiv. Biringer v. First Family Insurance, Inc., USDC, ND. Fla., a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017.

xxv. Abramson v. Alpha Gas and Electric, LLC, USDC, SD. NY., 7:15-cv-05299-KMK, a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017.

xxvi. Heidarpour v. Central Payment Co., USDC, MD. Ga., 16-cv-01215, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

xxvii. Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company, USDC, SD. NY., 1:16-cv-03588-BCM, a TCPA class settlement of $3,250,000 granted final approval on February 27, 2018.

xxviii. Abramson v. CWS Apartment Home, LLC, USDC, WD. Tex., 16-cv-01215, a TCPA class settlement of $368,000.00 granted final approval on May 19, 2017.

xxix. <u>Charvat v. Elizabeth Valente, et al</u>, USDC, NDIL, 1:12-cv-05746, $12,500,000 TCPA settlement granted final approval on November 4, 2019, appeal pending.

xxx. <u>Mey v. Got Warranty, Inc., et. al.</u>, USDC, NDWV., 5:15-cv-00101-JPB-JES, a TCPA class settlement of $650,000 granted final approval on July 26, 2017.

xxxi. <u>Mey v. Patriot Payment Group, LLC</u>, USDC, NDWV., 5:15-cv-00027-JPB-JES, a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017.

xxxii. <u>Charvat and Wheeler v. Plymouth Rock Energy, LLC</u>, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL, a TCPA class settlement of $1,675.000 granted final approval on July 31, 2018.

xxxiii. <u>Fulton Dental, LLC v. Bisco, Inc.</u>, USDC, NDIL, 1:15-cv-11038. TCPA class settlement for $262,500 granted final approval on March 7, 2018.

xxxiv. <u>Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.</u>, USDC, NDGA, 1:15-cv-03262-AT. TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

xxxv. <u>Mey v. Venture Data, LLC and Public Opinion Strategies</u>, USD NDWV, 5:14-cv-123. Final approval of TCPA settlement granted on September 8, 2018.

xxxvi. <u>Abante Rooter and Plumbing, Inc. v. Alarm.com, Inc.</u>, USDC, NDCA 4:15-cv-06314-YGR. TCPA class settlement of $28,000,000 granted final approval on August 15, 2019.

xxxvii. <u>In Re Monitronics International, Inc. Telephone Consumer Protection Act Litigation</u>, USDC, NDWV, 1:13-md-02493-JPB-MJA, a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018.

xxxviii. <u>Abante Rooter and Plumbing, Inc. v. Allstate Insurance Company, et al</u>, USDC, NDIIL 1:15-cv-00925. TCPA class settlement of $10,500,000 granted final approval on August 15, 2019.

xxxix. <u>Kaiser v. CVS Pharmacy, Inc., et al</u>, USDC NDIL, 1:14-cv-03687, TCPA class settlement of $15,000,000 approved on January 30, 2020.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS THIS 29th DAY OF JUNE 2022 IN THE COMMONWEALTH OF MASSACHUSETTS.

/s/ Matthew P. McCue
Matthew P. McCue