UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL BERMAN, ET AL.,**<br>　　　Plaintiffs,<br>　　vs.<br>**FREEDOM FINANCIAL NETWORK, LLC, ET AL.,**<br>　　　Defendants. | CASE NO. 18-cv-01060-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART**<br><br>Re: Dkt. No. 295 |

Nearly three years after summary judgment was denied, approximately two years after the close of fact discovery, and following two answers and an affirmance by the Ninth Circuit of the Court's order denying defendants' motion to compel arbitration, defendant Lead Science, LLC ("Lead Science") has moved to dismiss plaintiffs' Fourth Amended Complaint ("FAC") for failure to state a claim. Having carefully considered the papers submitted, the pleadings in this action, and for the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

The standard to dismiss pursuant to Rule 12(b)(6) is well-known and not disputed. In the moving papers, Lead Science argues that "it is protected from [Telephone Consumer Protection Act ("TCPA")] exposure by the common carrier doctrine." (Dkt. No. 295 at 7.) In support of dismissal, Lead Science principally relies upon cases decided *on summary judgment* where the courts found that there was no genuine dispute of material fact as to the common carrier exemption. (*Id*. at 8.) Perhaps appreciating that this is a defense appropriate for resolution on

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for August 9, 2022.

summary judgment, and despite Lead Science's own characterization of its argument, Lead Science's *reply* brief argues that depicting the common carrier exemption as a new affirmative defense is a mischaracterization of its argument.  Instead, it argues that plaintiffs' have failed to allege that Lead Science "ma[d]e" or "initiate[d]" the calls at issue in order to state a claim under the TCPA.  (Dkt. No. 312 at 4.)  Nevertheless, Lead Science continues to place substantial emphasis on the inquiry for whether a common carrier can be liable.  This is a fact-intensive inquiry that is typically inappropriate on a motion to dismiss and the Court declines to adopt Lead Science's reconstruction of its argument in reply.

In any event, having reviewed the allegations in the FAC, the plaintiffs have plausibly alleged a concerted campaign of communication with Lead Science playing more than a passive role in making communications.  As demonstrated by the years of litigation in this case, Lead Science has had sufficient notice of the claims at issue.[2]  Accordingly, Lead Science's motion to dismiss the TCPA claims is **DENIED**.

Lead Science also argued that the FAC includes no allegations about plaintiffs Karen O'Toole and Irma Custodio to state any claim.  Plaintiffs fail to address this argument in opposition and removed those plaintiffs from their caption, effectively conceding that there is no claim.  Therefore, they are **DISMISSED WITH PREJUDICE**.

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  Lead Science shall file an answer within fourteen (14) days of this Order.  This Order terminates Docket Number 295.

**IT IS SO ORDERED.**

Dated: July 28, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Defendants previously requested to file multiple motions for summary judgment.  In denying the request, the Court warned that pursuant to the Court's Standing Order, only one summary judgment motion may be filed per side absent leave.  (Dkt. No. 151.)  As instructed, "summary judgment [is] a tool to be used prudently[.]"  (*Id.*)  Defendants strategically chose to proceed with a joint motion and failed to raise Lead Science's theory for dismissal.  Given the age of this case, it is the Court's view that, absent leave of court, the only remaining issue is whether trial should proceed on an individual or class wide basis.