1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**DANIEL BERMAN, STEPHANIE HERNANDEZ, AND ERICA RUSSELL,**

            Plaintiffs,

      vs.

**FREEDOM FINANCIAL NETWORK, LLC; FREEDOM DEBT RELIEF, LLC; FLUENT, INC., AND LEAD SCIENCE, LLC,**

            Defendants.

CASE NO. 4:18-cv-01060-YGR

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 332

On May 10, 2023, the Court held a hearing on the unopposed motion of plaintiffs Daniel Berman, Stephanie Hernandez, and Erica Russell (collectively, "Plaintiffs") for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.[1] (Dkt. No. 332, Plaintiff's Motion for Preliminary Approval ("Motion").) Beth Terrell appeared for plaintiffs; and Jay Ramsey appeared for defendants Freedom Financial Network, LLC and Freedom Debt Relief, LLC (collectively, "Freedom"); Fluent, Inc. ("Fluent"), and Lead Science, LLC (collectively, "Defendants").

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based

---

[1] At the May 10, 2023 hearing, the Court questioned parties regarding the proposed settlement and identified necessary revisions. Parties were directed to submit a supplemental brief addressing the issues raised by the Court, which they did shortly thereafter. *See* Dkt. No. 349, Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Approval ("Supplemental Brief"). Plaintiffs submitted a revised proposed settlement agreement in connection with their Supplemental Brief, which the Court treats as operative and discusses herein. *See* Dkt. No. 352, Corrected Exhibit 1 to Decl. of Beth Terrell in Support of Plaintiffs' Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Approval, Amended Proposed Class Action Settlement ("Settlement Agreement").

on the reasons and terms set forth herein, the Court **GRANTS** plaintiffs' motion for preliminary approval of class action settlement.

## I.     BACKGROUND

Plaintiffs filed their putative class action complaint on February 19, 2018. They subsequently amended their complaint several times. The Fourth Amended Complaint ("FAC") was filed on June 10, 2022 and alleges defendants violated two provisions of the Telephone Consumer Protection Act ("TCPA"): 47 U.S.C. § 227(b)(1) & (c).

The parties reached a settlement on December 13, 2022, prior to class certification, with the assistance of an experienced mediator Robert A. Meyer.

### B.     Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $9,750,000 into a common settlement fund, without admitting liability.  This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, and the class representatives' service awards.

#### 1.     Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiffs' counsel agrees to seek up to one third of the Settlement Fund ($3,250,000), plus out-of-pocket costs and expenses incurred by class counsel, which are currently estimated to be approximately $200,000. The Settlement Agreement also includes a provision for settlement administration costs to be paid out of the Settlement Fund. Parties' selected Settlement Administrator, A.B. Data, estimates its costs will be $475,000. Lastly, the Settlement Agreement provides for service awards of $5,000 each to be paid to the class representatives to recognize their efforts and risks in prosecuting this litigation on behalf of the settlement class.

#### 2.     Class Relief

After deductions from the common fund for fees, costs, and service awards, approximately $5,810,000 will remain to be distributed on a *pro rata* basis among settlement class members who timely submit a valid claim, except that settlement class members who have both a prerecorded call

1    claim and a National Do-Not-Call claim[2] will receive a *double* settlement share. So, if 10 percent of

2    settlement class members timely submit a valid claim, the per-claim recovery for members with only a

3    prerecorded message claim would be approximately $82, whereas the recovery for a claimant with

4    both a National Do-Not-Call and prerecorded call claim would be approximately $164. On this basis,

5    plaintiffs estimate that each settlement class member who timely submits a valid claim will receive

6    between $60 and $170.

7          The Agreement does not provide for the reversion of settlement funds to defendant, absent

8    the Agreement being terminated, the Court withholding approval, or an order approving the

9    proposed settlement being reversed on appeal.[3]

10         Separately, the Agreement also provides for injunctive relief. Defendant Fluent agrees to

11   implement changes to its business practices, including as to: record retention, consent authentication,

12   and TCPA compliance. (*See* Settlement Agreement at §§ 2.4.1-2.4.3; 2.4.4; & 2.4.7-2.4.8.) Further,

13   Fluent will: (i) "not initiate, cause others to initiate, or assist others in initiating any outbound

14   telephone call that plays or delivers a prerecorded message," and (ii) "ensure that those consumers

15   who Fluent asserts ha[ve] previously consented to receive calls or texts selling Freedom's services as

16   it relates to this lawsuit will not receive any further telemarketing text messages or prerecorded calls

17   based on that consent." (*See id.* at §§ 2.4.5-2.4.6.)

18               ### 3.    *Cy Pres/Remainder*

19         To the extent any checks sent to settlement class members during the first settlement fund

20   distribution remain uncashed (or any electronic payments unaccepted) after the void date, the

21   _____

22         [2] The Settlement Agreement explains that National Do-Not-Call Claims are claims arising
     under the TCPA's National Do-Not-Call Regulations. *See* Settlement Agreement at § 2.3(b).

23   "National Do-Not-Call claims are not limited to calls sent using a prerecorded message or artificial
     voice, but instead include any telemarketing calls or texts." Supplemental Brief at 14:15-16

24   (citation omitted).

25         [3] If the Settlement Agreement "is terminated or is not approved by the Court or an order
     approving the Agreement is reversed on appeal, the [p]arties shall be restored to their respective

26   positions as of the date of the signing of this Agreement." Settlement Agreement at § 10.2.
     Further, the Settlement Agreement states that, "If the termination or failure to be approved occurs

27   after the Initial notice Deposit has been made to the Settlement Administrator and charges have
     been incurred, then any sums not necessary for incurred expenses, or already expended upon

28   notice at the time of the termination or failure to be approved shall be returned to [d]efendants."
     *Id.*

United States District Court
Northern District of California

1  Settlement Administrator shall distribute those remaining funds, if it is administratively feasible, in a

2  second distribution pursuant to the same formula described above. *See*, *supra*, Part I.B.2. Any funds

3  that remain after the second distribution (or to the extent a second distribution is not administratively

4  feasible), will be distributed as a *cy pres* award to the Public Justice Foundation.

5  **II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

6      **A.    Legal Standard**

7      A court may approve a proposed class action settlement of a certified class only "after a

8  hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

9  for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need

10  not address whether the settlement is ideal or the best outcome, but only whether the settlement is

11  fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v.*

12  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*

13  *Stories, Inc. v. Dukes*, 564 U.S. 338 (2011).  The *Hanlon* court identified the following factors

14  relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk,

15  expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action

16  status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

17  completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence

18  of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

19  1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

20  2004).

21      Settlements that occur before formal class certification also "require a higher standard of

22  fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citation omitted).  In

23  reviewing such settlements, in addition to considering the above factors, a court also must ensure

24  that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth*

25  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (citation omitted) (cleaned up).

26      ///

27      ///

28      ///

United States District Court
Northern District of California

4

United States District Court
Northern District of California

### B.    Class Definition and Basis for Conditional Certification

The Settlement Agreement, attached hereto as **Exhibit A**, defines the Settlement Class as:

> [E]very person in the United States (1) to whom Defendants placed a call, (2) to a telephone number listed in LEADSCIENCE_677, (3) using an artificial or prerecorded voice, (4) in order to sell Freedom Financial Network, LLC and Freedom Debt Relief, LLC's products, and (5) between May 17, 2017, and April 17, 2018.

(*See* Settlement Agreement at § 1.29.)[4]

The Court finds that, for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes at least 675,377 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact and law which are common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1019. The focus of this action—alleged TCPA violations—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs' claims are typical of the claims of settlement class members because they arise from the same course of alleged conduct: calls placed using an artificial or prerecorded voice or certain text messages sent in order to promote Freedom's products.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have substantial experience litigating class action lawsuits asserting TCPA claims and have all been appointed to serve as class counsel in similar cases. On that basis, the Court finds that they are competent in this

---

[4] The Court notes that the Settlement Class is different from the proposed classes alleged in the operative complaint. Plaintiffs' FAC brings this case on behalf of three classes: the Cellular Telephone Visitor Class, Cellular Telephone Non-Visitor Class, and Do Not Call Non-Visitor Class. *See* Dkt. No. 292, FAC ¶ 232. The Settlement Class encompasses the Cellular Telephone Visitor Class and Cellular Telephone Non-Visitor Class. It also encompasses those Do Not Call Non-Visitor Class members who also have a prerecorded call claim. Individuals who would have been a member of the FAC's Do Not Call Non-Visitor Class based only on their receipt of a telemarketing text message sent by or on Freedom's behalf are *not* members of the Settlement Class.

area and therefore adequate to represent the Settlement Class.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.  To that end, members of the Settlement Class who timely submit a valid claim are entitled to relief, which is estimated to be between $60 to $170.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C.        Settlement Agreement Appears Fair and Reasonable

The Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable.  Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals.  This is particularly true in light of the potentially individualized consent issues which could have been implicated. The amount offered in settlement compares favorably to other TCPA settlements approved in California and around the county.  The settlement occurred only after extensive litigation over five years, including four amendments of plaintiffs' pleadings; thorough discovery, including the production of thousands of documents; the retention of consulting and testifying experts; multiple motions for class certification; a motion from defendants to compel arbitration, which was appealed to the Ninth Circuit; as well as several dispositive motions. Counsel for both parties are highly experienced.  The record does not indicate collusion or self-dealing.  *See In re Bluetooth*, 654 F.3d at 947.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations.  The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

1     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

2     (iv) no agreements are required to be identified under Rule 23(e)(3).

3     Moreover, the Settlement Agreement appears to treat Class members equitably relative to

4     each other.

5     As discussed during the May 10, 2023 hearing and July 18, 2023 Zoom conference, the

6     Court has two concerns which it will evaluate in connection with the Final Approval Hearing.

7     *First*, the Court will scrutinize the Settlement Agreement at the final approval stage to

8     ensure individuals who have Do Not Call claims solely by virtue of having received a

9     telemarketing text message from or on behalf of defendant Freedom, but who are not members of

10    the Settlement Class, do not waive claims under the Agreement. *See*, *supra*, note 4. The parties

11    apparently agree with this assessment and any Final Order will make this explicitly clear.

12    *Second*, the Court will revisit plaintiffs' approach to monetizing the Settlement

13    Agreement's injunctive relief. Plaintiffs invite the Court to adopt a novel formula used in *Chintz*

14    *v. Intero Real Estate Servs.*, 2022 WL 16528137 (N.D. Cal. Oct. 28, 2022) to estimate the value of

15    the injunctive relief at $3.3 million without explaining why the formula is sound (apart from the

16    fact that it was once used by Judge Labson Freeman in this District). This is an especially salient

17    point since Fluent, the only defendant required by the Settlement Agreement to make practice

18    changes, has estimated the cost of implementing such changes as $1.5 million, less than half the

19    valuation plaintiffs reach using the *Chintz* formula.

20    Based on the foregoing, the Court conditionally certifies the class and provisionally

21    appoints Broderick Law, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew

22    P. McCue, and Paronich Law, P.C. as Class Counsel and plaintiffs Daniel Berman, Stephanie

23    Hernandez, and Erica Russell as class representatives.

24    **III.**    **PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

25    **A.**    **Notice Plan**

26    A court must "direct notice [of a proposed class settlement] in a reasonable manner to all

27    class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be

28    notified of a proposed settlement in a manner that does not systematically leave any group without

United States District Court
Northern District of California

7

notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  Adequate

notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to

apprise the Class members of the proposed settlement and of their right to object or to exclude

themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate,

and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable

requirements of due process and any other applicable requirements under federal law. *Phillips*

*Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*

*Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs

have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated,

under the circumstances, to apprise the Class members of the proposed settlement and of their

right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable

and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

meet all applicable requirements of due process and any other applicable requirements under

federal law.

The Court approves form of the following notices: (i) the Postcard Notice attached as

**Exhibit B**; (ii) Email Notice attached as **Exhibit C**; and (iii) long-form notice of Proposed Class

Action Settlement attached as **Exhibit D**. Taken together these notices are sufficient to inform

Class members of the terms of the Settlement Agreement, their rights under the Settlement

Agreement, their rights to object to or comment on the Settlement Agreement, their right to

receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date

and location of the Fairness and Final Approval Hearing.  The forms of plan of notice are therefore

**APPROVED**.

///

///

///

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.** **Plan of Allocation**

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices. In connection therewith, the Court approves the Proof of Claim form, attached hereto as **Exhibit E**.

**C.** **Settlement Administrator**

A.B. Data is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **September 26, 2023** ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Plaintiff is directed to provide to the Settlement Administrator the Class members' contact data no later than **August 11, 2023**.

**D.** **Exclusion/Opt-Out**

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than **November 25, 2023**.  Requests for exclusion must be in writing and set forth the name of this action, the Settlement Class member's full name and address, a telephone number where they may be contacted, the telephone number(s) which they maintain they were called, and a statement that the Settlement Class member submitting the request wishes to be excluded from the Settlement of this litigation. The request must be signed by the Settlement Class member and sent by First-Class Mail. No later than **January 29, 2024**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**E.      Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Court a written objection. All written objections must clearly identify the case name and number, include the objector's name, telephone number, address, and the telephone number on which the objector received the telemarketing communications at issue, and state the grounds for and extent of the objection, and state whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **November 25, 2023**.  Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

**F.      Attorneys' Fees and Class Representative Awards**

Plaintiff(s) and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **October 21, 2023**.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than **November 25, 2023**, as stated above.

Plaintiffs shall file a reply brief responding to any timely objection no later than **December 18, 2023**.

**G.      Fairness and Final Approval Hearing**

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than **January 29, 2024**.

The Court will conduct a Fairness and Final Approval Hearing on **Tuesday, February 20, 2024, at 2:00 p.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

1    Class members may appear, by counsel or on their own behalf, to be heard in support of or

2    opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class

3    Representative awards by filing a Notice of Intention to Appear no later than **November 25, 2023**.

4    The Court reserves the right to continue the date of the final approval hearing without

5    further notice to Class members.

6    The Court retains jurisdiction to consider all further applications arising out of or in

7    connection with the Settlement.

8    **H.      Post-Distribution Accounting**

9    If final approval is granted, the parties will be required to file a Post-Distribution

10   Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

11   and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare

12   accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | **August 11, 2023** |
| Class Notice to be sent by | **September 26, 2023** |
| Class Counsel to file their motion for fees and costs and Class Representative awards | **October 21, 2023** |
| Postmark deadline to submit objection or request for exclusion | **November 25, 2023** |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs; deadline for Motion for Final Approval to be filed | **January 29, 2024** |
| Fairness and Final Approval Hearing | **February 20, 2024**<br><br>NOTE: Subject to change without further notice to the Class. |

IT IS SO ORDERED.

This terminates Docket No. 332.

United States District Court
Northern District of California

Dated:  July 28, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**