1  Michael F. Ram, CSB #104805
   Email: mram@forthepeople.com
2  MORGAN & MORGAN
   101 Montgomery Street, Suite 1800
3  San Francisco, California 94104
   Telephone: (415) 358-6913
4
5  Beth E. Terrell, CSB #178181
   Email: bterrell@terrellmarshall.com
6  Jennifer Rust Murray, *Admitted Pro Hac Vice*
   Email: jmurray@terrellmarshall.com
7  TERRELL MARSHALL LAW GROUP PLLC
   936 North 34th Street, Suite 300
8  Seattle, Washington 98103
   Telephone: (206) 816-6603
9
10 [Additional counsel appear on signature page]

11 *Attorneys for Plaintiffs*

12              UNITED STATES DISTRICT COURT
13          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    OAKLAND DIVISION
14
15 DANIEL BERMAN, STEPHANIE            Case No. 4:18-cv-01060-YGR
   HERNANDEZ, and ERICA RUSSELL,
16                                     **AMENDED CLASS ACTION
             Plaintiffs,               SETTLEMENT AGREEMENT**
17
       v.
18                                     JURY TRIAL DEMAND
   FREEDOM FINANCIAL NETWORK, LLC,
19 FREEDOM DEBT RELIEF, LLC, FLUENT,   Honorable Yvonne Gonzalez Rogers
   INC., and LEAD SCIENCE, LLC,
20
             Defendants.
21
22
23      **AMENDED CLASS ACTION SETTLEMENT AGREEMENT**

24      This class action settlement agreement ("Agreement" or "Settlement Agreement") is

25 entered as of March 16, 2023, between Daniel Berman, Stephanie Hernandez, and Erica Russell

26 ("Plaintiffs"), individually and on behalf of the Settlement Class defined below, and Freedom

27 Financial Network, LLC, Freedom Debt Relief, LLC (together "Freedom"), Fluent, Inc.

("Fluent"), and Lead Science, LLC ("Lead Science"; with Freedom and Fluent, "Defendants").

Plaintiffs and Defendants are collectively referred to as the "Parties."

## RECITALS

A.      On February 19, 2018, Plaintiff Daniel Berman filed a class action complaint against Freedom alleging Freedom was liable for telemarketing calls made by it or on its behalf in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Dkt. 1.

B.      Freedom moved to compel arbitration (Dkt. 16), which the Court denied. Dkt. 29.

C.      Plaintiff filed a First Amended Complaint that added Fluent, Inc. and Lead Science, LLC as defendants. Dkt. 30.

D.      On June 28, 2018, Freedom answered the First Amended Complaint. Fluent and Lead Science answered the First Amended Complaint on July 12, 2018 and July 16, 2018 respectively. The Court granted Plaintiffs leave to file a Second Amended Complaint on October 23, 2018. Dkt. 87.

E.      The Parties engaged in class, merits, and expert discovery. Plaintiffs propounded multiple sets of interrogatories and document requests and took eight depositions, including Fed. R. Civ. P. 30(b)(6) depositions and depositions of Defendants' managers and employees. Defendants propounded written discovery to, and deposed, all three Plaintiffs. The Parties retained multiple experts.

F.      On November 13, 2018, Defendants filed a motion to dismiss, deny class certification, and strike the class allegations. Dkt. 94. The Court denied the motion. Dkt. 147.

G.      Plaintiff Berman filed his initial motion for class certification on February 8, 2019. Dkt. 139. Defendants filed a motion for summary judgment on March 5, 2019. Dkt. 156. The Court denied Defendant's summary judgment motion and denied Plaintiff's class certification motion without prejudice. Dkt. 198. The Court granted Plaintiffs leave to file a Third Amended Complaint, adding Plaintiff Hernandez and Plaintiff Russell as named plaintiffs.

H.      Defendants filed a second motion to compel arbitration, which the Court denied in a decision that the Ninth Circuit affirmed. *See* Dkt. 286.

I.    After the Ninth Circuit issued its mandate, the Parties stipulated to Plaintiffs filing a Fourth Amended Complaint that narrowed the proposed class definitions and claims to reflect changes that occurred in the law while the appeal was pending. Dkt. 292. Plaintiffs filed a renewed class certification motion on July 1, 2022 (Dkt. 298).

J.    On December 18, 2018, Plaintiff Berman and Defendants participated in a settlement conference with the Hon. Magistrate Judge Thomas S. Hixson. The case did not settle. On December 13, 2022, the Parties participated in a twelve-hour mediation with Robert Meyer of JAMS Santa Monica. The case did not settle that day. However, the Parties continued to negotiate with the assistance of Mr. Meyer.

K.    Defendants have at all times denied and continue to deny any wrongdoing and have denied and continue to deny that they violated the TCPA or are liable for others' purported violations of the TCPA. Further, Defendants deny each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in this action and further deny that the claims in this action would be appropriate for class treatment if this action were to proceed through litigation and trial. Nonetheless, without admitting or conceding any wrongdoing, liability, or damages, or the appropriateness of Plaintiffs' claims or any similar claims for class treatment, Defendants consent to the Settlement herein solely to avoid the expense, inconvenience, and inherent risk of further litigation as well as the further inconvenience to, interference with, and disruption of their business operations. Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by any Defendant of the truth of any allegations raised in this action or of any fault, wrongdoing, liability, or damages of any kind. As set forth below, this Settlement Agreement, its terms, documents related to it, and the negotiations or proceedings connected with it shall not be offered or received into evidence in this or any other action or proceeding to establish any liability or admission by any Defendant.

L.    Plaintiffs' counsel have conducted an extensive investigation of the facts and law underlying the claims asserted in the litigation, including through formal discovery and consultation with their own experts. Plaintiffs' theories and evidence have been tested by

Defendants' numerous motions, including motions to dismiss, to compel arbitration, and for summary judgment. The Parties were preparing for a hearing on class certification when they reached an agreement in principle to resolve the case. Based on their evaluation, in consideration of all the circumstances and after serious arms' length settlement negotiations, Plaintiffs and their counsel believe that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

M.    The Parties agree that the Settlement was reached in good faith, following arms' length bargaining.

NOW, THEREFORE, the Parties, along with their counsel, in consideration of the benefits flowing from the Settlement Agreement set forth in this Agreement, agree to the Settlement, subject to Court approval, upon the following terms and conditions.

## **AGREEMENT**

**1.    DEFINITIONS**

1.1    **"Claim Form"** means the form that Settlement Class Members may fill out and submit by U.S. Mail or online in substantially the form(s) as those attached hereto as Exhibit 1, which includes (a) the Claim Form attached to the Postcard Notice, (b) a downloadable Claim Form available on the Settlement Website, and (c) the electronically-fillable Claim Form Settlement Class Members may submit through the Settlement Website.

1.2    **"Claim Period"** begins with the date Publication Notice is first made and Online Media Notice begins, which shall also be the date the Postcard Notice and Email Notice is sent and ends sixty days later.

1.3    **"Class Counsel"** means:

Beth E. Terrell
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

DocuSign Envelope ID: 82DCB130-4BB2-4354-A5E4-512D4B5C6349

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

1.4     **"Class Representatives"** means Daniel Berman, Stephanie Hernandez, and Erica Russell.

1.5     **"Complaint"** means the Fourth Amended Complaint filed in this action on June 10, 2022, Dkt. 292.

1.6     **"Court"** means the United States District Court for the Northern District of California.

1.7     **"Defendants' Counsel"** means counsel for Defendants identified on the signature lines below.

1.8     **"Effective Date"** means the date five business days following the later of the following events: (A) if any Settlement Class Member objects to the Settlement: (i) the date upon which the time expires for filing a notice of appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals of the Final Approval Order and Judgment, and the appellate court enters an order either dismissing the appeal(s) or affirming the Final Approval Order and Judgment without material modification, the date upon which the time expires for seeking review of that order; or (B) if no Settlement Class Member Object to the Settlement: the date the Court enters the Final Approval Order and Judgment.

1.9     **"Email Notice"** means the notice that is to be emailed to the Settlement Class, and whose name and email address can be located from records obtained during this litigation or

1  by the Settlement Administrator through a "reverse lookup" process, in substantially the form of

2  Exhibit 2 hereto, as provided in Section 4.2(b). Email Notice also will include a reminder notice

3  that will be sent no later than thirty days before the expiration of the Claim Period to the

4  Settlement Class for whom a valid email is available and who have not submitted a claim.

5       1.10   **"Fee Award"** means the total amount of attorneys' fees and reimbursement of

6  expenses awarded by the Court to Class Counsel.

7       1.11   **"Final Approval Hearing"** means the hearing before the Court where the Parties

8  will request that the Court enter the Final Approval Order and Judgment, approve the Settlement

9  Agreement, and approve the Fee Award and the Service Awards to the Class Representatives.

10      1.12   **"Final Approval Order and Judgment"** means a document substantially in the

11  form of Exhibit 3, or in such form as may be ordered by the Court, to be entered by the Court

12  following the Final Approval Hearing.

13      1.13   **"Initial Notice Deposit"** means an initial payment of $500,000 that Defendants

14  will pay to the Settlement Administrator within ten business (10) days after the Court enters an

15  order granting preliminary approval of the Settlement to cover expected initial notice and

16  administration expenses.

17      1.14   **"Long Form Notice"** means the notice of this Settlement Agreement and Final

18  Approval Hearing, which is to be provided to the Settlement Class in accordance with this

19  Agreement and substantially in the form of Exhibit 4, or in such form as may be ordered by the

20  Court.

21      1.15   **"Net Settlement Fund"** is equal to the Settlement Fund minus the total of the Fee

22  Award, any Service Awards, and all Settlement Administration Expenses.

23      1.16   **"Notice Deadline"** means the deadline for the Settlement Administrator to

24  commence notice by mailing the Postcard Notice, sending Email Notice, and beginning Online

25  Media Notice pursuant to the Notice Plan. The Notice Deadline will be no later than sixty days

26  following entry of the Preliminary Approval Order.

27

1.17 **"Notice Plan"** means the plan for disseminating notice to the Settlement Class of the Settlement Agreement and of the Final Approval Hearing, as developed by the Settlement Administrator and approved by the Parties and set forth in greater detail in Section 4 below.

1.18 **"Objection/Exclusion Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a written request for exclusion, must be postmarked. The Objection/Exclusion Deadline is sixty days after the Online Media Notice begins and the Postcard Notice and Email Notice are sent. The Objection/Exclusion deadline must be at least 35 days after Class Counsel file their petition for attorneys' fees and costs.

1.19 **"Online Media Notice"** means the notice given by the placement of advertisements on various Internet and social media sites as provided for in Section 4.2(d) below and in substantially the form as that attached as Exhibit 5.

1.20 **"Postcard Notice"** means the notice with tear-off claim form that is to be mailed to anyone in the Settlement Class whose name and address can be located and for whom an email address was not located or whose email was returned undeliverable, in substantially the form of Exhibit 1(a), or in such form as may be ordered by the Court.

1.21 **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 6 or such other order as may be entered by the Court for purposes of preliminarily approving the Settlement Agreement and certifying the Settlement Class solely for settlement purposes.

1.22 **"Release"** means the release and discharge, by Plaintiffs and all Settlement Class Members (and their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors in interest, and successors) of the Released Parties, and shall include the agreement and commitment by Plaintiffs and Settlement Class Members to not now or hereafter initiate, maintain, or assert against the Released Parties, or any of them, any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands, or rights, including without limitation claims for damages of any kind, including those in excess of actual damages, whether

based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by Plaintiffs or Settlement Class Members against the Released Parties, or any of them, in this action or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel, or other adjudicating body arising out of or related to the Released Claims.

1.23    **"Released Claims"** means any and all claims, causes of action, suits, obligations, debts, rights, demands, liens, actions, agreements, promises, liabilities, damages, losses, controversies, claims for damages, equitable, legal, and/or administrative relief, interest, costs, expenses, and attorneys' fees of any nature whatsoever, against any Released Party, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, statute, regulation, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the Effective Date, that arise out of or relate to telemarketing calls and/or text messages that one or more of Defendants placed between May 17, 2017 and April 17, 2018 using an artificial or prerecorded voice in order to sell Freedom's products and services, or that otherwise were raised or could have been raised by any Settlement Class Member against any Released Party based on the allegations in the Complaint.

1.24    **"Released Parties"** means Defendants and each of their respective present, former, and future parents, subsidiaries, divisions, partnerships, joint ventures, unincorporated entities, affiliates, and any entities directly or indirectly under their respective control in the past or present, and each of their respective assignors, predecessors, successors and assigns, officers, directors, shareholders, employees, members, contractors, subcontractors, vendors, administrators, agents, insurers, attorneys, accountants, and representatives, heirs, and the estates of any and all of the foregoing.

1.25    **"Service Award"** means any amount the Court awards to Plaintiffs to recognize their efforts and risks in prosecuting this litigation on behalf of the Settlement Class.

1.26 **"Settlement"** means the compromise and settlement described in this Agreement.

1.27 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing notice pursuant to the Notice Plan approved by the Court, processing claims, and mailing checks for Settlement Class Members. Settlement Administration Expenses include but are not limited to the Initial Notice Deposit and shall be paid from the Settlement Fund.

1.28 **"Settlement Administrator"** means A.B. Data, the independent company that the parties have selected to notify the Settlement Class of the Settlement as described in Section 4 of this Agreement and administer the Settlement.

1.29 **"Settlement Class"** means every person in the United States (1) to whom Defendants placed a call, (2) to a telephone number listed in LEADSCIENCE_677, (3) using an artificial or prerecorded voice, (4) in order to sell Freedom Financial Network, LLC and Freedom Debt Relief, LLC's products, and (5) between May 17, 2017, and April 17, 2018.

1.30 **"Settlement Class Member"** means any person who is included within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.31 **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Member claimants, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel (together with litigation expenses) and any approved Service Award to the Class Representatives.

1.32 **"Settlement Fund"** means the amount of $9,750,000 that Defendants have agreed to pay pursuant to the terms of this Settlement Agreement, as set forth in Section 2.1.

1.33 **"Settlement Website**" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement, the Complaint, the Answer, the Preliminary Approval Order, Class Counsel's fee petition, a printable Claim Form, and the Long Form Notice.

**2.     SETTLEMENT RELIEF**

2.1     **Settlement Fund**. Defendants agree to pay into a Settlement Fund to be created and maintained by the Settlement Administrator, the amount of $9,750,000 in total and complete satisfaction of all obligations under this Agreement. The Settlement Fund will be used to pay the claims of all Settlement Class Members under this Agreement, Settlement Administration Expenses, any Service Awards to the Class Representatives, and any Fee Award to Class Counsel (including any litigation expenses awarded). In no event shall Defendants be obligated to contribute any monies in excess of $9,750,000.

2.2     **Funding of Settlement Fund**. Defendants will make payments to the Settlement Fund as follows: within ten business days following entry of the Preliminary Approval Order, Defendants will transfer an Initial Notice Deposit of $500,000 to the Settlement Administrator (via wire instructions to be provided by the Settlement Administrator to Defendants). The Settlement Administrator will hold those amounts in escrow until such time as the Settlement Administrator is authorized to pay those funds, including for any authorized up-front notice costs and other costs of administration, pursuant to the Settlement Agreement, or as otherwise ordered by the Court. Interest shall accrue to the benefit of the Settlement Class but in the event the Settlement does not receive final approval, Defendants shall be entitled to return of the balance of the Settlement Fund after payment of notice and administration expenses incurred to that point.

Following this initial payment, Defendants shall pay the remainder of the $9,750,000 total settlement payment to the Settlement Administrator (via the Settlement Administrator's wire instructions), within fifteen (15) days after the Court issues its Final Approval Order and Judgment, provided that if the Effective Date has not occurred by this date, then the remainder of the $9,750,000 total settlement payment to the Settlement Administrator shall be made within ten (10) business days after the Effective Date.

DocuSign Envelope ID: 82DCB130-4BD2-4354-AFE4-512P4BFC6349

2.3     **Distribution of the Settlement Fund**.

a.     As soon as practicable, but no later than thirty days after the Effective Date, the Settlement Administrator shall make the following payments:

(i)     any Fee Award to Class Counsel and Service Awards to Class Representatives, by any means agreed upon by Class Counsel;

(ii)     any remaining Settlement Administration Expenses to the Settlement Administrator, by any means requested by the Settlement Administrator; and

(iii)     individual payments to Settlement Class Members who submitted a timely and valid Claim Form ("Individual Settlement Payments"), by check to the Settlement Class member's last known physical address or by optional electronic payment.

b.     The amount of the Individual Settlement Payments will depend upon the number of Settlement Class Members who submit a valid and timely Claim Form and whether the claimant has a claim under the TCPA's National Do-Not-Call Regulations ("NDNC Claim") in addition to a claim that Defendants violated the TCPA's prohibition of telemarketing calls using an artificial or prerecorded voice without the recipient's prior express written consent ("Prerecord Claim"). For purposes of distributing the New Settlement Fund, a claimant who has both an NDNC Claim and a Prerecord Claim will receive two points. A claimant who has a Prerecord Claim only will receive one point. Claimants' shares will be determined by the following formula: Net Settlement Fund divided by the total number of points claimed through submission of timely and valid Claim Forms times the individual's total points. For example, if the Net Settlement Fund is $5,810,000 and 67,500 Settlement Class Members submit timely and valid Claim Forms and 3,300 of the claimants have both an NDNC Claim and a Prerecord Claim, each point will be worth approximately $82.06 ($5,810,000/70,800 (67,500 + 3,300 = 70,800) = $82.06). A Settlement Class Member who has a Prerecord Claim only and submits a timely and valid Claim Form would receive $82.06 and a Settlement Class Members who has a Prerecord

1   Claim and an NDNC Claim and submits a timely and valid Claim Form will receive $164.12

2   ($82.06 points x 2).

3          c.       Settlement Class Members will be able to learn whether they are eligible

4   to receive multiple points by visiting the Settlement Website and entering either a unique claim

5   number assigned by the Settlement Administrator or the telephone number at which they

6   received the calls.

7          d.       All payments issued to Settlement Class Members via check will state on

8   the face of the check that the check will become void unless cashed within 120 days after the

9   date of issuance. Payment by optional electronic payment will also have a 120-day period for

10  activation or acceptance.

11         e.       To the extent any checks to Settlement Class Members remain uncashed

12  (or any electronic payments unaccepted) after the void date, if it is administratively feasible, the

13  Settlement Administrator shall distribute the funds associated with those checks to Settlement

14  Class Members who cashed their check from the first distribution using the same formula

15  described above: A person who has both an NDNC Claim and a Prerecord Claim will receive

16  two times the amount of the residual as a person who has a Prerecord Claim only. The Settlement

17  Administrator shall make this second distribution within thirty (30) days after the "stale date" of

18  the checks distributed through the first distribution. Settlement Class Members will have 120

19  days to cash any check received through the second distribution. Any remaining funds, including

20  to the extent a second distribution is not administratively feasible, shall be distributed as a *cy*

21  *pres* award to the Public Justice Foundation. The Settlement Administrator will contact the

22  Parties' counsel within five days following the stale date of checks mailed through the second

23  distribution, or, alternatively if a second distribution is not administratively feasible, within five

24  days following the stale date of checks mailed through the first distribution, to inform them that

25  the distributions are complete. At that time, the Parties' counsel will provide the Settlement

26  Administrator with instructions for sending any residual funds to the designated *cy pres*

27  recipient.

DocuSign Envelope ID: 82DCB130-4BD2-4354-A5E4-512P4BFC6349

    2.4    **Changes to Business Practices.** Fluent, its successors in interest, principals, directors, and officers agree to the following injunctive relief individually and on behalf of Fluent and any Fluent successor entity (all of which are collectively referred to as "Fluent" in subsections 2.4.1 through 2.4.8 below):

    <u>**Record retention**</u>.

    2.4.1    Fluent will retain evidence of telemarketing consent, which may be satisfied in a variety of ways, including, without limitation, data collected from server logs with information sufficient to identify the date, time, and name of the person consenting.

    2.4.2    Fluent will require all of Fluent's affiliated companies to maintain and provide Fluent, upon request, with evidence of telemarketing consent, which may be satisfied in a variety of ways, including, without limitation, data collected from server logs with information sufficient to identify the date, time, and name of the person consenting.

    2.4.3    Fluent will require all of Fluent's affiliated companies to maintain and provide Fluent, upon request, with call records, which may be satisfied in a variety of ways, including, without limitation, information sufficient to identify the date, time, and phone number called and the receipt of the call.

    <u>**Consent authentication**</u>.

    2.4.4    Fluent will implement procedures designed to identify numbers associated with invalid names or addresses and processes to ensure that they are not called, which may be satisfied in a variety of ways, including, without limitation, retaining third-party vendors to validate name and address authenticity.

    <u>**Bar on Prerecorded Calls**</u>.

    2.4.5    Fluent will not initiate, cause others to initiate, or assist others in initiating any outbound telephone call that plays or delivers a prerecorded message.

    <u>**Notice and confirmatory opt in**</u>.

    2.4.6    Fluent shall ensure that those consumers who Fluent asserts has previously consented to receive calls or texts selling Freedom's services as it relates to this lawsuit will not

1   receive any further telemarketing text messages or prerecorded calls based on that consent.

2   Fluent may satisfy this condition in a variety of ways, including, without limitation, adding those

3   consumers to its internal do-not-sell database. For avoidance of doubt: nothing in this provision

4   shall bar contact with any consumer who subsequently provides valid consent to receive

5   telemarketing messages.

6          **Compliance**.

7          2.4.7   Fluent shall ensure that its consent language and process for obtaining

8   consent complies with the TCPA's requirement that consent be "clear and conspicuous." Fluent

9   may satisfy this condition in a variety of ways, including, without limitation, having the consent

10  language and process reviewed quarterly by internal or external counsel.

11         2.4.8   Fluent shall ensure that it is in full compliance with the injunctive

12  provisions of this settlement, including reviewing consent evidence and ensuring that its method

13  of obtaining consent is clear and conspicuous. Fluent may satisfy this condition in a variety of

14  ways, including, without limitation, having the consent language and process reviewed quarterly

15  by internal or external counsel.

16  **3.     RELEASE OF CLAIMS**

17         3.1     Plaintiffs and each Settlement Class Member hereby fully, finally, and forever

18  Release, resolve, relinquish and discharge each of the Released Parties from the Released

19  Claims.

20         3.2     Upon the Effective Date, Plaintiffs and Settlement Class Members, shall be

21  deemed to have, and by operation of law and of the Final Approval Order have, fully, finally,

22  and forever released, relinquished, and discharged all Released Claims against the Released

23  Parties.

24         3.3     Plaintiffs and the Settlement Class expressly acknowledge that they are familiar

25  with principles of law such as California Civil Code section 1542, which provides as follows:

26

27

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 14

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Except as otherwise provided in this Agreement, Plaintiffs and Settlement Class Members knowingly and voluntarily waive and relinquish any rights that they have or may have under California Civil Code section 1542, or any other similar provision of state or federal law, to the fullest extent permitted by law, in connection with the releases provided in this Agreement. Plaintiffs and Settlement Class Members expressly agree that, in connection with and as part of the Released Claims, they knowingly and voluntarily waive, Release, and relinquish to the fullest extent permitted by law any unknown claims that are substantially similar to or overlap with the Released Claims. Plaintiffs and Settlement Class Members also agree and acknowledge that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters Released herein, and that such claims, to the extent they are substantially similar to or overlap with the Released Claims, are hereby Released, relinquished, and discharged.

**4.    NOTICE TO THE SETTLEMENT CLASS**

4.1    As soon as practicable but no later than sixty days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Online Media Notice and Email Notice to be made to the Settlement Class and, where email addresses are not available, the Postcard Notice to be mailed to the Settlement Class. Such notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan set forth in Section 4.2, the costs of which shall be deemed part of the Settlement Administration Expenses, and which shall be paid from the Settlement Fund. The Parties expressly agree that the initial out-of-pocket costs of the Publication Notice and Notice Postcard shall be paid from the Initial Notice Deposit, and that once incurred such out-of-pocket costs

1  shall not be refundable in the event of termination of this Settlement or the failure of this

2  Settlement to become effective.

3       4.2       The Notice Plan, which was developed in consultation with the Settlement

4  Administrator, includes the following:

5            a.       *Identifying the Settlement Class.* During the litigation, Plaintiffs obtained

6  from Defendants calling records identifying approximately 675,377 telephone numbers

7  associated with potential Settlement Class Members subject to the terms of the Protective Order

8  Governing Plaintiffs' Use of Contact Information Produced by Defendants, Dkt. 99, 106. The

9  Settlement Administrator may use contact information, including emails, contained within the

10  calling records and has or will use standard industry practices to locate contact information for

11  the Settlement Class Members whose information is not in the calling records, including, but not

12  limited to, reverse lookups.  The Settlement Administrator may not use such contact information

13  for purposes other than providing notice to the Settlement Class.

14            b.       *Emailed Notice.* As soon as practicable but no later than sixty days after

15  entry of the Preliminary Approval Order, the Settlement Administrator shall send the Email

16  Notice to anyone in the Settlement Class for whom an email address was located in the calling

17  records.

18            c.       *Mailed Notice.* As soon as practicable but no later than sixty days after

19  entry of the Preliminary Approval Order, the Settlement Administrator shall send the Postcard

20  Notice via first class mail to anyone in the Settlement Class for whom a mailing address, but not

21  an email address, could be obtained. The Settlement Administrator also shall send a Postcard

22  Notice to anyone in the Settlement Class for whom a postal address can be located who was

23  initially sent an Email Notice and the Email Notice bounced back. Before sending the Postcard

24  Notice, the Settlement Administrator shall update the postal address using the National Change

25  of Address database. If a Postcard Notice is returned with a forwarding address, the Settlement

26  Administrator shall promptly re-mail the Postcard Notice to the updated address. If a Postcard

27

DocuSign Envelope ID: 82DCB130-4BD2-4354-AFE4-512P4BFC6349

1   Notice is returned undeliverable, the Settlement Administrator shall perform one "skip trace" to

2   try to find a good address.

3        d.   *Online Notice*. As soon as practicable but no later than sixty days after

4   entry of the Preliminary Approval Order, the Settlement Administrator will commence a media

5   campaign designed to supplement the direct notice campaign described above. The media

6   campaign will include the placement of targeted ads in selected publications and on widely used

7   Internet and social media sites.

8        e.   *Settlement Website.* As soon as practicable but no later than sixty days

9   after entry of the Preliminary Approval Order, this Agreement, Plaintiffs' Complaint,

10  Defendants' Answer, and the Long Form Notice shall be made available on a website, which

11  shall be obtained, created, and administered by the Settlement Administrator (the "Settlement

12  Website") and shall include the ability to submit a Claim Form online. The Long Form Notice on

13  the Settlement Website shall be substantially in the form attached hereto, or in such form as may

14  be ordered by the Court. The Email Notice, Postcard Notice, and Online Media Notice will refer

15  the Settlement Class to the Settlement Website.

16       f.   *Email reminder.* The Settlement Administrator will send an email no later

17  than thirty days before the expiration of the Claim Period to all Settlement Class Members for

18  whom an email address is available and who have not submitted claims. The email will remind

19  Settlement Class Members to submit claims and the date to do so.

20       g.   *Defendants' right to review.* Defendants shall have the right to review and

21  approve the language of any form of notice, including without limitation any Email Notice,

22  Postcard Notice, all online forms of notice, any direct communications with class members, and

23  any information posted on the Settlement Website.  Defendants shall further have the right to

24  review and approve the publications and Internet and social media websites the notices will run

25  on, including, without limitation, the name and internet address of the Settlement Website.

26  Defendants shall not unreasonably withhold approval of any aspect of the Notice Plan, including

27  the form and content of the various notices.  If the parties cannot agree on any aspect of the

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 17

1  Notice Plan they will submit the dispute to the Court, which shall be the final arbiter on these

2  issues.

3      h. *Defendants not liable for others' acts.* Defendants, Defendants' Counsel,

4  and the Released Parties shall have no responsibility or liability for the acts or omissions of the

5  Settlement Administrator, Class Counsel, or their agents.

6     4.3 Any member of the Settlement Class may object to this Agreement. Consistent

7  with the Court's Procedural Guidance for Class Action Settlements and Federal Rule Civil

8  Procedure 23(e), any objection to the Settlement must be in writing. All written objections and

9  supporting papers must (a) clearly identify the case name and number (*Berman v. Freedom*

10 *Financial Network, LLC*, Case No. 18-cv-01060-YGR), (b) include the objector's name,

11 telephone number, address, and the telephone number on which the objector received the

12 telemarketing calls at issue in this case; (c) be submitted to the Court either by filing the

13 objection electronically or in person at any location of the United States District Court for the

14 Northern District of California or by mailing them to the Class Action Clerk, United States

15 District Court for the Northern District of California, Ronald V. Dellums Federal Building &

16 United States Courthouse, 1301 Clay Street, Oakland, CA 94612, and (d) be filed or postmarked

17 on or before the Notice Deadline. The objection also must state with specificity the grounds for

18 the objection and whether the objection applies only to the objector, to a specific subset of the

19 Settlement Class, or to the entire Settlement Class. Any payment or other consideration given to

20 an objector or objector's counsel for: (a) forgoing or withdrawing an objection, or (b) forgoing,

21 dismissing, or abandoning an appeal from a judgment approving a class settlement shall require

22 Court approval. An objector may appear through his or her own attorney, but is responsible for

23 hiring and paying that attorney.

24    4.4 Any member of the Settlement Class may request to be excluded ("opt-out") from

25 the Settlement Class by sending, by First-Class Mail, a written request for exclusion to the

26 Settlement Administrator postmarked on or before the Objection/Exclusion Deadline. The

27 request for exclusion must include the name of this action, *Berman v. Freedom Financial*

1    *Network, LLC*, the Settlement Class member's full name, address, and telephone number where

2    he or she may be contacted, the telephone number(s) which he or she maintains was called, and a

3    statement that the member of the Settlement Class submitting the request wishes to be excluded

4    from the Settlement of this litigation, and personally signed by the member of the Settlement

5    Class submitting the request. A request to be excluded that does not include all of the foregoing

6    information, or that is not sent to the Settlement Administrator, or that is not postmarked within

7    the time specified, shall be considered deficient. If an exclusion request is deemed deficient in

8    that it lacks a signature or any of the information required by this paragraph, the Settlement

9    Administrator will provide the Settlement Class member with an opportunity to cure the

10   deficiency by sending an email or letter describing the deficiency and informing the Settlement

11   Class member that he or she has fifteen days to correct the issue. If the Settlement Class member

12   does not cure the deficiency within the specified time, that person shall be a Settlement Class

13   Member and shall be bound as a Settlement Class Member by the Agreement, if approved. If a

14   member of the Settlement Class submits both a Claim Form and a request for exclusion, the

15   former shall govern and any request for exclusion will be treated as having been withdrawn. The

16   Settlement Administrator will provide a list of those members of the Settlement Class who have

17   requested exclusion each week with its weekly reports, along with copies of each request

18   received, and a final list of everyone who has requested exclusion no later than forty-five

19   business days after the Objection/Exclusion Deadline. The Settlement Administrator will review

20   exclusion requests for deficiencies, and in consultation with Class Counsel, send deficiency

21   letters where appropriate and provide an opportunity for Settlement Class members to cure the

22   deficiency.

23         Any member of the Settlement Class who submits a timely and valid exclusion request

24   shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under

25   this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to

26   object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be

27   allowed.

## 5.    CLAIMS AND DEFICIENCY PROCESS

5.1     A Settlement Class Member must submit a Claim Form in order to make a claim, either by mail or online. To be valid, the Claim Form must contain the full name, mailing address and email address of the Settlement Class Member, and the telephone number at which he or she can be reached. The Claim Form must also include the telephone number(s) the Settlement Class Member maintains received allegedly unlawful calls from Defendants. Claim Forms submitted by mail must be post-marked by the last day of the Claim Period. Claim Forms submitted through the Settlement Website must be submitted on or before the last day of the Claim Period. The Settlement Class Member must sign the claim form, verifying that all information on the form is accurate and that the Settlement Class Member received allegedly unlawful calls.

5.2     No later than twenty days after the close of the Claim Period, the Settlement Administrator will complete a review of each claim that is submitted within the Claim Period. If the claim is timely, sets forth the information required in Section 5.1, is signed (by written or electronic signature), is not duplicative of a previously approved claim, and there are no indicia that the claim was fraudulently submitted, then the Settlement Administrator will approve the claim. If a claim is denied as deficient in that it lacks a signature or any of the information required in Section 5.1 or due to indicia that the claim was fraudulently submitted, the Settlement Administrator will within five days after completing the deficiency review provide the Settlement Class Member with an opportunity to cure the deficiency by sending an email or letter describing the deficiency and informing the Settlement Class Member that he or she has fifteen days to correct the issue. If the Settlement Administrator determines a claim is deficient due to fraud, the Settlement Class Member will be provided an opportunity to submit additional proof that calls meeting the class definition were received, such as billing records or call recordings. The Settlement Administrator will provide reports weekly to the Parties' counsel on the number of claims that are received, the number that were denied, the number found to be deficient, and the number that were approved as well as the number of requests for exclusion and objections received, along with copies of both. If there are any disputes over the validity of a

claim, the Parties' counsel will attempt to resolve such disputes between themselves, and if not successful, the disputes will be promptly presented to the Court for resolution.

5.3     Each Settlement Class Member will be entitled to submit only one claim. Payments will be calculated by dividing the amount of the Net Settlement Fund by the total number of timely and valid claims.

## 6.     SETTLEMENT ADMINISTRATION

6.1     The Settlement Administrator retained by the Parties shall have the following duties:

a.     Identify physical and email addresses for Settlement Class members through reverse lookups as set forth in Section 4.2(a) above;

b.     Prepare the Email, Long Form, Postcard, and Online Media Notices, in substantially the form as those attached to this Agreement as approved by the Court;

c.     Design and implement the Notice Plan set forth in Section 4 such that it complies with Fed. R. Civ. P. 23 and due process;

d.     Create and maintain the Settlement Website;

e.     Establish a dedicated toll-free number with interactive voice recognition and available live operators;

f.     Process, log, and review exclusion requests for deficiencies and address deficiencies with those requesting exclusion and providing them with an opportunity to cure, as provided for in Section 4.4;

g.     Process, log, and review claims for deficiencies and/or fraud, and address deficiencies with claimants providing them with an opportunity to cure, as provided for in Section 5.2;

h.     Calculate Settlement Class Member awards and distribute awards to Settlement Class Members who file valid claims, maintain a bank account to contain the Settlement Fund, maintain all required records, make a second distribution as provided for in

1 Section 2.3(d), if necessary, and distribute any funds remaining from uncashed checks or

2 unaccepted electronic payments to the Public Justice Foundation;

3               i.      Provide the Parties with weekly reports regarding the status of the Notice

4 Plan, and number of claims, exclusion requests, and objections received;

5               j.      Maintain copies of exclusion requests and objections; and

6               k.      Provide declarations to the Court in support of preliminary and final

7 settlement approval.

8               l.      Provide information to counsel for the Parties for the final post distribution

9 accounting discussed in the Northern District of California Guidelines for Class Action

10 Settlements and Section 12 below.

11       6.2     The Settlement Administrator shall, under the supervision of the Court, administer

12 the relief provided by this Settlement Agreement by completing its duties in a reasonable, cost

13 effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed

14 records of its activities under this Agreement. The Settlement Administrator shall maintain all

15 such records as are required by applicable law and in accordance with its normal business

16 practices, including but not limited to a summary of work performed by the Settlement

17 Administrator, and an accounting of all amounts paid from the Settlement Fund to Settlement

18 Class Members. Such records will be provided to Class Counsel and Defendants' Counsel and to

19 the Court along with the motion for final approval.

20       6.3     In the exercise of its duties outlined in this Agreement, the Settlement

21 Administrator shall have the right to reasonably request additional information from the Parties

22 or any Settlement Class Member.

23       6.4     The Settlement Administrator, with approval by the Parties, shall be responsible

24 for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"),

25 including the notice requirements in 28 U.S.C. § 1715.

26       6.5     As soon as practicable after the conclusion of the Settlement Administrator's

27 obligations to provide notice and administer the claims process but no later than twenty days

DocuSign Envelope ID: 82DCB130-4BD2-4351-A5E4-512P4BFC6349

after the deadline for Settlement Class Members to cure any deficient claims or exclusion requests as set forth above, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with an appropriate declaration outlining compliance with those obligations. The declaration will include final tallies of valid claims, exclusion requests, and objections as well as a statement of the total expenses incurred by the Settlement Administrator as of that date.

6.6     During the period from the filing date of this Agreement to the date that the Settlement Administrator issues its final declaration pursuant to Section 6.5, no Party or their counsel shall knowingly contact any Settlement Class member unless (a) that Settlement Class member reaches out to that Party or their counsel; (b) the communication is related to this litigation, this Settlement, or the administration of this Settlement; or (c) that Settlement Class member is otherwise represented by one of Class Counsel. This provision in no way prohibits Class Counsel from responding to questions from Settlement Class members, who are Class Counsel's clients, about the terms of this Settlement, the process of submitting a claim, Settlement Class members' rights to opt out of or object to the Settlement, or anything else about this action and the Settlement. It also does not prohibit Class Counsel from (a) contacting Settlement Class members who have objected to the Settlement about those objections or (b) contacting Settlement Class members who have opted out of the Settlement to ensure they understand their rights.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT**

7.1     Within the time frame established by the Court, Plaintiffs shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, preliminarily approve this Settlement Agreement, certify the Settlement Class for settlement purposes only, appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as the Class Representatives, and set a date for a Final Approval Hearing, which shall be scheduled no earlier than 205 days after entry of the

1   Preliminary Approval Order, in order to comply with the requirements of CAFA and to provide

2   sufficient time for the Settlement Administrator to execute the Notice Plan.

3        7.2    Defendants do not oppose the certification of the Settlement Class for settlement

4   purposes only. Certification of a Settlement Class shall not be deemed a concession that

5   certification of a class is otherwise appropriate. Defendants preserve their arguments that a

6   litigation class could not be properly certified pursuant to Federal Rule of Civil Procedure 23. If

7   this Agreement is not approved by the Court or is otherwise terminated or voided, the

8   certification of the Settlement Class shall be void and there will be no waiver, estoppel, or

9   preclusive effect given to this Agreement in any litigated proceedings.

10       7.3    Class Counsel shall submit to the Court evidence and legal argument to support

11  the Final Approval Order and Judgment, which shall (among other things):

12            a.    find that the Court has personal jurisdiction over all Settlement Class

13  Members and that the Court has subject matter jurisdiction to approve the Agreement, including

14  all Exhibits hereto;

15            b.    grant final approval of the Settlement Agreement and likewise approve the

16  Settlement as fair, reasonable and adequate as to, and in the best interests of the Settlement

17  Class; direct the Parties and their counsel to implement the Agreement according to its terms and

18  provisions; and declare the Agreement to be binding on, and have preclusive effect on, all

19  pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the

20  Releasing Parties;

21            c.    find that the Notice Plan implemented pursuant to the Agreement:

22  (1) constituted the best practicable notice under the circumstances; (2) constituted notice that is

23  reasonably calculated to apprise members of the Settlement Class of the pendency of this

24  litigation, their right to object to or exclude themselves from the proposed Settlement, and to

25  appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and

26  sufficient notice to all entities and individuals entitled to receive notice; and (4) meets all

27

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 24

1  applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the

2  United States Constitution, and the rules of the Court;

3          d.     find that the Class Representatives and Class Counsel adequately

4  represented the Settlement Class for purposes of entering into and implementing the Agreement;

5          e.     dismiss Defendants from the action (including, without limitation, all

6  individual claims, class claims, Plaintiff claims, Settlement Class Member claims, and Released

7  Claims asserted therein against the Released Parties) on the merits and with prejudice, without

8  fees or costs to either Defendants or Plaintiffs except as expressly provided in the Settlement

9  Agreement;

10          f.     approve and incorporate the Releases set forth herein and forever

11  discharge the Released Parties from the Released Claims as set forth herein; and

12          g.     without affecting the finality of the Final Approval Order and Judgment

13  for purposes of appeal, retain jurisdiction as to all matters relating to administration,

14  consummation, enforcement, and interpretation of the Settlement Agreement and the Final

15  Approval Order and Judgment, and for any other necessary purpose; and

16          h.     set forth any other provisions, as the Court deems necessary and just.

17  **8.     CLASS COUNSEL'S FEE AWARD AND PLAINTIFFS' SERVICE AWARDS**

18      8.1    Class Counsel shall apply to the Court for the Fee Award of up to one third of the

19  Settlement Fund of $9,750,000, plus out-of-pocket costs and expenses incurred by Class Counsel

20  in this litigation, which are currently estimated to be approximately $200,000. Nothing in this

21  Agreement requires Defendants or their counsel to take any position with respect to any motion

22  or request made as contemplated by this Section. If the Fee Award entered by the Court is less

23  than that sought by Class Counsel, the difference will become part of the Settlement Class

24  Recovery.

25      8.2    Class Counsel shall file their motion for attorneys' fees and litigation costs and

26  expenses thirty-five days before the Exclusion/Objection deadline. The Settlement Administrator

27

shall post Class Counsel's fee petition to the Settlement Website within twenty-four hours of filing the fee petition with the Court.

8.3    The amount of the Fee Award approved by the Court shall be paid to Class Counsel from the Settlement Fund, and subject to the terms of this Settlement, no later than thirty days after the Effective Date.

8.4    Class Counsel shall apply to the Court for Service Awards for the Class Representatives in an amount to be determined and approved by the Court in its sole discretion. Class Counsel intends to request that Plaintiffs be awarded $5,000 each. If the Service Awards entered by the Court are less than those sought by Class Counsel, the difference will become part of the Settlement Class Recovery.

8.5    The Service Awards, if approved by the Court, shall be paid by the Settlement Administrator from the Settlement Fund, no later than thirty days after the Effective Date.

8.6    Defendants, Defendants' Counsel, and the Released Parties shall have no responsibility for, and no liability with respect to, the allocation or payment of attorneys' fees, litigation expenses, or Service Awards that the Court may award in this action or for any allocation or payment of any portion of the Settlement Fund to any other person who may assert some claim thereto.

**9.    TAXES**

9.1    Settlement Class Members, Class Representatives, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

9.2    Expenses Paid from Settlement Fund.  Any Settlement Administrator Expenses reasonably incurred by the Settlement Administrator in carrying out it duties, including fees of tax attorneys and accountants, will be paid from the Settlement Fund.

9.3    Responsibility for Taxes on Distribution.  Any Person that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed

or incurred by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Fund.

9.4    Payment Not Directed By or Incurred to Government: For purposes of assessing deductibility of any amounts to be paid by Defendants under the Settlement Agreement, it is expressly acknowledged by the Parties that such payments are not made or incurred (whether by suit, agreement, or otherwise) to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law, as contemplated by 26 U.S.C. § 162(f)(1).

9.5    Defendants are Not Responsible.  In no event will Defendants or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Representatives, Settlement Class Members, Class Counsel or any other person or entity.

**10.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

10.1    This Settlement Agreement shall not become effective unless and until each of the following events has occurred:

a.    This Agreement has been signed by Plaintiffs, Defendants, Class Counsel and Defendants' counsel;

b.    The Court has entered the Preliminary Approval Order; and

c.    The Court has entered the Final Approval Order and Judgment, following notice to the Settlement Class and a Final Approval Hearing, or a final approval order and judgment substantially consistent with this Agreement; and

d.    All appeals have been resolved or the time for filing any appeal has run.

10.2    If this Agreement is terminated or is not approved by the Court or an order approving the Agreement is reversed on appeal, the Parties shall be restored to their respective positions as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this

1  Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the

2  *status quo ante* with respect to the litigation as if this Agreement had never been entered into. If

3  the termination or failure to become effective occurs before the Preliminary Approval Order is

4  entered, the Parties agree that Defendants shall have no obligation to make any payment to the

5  escrow account and that any sums on deposit in the escrow account shall be returned to

6  Defendants. If the termination or failure to be approved occurs after the Initial Notice Deposit

7  has been made to the Settlement Administrator and charges have been incurred, then any sums

8  not necessary for incurred expenses, or already expended upon notice at the time of the

9  termination or failure to be approved shall be returned to Defendants.

10      10.3    Defendants have the option to terminate this Settlement Agreement and thereby

11  render the Settlement Agreement null and void, if (a) the Court fails to give preliminary approval

12  to this Settlement Agreement or any aspect of the Settlement, or fails to give final approval to

13  this Settlement Agreement or any aspect of the Settlement; (b) the Court modifies the

14  Agreement, the proposed Preliminary Approval Order or proposed Final Approval Order in a

15  way that Defendants reasonably consider to be material; (c) if 5% or more of the Settlement

16  Class submits valid and timely opt-out forms under Section 4.4; or (d) upon such other grounds

17  as may be agreed to by the Parties or permitted by the Court. Defendants' option to terminate

18  shall be communicated in writing to Class Counsel.

19  **11.    NO ADMISSION OF LIABILITY**

20      11.1    Defendants have denied and continue to deny any liability or wrongdoing of any

21  kind with respect to the claims that are or could have been alleged in the Complaint. Defendants

22  have denied and continue to deny that they violated the TCPA or are liable for others' purported

23  violations of the TCPA, or committed any other wrongful act or violation of law. It is

24  specifically understood and agreed that this Agreement does not constitute and is not to be

25  construed as an admission by Defendants of: (a) any fact or liability; (b) any violation of any

26  federal, state, local or common law, statute, policy or regulation, including but not limited to the

27  Telephone Consumer Protection Act and all other Released Claims; (c) the commission by

DocuSign Envelope ID: 82DCB130-4BD2-4354-A5E4-512P4BFC6349

1  Defendants of any other actionable wrong; and (d) the appropriateness of class certification for

2  purposes other than settlement.

3  **12.    POST-DISTRIBUTION ACCOUNTING**

4      12.1    Within twenty-one (21) days after the distribution of the settlement funds and

5  payment of attorneys' fees, the parties will file a Post-Distribution Accounting, summarized in

6  an easy-to-read chart that allows for quick comparison with other cases, which provides the

7  following information:

8          a.    The total Settlement Fund, the total number of Settlement Class Members,

9  the total number of Settlement Class Members to whom notice was sent and not returned as

10  undeliverable, the number and percentage of Claim Forms submitted, the number and percentage

11  of opt-outs, the number and percentage of objections, the average and median recovery per

12  claimant, the largest and smallest amounts paid to Settlement Class Members, the method(s) of

13  notice and the method(s) of payment to Settlement Class Members, the number and value of

14  checks not cashed, the amounts distributed to each *cy pres* recipient, the administrative costs, the

15  attorneys' fees and costs, the attorneys' fees in terms of percentage of the Settlement Fund, and

16  the multiplier, if any.

17          b.    The benefit that the injunctive relief described in Section 2.4 conferred on

18  the class.

19  **13.    MISCELLANEOUS PROVISIONS**

20      13.1    The Parties: (a) acknowledge that it is their intent to consummate this Settlement

21  Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

22  implement all terms and conditions of this Agreement. Class Counsel and Defendants' Counsel

23  agree to cooperate with one another in seeking Court approval of the Preliminary Approval

24  Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree

25  upon and execute all such other documentation as may be reasonably required to obtain final

26  approval of the Agreement.

27

13.2    To the extent that either side desires to issue a press release, they may only do so with the prior written approval of all other Parties. No press release or other public statements shall include statements disparaging either side, or statements suggesting that Defendants have been found to have violated any law, or that the settlement amounts to an admission of liability.

13.3    The Parties intend this Settlement Agreement to be a final and complete resolution of the disputes of Plaintiffs and the Settlement Class with Defendants with respect to the Released Claims and this litigation.

13.4    The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to its legal effect by their respective counsel and intend to be legally bound by the same.

13.5    The Settlement and this Agreement represent a negotiated compromise, and regardless of whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

a.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by a Class Representative, the deficiency of any defense that has been or could have been asserted in the litigation, the violation of any law or statute, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.    is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

c.     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiffs' or the Settlement Class's claims are with or without merit or that damages recoverable would have exceeded or would have been less than any particular amount.

13.6     Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof", "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

13.7     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.8     Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

13.9     Each counsel or Party executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

13.10     Plaintiffs hereby warrant and represent that they have not assigned any claim, right, or interest relating to the Released Claims to any other person or party and are fully entitled to release same.

13.11     This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

13.12   Neither this Settlement Agreement nor any of its provisions nor any of the referenced documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including the Defendants; and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in proceedings brought to enforce the terms of this Settlement Agreement or except as may be required expressly by law or court order. The provisions of this Section shall be binding regardless of whether this Settlement Agreement is approved by the Court, is terminated, or otherwise fails to become effective or whether the Settlement is rendered void for any reason.

13.13   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

13.14   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

13.15   By signing below, Class Counsel hereby represent and warrant that they do not represent any individuals other than the named Plaintiffs who currently intend to assert claims against Defendants with respect to calls or texts placed on behalf of Freedom, and additionally represent and warrant that they are not currently recruiting and have not recruited Plaintiffs to assert claims against Defendants with respect to calls or texts placed on behalf of Freedom.

13.16   Class Counsel acknowledge and agree that they will continue to abide and be bound by the terms of the Protective Order Concerning Plaintiffs' Use of Contact Information Produced by Defendants. Dkt. 99, 106.

13.17   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

1        13.18   The Parties agree that the Court will retain jurisdiction over any disputes

2    regarding the interpretation or implementation of this Agreement and the Settlement

3    memorialized herein.

4        IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

5    be executed.

6

7    **For Plaintiffs and the Settlement Class:**

8    *Daniel M. Berman*          Date: 5/31/2023
     *Daniel Berman*

9
10   *Stephanie Hernandez*       Date: 31/05/2023
     *Stephanie Hernandez*

11   *Erica Russell*             Date: 6/1/2023

12

13                              Date: May 31, 2023

14   *Beth E. Terrell*
     *Terrell Marshall Law Group PLLC*

15
16   *Edward Broderick*          Date: May 31, 2023
     *Broderick Law. P.C.*

17
18   *Matthew P. McCue*          Date: May 31, 2023
     by EAB / express written authorization
     *The Law Office of Matthew P. McCue*

19
20                              Date: May 31, 2023

21   *Anthony I. Paronich*
     *Paronich Law, P.C.*

22   **For Defendants**

23
                                Date: _____
24   *Freedom Financial Network, LLC &*
     *Freedom Debt Relief, LLC*

25
                                Date: _____
26   *Fluent, Inc.*

27


AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 33

1     13.18   The Parties agree that the Court will retain jurisdiction over any disputes

2  regarding the interpretation or implementation of this Agreement and the Settlement

3  memorialized herein.

4        IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

5  be executed.

6

*For Plaintiffs and the Settlement Class:*

7

8  _____          Date: _____

*Daniel Berman*
9

10 _____          Date: _____

*Stephanie Hernandez*
11

12 _____          Date: _____

*Erica Russell*
13

14 _____          Date: _____

*Beth E. Terrell*
*Terrell Marshall Law Group PLLC*
15

16 _____          Date: _____

*Edward Broderick*
*Broderick Law. P.C.*
17

18 _____          Date: _____

*Matthew P. McCue*
19 *The Law Office of Matthew P. McCue*

20 _____          Date: _____

*Anthony I. Paronich*
21 *Paronich Law, P.C.*

22 *For Defendants*

23 _____          Date: 5/31/2023

*Freedom Financial Network, LLC &*
24 *Freedom Debt Relief, LLC*

25

26 _____          Date: _____

*Fluent, Inc.*
27

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 33

13.18   The Parties agree that the Court will retain jurisdiction over any disputes regarding the interpretation or implementation of this Agreement and the Settlement memorialized herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

*For Plaintiffs and the Settlement Class:*

_____     Date: _____
*Daniel Berman*

_____     Date: _____
*Stephanie Hernandez*

_____     Date: _____
*Erica Russell*

_____     Date: _____
*Beth E. Terrell*
*Terrell Marshall Law Group PLLC*

_____     Date: _____
*Edward Broderick*
*Broderick Law. P.C.*

_____     Date: _____
*Matthew P. McCue*
*The Law Office of Matthew P. McCue*

_____     Date: _____
*Anthony I. Paronich*
*Paronich Law, P.C.*

*For Defendants*

_____     Date: _____
*Freedom Financial Network, LLC &*
*Freedom Debt Relief, LLC*

_____     Date: May 31, 2023
*Fluent, Inc.*

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 33

5/31/23

Date: _____

Lead Science, LLC

Date: _____

Jay Ramsey
Sheppard, Mullin, Richter & Hampton LLP

Lead Science, LLC

Date: _____

Jay Ramsey

Date: 5/31/23

Sheppard, Mullin, Richter & Hampton LLP

AMENDED CLASS ACTION SETTLEMENT AGREEMENT - 34